Charles A. Schultz, Pro Se
222 West 700 South
Brigham City, Utah 84302
Telephone: 435.225.2636

## DISTRICT COURT OF THE STATE OF UTAH
### FOURTH JUDICIAL DISTRICT
### WASATCH COUNTY

| | |
|---|---|
| CHARLES SCHULTZ, <br><br> Plaintiff, <br><br> vs. <br><br> MICHAEL AVERETT, HEATHER BATEMAN, KASEY BATEMAN, JAY BINKERD, JONATHAN BLOTTER, ERIC BUNKER, LYNN CRISLER, LAMBERT DEEGAN, MICHAEL DUGGIN, JOHN GLODOWSKI, DIANE GROSE, DANIEL HARVATH, KIM NORRIS, ED PRESSGROVE, LANCE TURNER, PAM SKINNER, LYNNE SCHINDURLING, FRANCIS SMITH, GARY WALTON, GARY WEIGHT, THE TOWNSHIP OF DANIEL, and John and/or JANE DOES 1 through 10, <br><br> Defendants. | **SUMMONS** <br> **(Ten Day)** <br><br><br> Civil Number: <br><br> Judge: |

**STATE OF UTAH TO THE ABOVE-NAMED DEFENDANT:**

LYNNE SCHINDURLING, after service of this summons, you must file your written answer with

the clerk of the court at the following address: 1361 South Highway 40. Heber City, Utah 84032, and

you  must mail or deliver a copy to Charles Schultz at the address listed above. If you fail to do so,

judgment by default may be taken against you for the relief demanded in the complaint. Within 10 business

-2-

days after service of this summons on you, the complaint will be filed with the clerk of the court. If the complaint is not filed with the court within 10 business days after service of this summons upon you, then you do not need to file an answer to the complaint. You may call the clerk of the court at 801-238-7300 at least 13 days after service of this summons upon you to determine if the complaint has been filed.

Dated this 7th day of September 2015.

/S/ *Charles A. Schultz*

Charles A. Schultz, Pro Se
222 West 700 South
Brigham City, Utah 84302
Telephone: 435.225.2636

## DISTRICT COURT OF THE STATE OF UTAH
## FOURTH JUDICIAL DISTRICT
## WASATCH COUNTY

| | |
|---|---|
| CHARLES SCHULTZ,<br><br>       Plaintiff,<br><br>vs.<br><br>MICHAEL AVERETT, HEATHER BATEMAN, KASEY BATEMAN, JAY BINKERD, JONATHAN BLOTTER, ERIC BUNKER, LYNN CRISLER, LAMBERT DEEGAN, MICHAEL DUGGIN, JOHN GLODOWSKI, DIANE GROSE, DANIEL HARVATH, KIM NORRIS, ED PRESSGROVE, LANCE TURNER, PAM SKINNER, LYNNE SCHINDURLING FRANCIS SMITH, GARY WALTON, THE TOWNSHIP OF DANIEL, AND GARY WEIGHT, and John and/or JANE DOES 1 through 10,<br><br>       Defendants. | **COMPLAINT**<br><br>Civil Number:<br><br>Judge: |

COMES NOW, Charles Schultz, and complains of, and alleges against the defendants for cause as follows:

## PARTIES

1. Mr. Schultz is a resident of Box Elder County, State of Utah.

2.   To the best of Mr. Schultz's knowledge, and belief, after reasonable research, he asserts that defendants:  Michael Averett, Heather Bateman, Kasey Bateman, Jay Binkerd, Jonathan Blotter, Eric Bunker, Lambert Deegan, Michael Duggin, John Glodowski, Diane Grose, Daniel Harvath, Kim Norris, Ed Pressgrove, Lance Turner, Lynne Schindurling, Pam Skinner, Francis Smith, Gary Walton, and Gary Weight are residents of Wasatch County, state of Utah.

3.   To the best of Mr. Schultz's knowledge, and belief, after reasonable search, he asserts that Lynn Crisler is a resident of Utah County.

4.   The Township of Daniel is a township, incorporated under the laws of the state of Utah, existing in Wasatch County.

## JURISDICTION AND VENUE

5.   The real property that is the subject of this litigation is located in Wasatch County, state of Utah.

6.   The actions, and/or omissions, complained of, in this Complaint, occurred in Wasatch County, state of Utah.

7.   Jurisdiction is vested in this Court pursuant to the provisions of UCA §78A-5-102(1).

8.   Venue is properly laid in the Fourth Judicial District Court of Wasatch County pursuant to the provisions of UCA §78B-3-307(1)(b).

## GENERAL ALLEGATIONS

9.   In 1977, Roscoe D. Baker and Marthela D. Baker owned a 26.93 +/- acre parcel of property in Wasatch County.

10.   The property now owned by Mr. Schultz, was a part of that 26.93 +/- acre parcel, at that time.

-2-

11.   Roscoe D. Baker and Marthela D. Baker constructed a home on the property in 1977.

12.   On September 28, 1979, Roscoe D. Baker and Marthela D. Baker conveyed the 26.93 +/- acre parcel, and home, to William H. Barber and Janice M. Barber.

13.   On September 3, 1986, William H. Barber conveyed a 7.44 +/- acre parcel, of the referenced 26.93 parcel, to Janice M. Barber.

14.   Mr. Schultz purchased 3.71 +/- acres of the 7.44 +/- acre parcel, which included the home, conveyed to Janice Barber on September 3, 1986, from her on June 1, 1999.

15.   3.72 +/- acre, of the 7.44 +/- acre parcel, that was conveyed to Janice M. Barber on September 3, 1986, was previously conveyed to the Dixons, or their predecessors in interest.

16.   The remaining acreage of the 26.93 +/- acre parcel, was divided, and conveyed, as follows:

3.73 +/- acres was conveyed to the predecessors in interest of the McAllisters;

3.73 +/- acres was conveyed to the Millers, or their predecessors in interest;

2.74 +/- acres was conveyed to the Pressgroves, or their predecessors in interest;

1.07 +/- acres was conveyed to the Johnsons, or their predecessors in interest;

1.07 +/- acres was conveyed to the Ingels, or their predecessors in interest;

2.09 +/- acres was conveyed to the Johnsons, or their predecessors in interest;

2.09 +/- acres was conveyed to the Stouts, or their predecessors in interest;

3.23+/- acres was conveyed to the Thompsons, or their predecessors in interest

3.73 +/- acres was conveyed to the predecessors in interest of the McAllisters;

3.73 +/- acres was conveyed to the Millers, or their predecessors in interest;

2.74 +/- acres was conveyed to the Pressgroves, or their predecessors in interest;

1.07 +/- acres was conveyed to the Johnsons, or their predecessors in interest;

1.07 +/- acres was conveyed to the Ingels, or their predecessors in interest;

-3-

2.09 +/- acres was conveyed to the Johnsons, or their predecessors in interest;

2.09 +/- acres was conveyed to the Stouts, or their predecessors in interest;

3.23+/- acres was conveyed to the Thompsons, or their predecessors in interest.

17.   At the time the referenced conveyances were made, all of the property was zoned RA by Wasatch County, and was a part of Wasatch County, as the Township of Daniel did not yet exist.

18.   The home, on Mr. Schultz's property, was destroyed by fire on May 1, 2002.

19.   At the time Mr. Schultz' home was destroyed by fire it was zoned RA (residential/agriculture).

20.   The Township of Daniel filed articles of incorporation, with the Wasatch County Recorder, on or about March 14, 2006.

21.   Mr. Schultz obtained clear title to the property on September 1, 2006, after litigating a lawsuit against Novastar Mortgage, to clear title to the property.

22.   From September 1, 2006, through the present date Mr. Schultz has continually marketed the property as a residential building lot.

23.   Unbeknownst to Mr. Schultz, the area in Wasatch County, known as Daniel, became a township in 2006.

24.   Mr. Schultz never received any notice that the area in Wasatch County, known as Daniel, was considering becoming a township.

25.   Mr. Schultz did not know that the area in Wasatch County, known as Daniel, had become a township until April or May of 2014.

26.   Mr. Schultz never received any notice, from anyone, purporting to represent the planned Township of Daniel, or advocating for the creation of the Township of Daniel, that the area in Wasatch County, commonly known as "Daniel," was considering filing an application to become a township.

27.   In April or May of 2014, Mr. Schultz contacted Lynne Schindurling, the Recorder, and Clerk

-4-

of the Township of Daniel, who told him a home could not be constructed on his property, because the Township of Daniel had passed Daniel Township Code, Section 8.22.03, that states that Mr. Schultz could not build a new home on his property, because he did not construct a new home on his property, within one year after the home on the property was destroyed by fire, on May 1, 2002, even though the Township of Daniel did not exist until 2006, and did not enact its township code until 2006, at the earliest, unless Mr. Schultz could provide the Township of Daniel with a document called a "lot of record."

28. Schindurling previously told Robert Pett, who was assisting Mr. Schultz in selling his property, that a new home could not be constructed on Mr. Schultz's property, because the Township of Daniel had passed Daniel Township Code, Section 8.22.03, that states that Mr. Schultz could not build a home on his property, unless Mr. Schultz could provide a document called a "lot of record," because he did not construct a home on his property within one year after the home on the property was destroyed by fire, on May 1, 2002, even though the Township of Daniel did not become a township, and did not exist, and did not enact its township code until 2006, at the earliest.

29. At approximately the same time, Schindurling told Mr. Pett that a home could not be constructed on Mr. Schultz's property, Schindurling told Bobby Joe Wilkerson that a home could not be constructed on Mr. Schultz's proper, unless Mr. Schultz could provide a document called a "lot of record," because he did not construct a home on his property within one year after the home on the property was destroyed by fire, on May 1, 2002, even though the Township of Daniel did not exist, and did not enact its township code until 2006, at the earliest.

30. Eric Bunker also told Mr. Pett, and Mr. Schultz, that a home could not be constructed on Mr. Schultz' property, unless Mr. Schultz could provide him with a document called a "lot of record," because he did not construct a home on his property within one year after the home on the property was destroyed by fire, on May 1, 2002, even though the Township of Daniel did not exist in 2002, and did not enact its

township code until 2006, at the earliest.

31. Bunker, Schindurling, and others, representing the Township of Daniel, have told numerous people who were interested in purchasing Mr. Schultz' property, that they could not build a home on the property.

32. Mr. Schultz provided Mayor Lance Turner with proof that the home, that existed on his property until it was destroyed on May 1, 2002, was lawfully constructed in 1977, and complied with the zoning, and building, requirements in effect in Wasatch County during 1977.

33. In 1977, when the home was constructed on Mr. Schultz's property, the zoning for Mr. Schultz's property was RA. The zoning remained RA until 2002, when Wasatch County changed it to RA-5, (residential/agriculture, five acre minimum).

34. However, even though Wasatch County rezoned Mr. Schultz's property from RA, residential/agriculture, five to RA5, residential/agriculture, five acre minimum, in 2002, it continued to consider the property residential property, upon which a home could be constructed, until 2006, because the property was grand-fathered as a residential building lot.

35. If Mr. Schultz's property was located in Wasatch County, rather than Daniel, a representative of the Wasatch County Zoning and Planning Department stated it would still be considered a residential building lot, upon which a home can be constructed, because the property was grand-fathered as a residential building lot.

36. On September 15, 2014, Mr. Schultz sent Shindurling a letter, asking her to have someone at the Township of Daniel, with the authority to do so, send him a letter stating that a building permit could not be issued for his property, located at 815 West, 3000 South, in the Township of Daniel.

37. Shindurling never responded to that letter. Therefore, on September 25, 2014, Mr. Schultz sent Mayor Turner a letter, asking him to have someone at the Township of Daniel, with the authority to

-6-

do so, send him a letter stating that a building permit cannot be issued for his property located at 815 West, 3000 South, in the Township of Daniel.

38. On September 23, 2014, Mayor Turner sent Mr. Schultz a letter telling him that neither he, nor anyone else representing the Township of Daniel, would provide Mr. Schultz with a letter stating that a home cannot be built on his property.

39. On November 5, 2014, Mr. Schultz sent Shindurling a letter, asking her to schedule time at the next Daniel Township Council meeting so he could address the Council concerning his property, as Mayor Turner suggested in his September 23, 2014, letter.

40. In response to the November 5, 2014, letter, Shindurling called Mr. Schultz and left a voice mail stating that she would not schedule time on the council meeting for Mr. Schultz to address the Daniel Township Council concerning his property, because he had not provided the Township of Daniel, a nonexistent "lot of record."

41. Mr. Schultz contacted the Wasatch County Zoning and Planning Department and requested a "Lot of Record," for his property. However, the Wasatch County Zoning and Planning Department told Mr. Schultz that there is no such document as a "Lot of Record," and sent him an email so stating.

42. In 2007, the Township of Daniel rezoned Mr. Schultz's property from a residential lot, upon which a home may be constructed, to simply a lot, upon which no home may be constructed.

43. Mr. Schultz' property, under its present zoning, i.e., simply an agriculture lot, is virtually worthless, as no one can build a home on it, and 3.71 acres is not large enough for any type of agriculture use.

44. Though the Township of Daniel, Eric Bunker, Jonathan Blotter, Lynn Crisler, Gary Walton, Francis Smith, and Michael Averett unlawfully rezoned his property from a residential building lot, to simply a lot, they never informed Mr. Schultz, or Wasatch County, that they had rezoned his property.

45. Wasatch County assessed Mr. Schultz's property as a residential lot, rather than simply a lot, from 2007 through 2013.

46. As a result of being told by Bunker, Schindurling, and others, representing the Daniel Township, that they cannot build a home on Mr. Schultz's property, the numerous individuals who were interested in purchasing his property, did not purchase the property.

47. On March 10, 2015, Eric Bunker sent Mr. Schultz a letter telling him that the Township of Daniel will not issue a building permit on his land because he has failed to provide the Township of Daniel with a nonexistent "lot of record."

48. On April 14, 2015, the Wasatch County Assessor agreed that Mr. Schultz's property is in fact simply an agricultural lot, upon which a residence cannot be built, rather than a residential lot, upon which a residence can be built, and agreed to recalculate the taxes on his property, based on its proper designation as simply an agricultural lot, by the Township of Daniel.

49. Mr. Schultz's property was just the same on April 14, 2015, as it was from 2006 through April 14, 2014, i.e., simply an agricultural lot, upon which a residence cannot be built, rather than a residential lot, as it was taxed from 2006 through 2013.

50. In 2006, the Township of Daniel unlawfully rezoned Mr. Schultz's property from a residential lot, upon which a home can be constructed, to simply an agricultural lot, upon which no home may be constructed.

51. However, the Township of Daniel failed to inform Mr. Schultz, or Wasatch County, that it had rezoned Mr. Schultz's property from a residential lot, upon which a home can be constructed, to simply an agricultural lot, upon which no home may be constructed.

52. Because the Township of Daniel failed to inform Wasatch County, that it had rezoned Mr. Schultz's property from a residential lot, upon which a home can be constructed, to simply an agricultural

lot, upon which no home may be constructed, Wasatch County continued to tax Mr. Schultz's property as if it were a residential lot, upon which a home can be constructed, rather than taxing it as simply an agricultural lot.

53. Because the Township of Daniel failed to inform Mr. Schultz, that it had rezoned his property from a residential lot, upon which a home can be constructed, to simply an agricultural lot, upon which no home may be constructed, Mr. Schultz continued to pay taxes on his property as if it was a residential lot, upon which a home can be constructed.

54. Because the Township of Daniel failed to inform Mr. Schultz, that it had rezoned his property from a residential lot, upon which a home can be constructed, to simply an agricultural lot, upon which no home may be constructed, and because Mr. Schultz continued to pay taxes on his property as if it was a residential lot, upon which a home can be constructed,  Mr. Schultz overpaid his taxes to the Township of Daniel.

55. The Township of Daniel knew that Mr. Schultz was overpaying his taxes, yet fraudulently, and unlawfully, continued to accept Mr. Schultz's overpayment of taxes, knowing that he was paying taxes on his property as if it was a residential lot, upon which a home can be constructed, rather than simply an agricultural lot, upon which no home may be constructed.

56. From 2006 through 2013, the Township of Daniel fraudulently collected taxes from Mr. Schultz as if it was a residential lot upon which a home can be constructed, rather than simply an agricultural lot, upon which no home may be constructed.

57. On March 30, 2015, Mr. Schultz sent the Township of Daniel, a Notice of Claim of claims against the Township of Daniel, Michael Averett, Heather Bateman, Kasey Bateman, Jay Binkerd, Jonathan Blotter, Eric Bunker, Lambert Deegan, Lynn Crisler, Michael Duggin, John Glodowski, Diane Grose, Daniel Harvath, Kim Norris, Ed Pressgrove, Lance Turner, Lynne Schindurling, Pam Skinner,

-9-

Francis Smith, Gary Walton, and Gary Weight.  A copy of that Notice is attached to this Complaint as Exhibit 1.

58.  On March 30, 2015, Lynne Schindurling signed a receipt for certified mail containing the Notice of Claim.  A copy of the return of service for the certified mail is attached to this Complaint as Exhibit 2.

### FIRST CAUSE OF ACTION
(Unlawful Taking of Property, in Violation of the Fifth and Fourteenth Amendments to The Constitution of the United States)

Against: Michael Averett, Jonathan Blotter, Eric Bunker, Lynn Crisler, Lambert Deegan, Michael Duggin, Diane Grose, Daniel Harvath, Francis Smith, the Township of Daniel and Gary Walton.

59.  Mr. Schultz reasserts paragraphs 9 through 58 of this Complaint, and incorporates them herein by this reference.

60.  The Township of Daniel, Michael Averett, Jonathan Blotter, Eric Bunker, Lynn Crisler, Lambert Deegan, Michael Duggin, Diane Grose, Daniel Harvath, Francis Smith, and Gary Walton unlawfully rezoned Mr. Schultz's property from a residential lot, upon which a home can be constructed, to simply an agricultural lot, upon which no home may be constructed.

61.  The rezoning of Mr. Schultz's property to simply an agricultural lot, upon which no home may be constructed, from a residential lot upon which a home can be constructed, constitutes an unlawful taking of Mr. Schultz's property in violation of the provisions of the Fifth and Fourteenth Amendments to The Constitution of The United States, on the part of the Township of Daniel, Michael Averett, Jonathan Blotter, Eric Bunker, Lynn Crisler, Lambert Deegan, Michael Duggin, Diane Grose, Daniel Harvath, Francis Smith, and Gary Walton.

62.  As a direct and proximate result of the Township of Daniel, Michael Averett, Jonathan Blotter, Eric Bunker, Lynn Crisler, Lambert Deegan, Michael Duggin, Diane Grose, Daniel Harvath,

Francis Smith, and Gary Walton's violation of Mr. Shultz's rights, guaranteed by the provisions of the Fifth and Fourteenth Amendments to The Constitution of The United States, Mr. Schultz has been damaged in an amount to be proven at trial of this matter, but not less than $400,000.00, plus interest on the $400,000.00, and costs incurred in prosecuting this case.

63.  The Township of Daniel, Michael Averett, Jonathan Blotter, Eric Bunker, Lynn Crisler, Lambert Deegan, Michael Duggin, Diane Grose, Daniel Harvath, Francis Smith, and Gary Walton, knowingly, intentionally, and maliciously rezoned Mr. Schultz's property from a residential lot, upon which a home can be constructed, to simply an agricultural lot, upon which no home may be constructed, thus unlawfully taking Mr. Schultz's property, and violating his rights guaranteed him by the provisions of the Fifth and Fourteenth Amendments to The Constitution of The United States.

64.  Because Michael Averett, Jonathan Blotter, Eric Bunker, Lynn Crisler, Lambert Deegan, Michael Duggin, Diane Grose, Daniel Harvath, Francis Smith, and Gary Walton's, rezoning of Mr. Schultz's property from a residential lot, upon which a home can be constructed, to simply an agricultural lot, upon which no home may be constructed, thus unlawfully taking his property, and violating his rights guaranteed him by the provisions of the Fifth and Fourteenth Amendments to The Constitution of The United States was knowing, intentional and malicious, Mr. Schultz is entitled to recover punitive damages against Michael Averett, Jonathan Blotter, Eric Bunker, Lynn Crisler, Lambert Deegan, Michael Duggin, Diane Grose, Daniel Harvath, Francis Smith, and Gary Walton.

### SECOND CAUSE OF ACTION
(Unlawful Taking of Property, in Violation of Article 1, Section 7, of the Constitution of Utah)

Against:  Michael Averett, Jonathan Blotter, Eric Bunker, Lynn Crisler, Lambert Deegan, Michael Duggin, Diane Grose, Daniel Harvath, Francis Smith, the Township of Daniel, and Gary Walton.

65.  Mr. Schultz reasserts paragraphs 9 through 58 of this Complaint, and incorporates them herein

by this reference.

66. The Township of Daniel, Michael Averett, Jonathan Blotter, Eric Bunker, Lynn Crisler, Lambert Deegan, Michael Duggin, Diane Grose, Daniel Harvath, Francis Smith, and Gary Walton unlawfully rezoned Mr. Schultz's property from a residential lot, upon which a home can be constructed, to simply an agricultural lot, upon which no home may be constructed.

67. The rezoning of Mr. Schultz's property to simply an agricultural lot, upon which no home may be constructed, from a residential lot upon which a home can be constructed, constitutes an unlawful taking of Mr. Schultz's property in violation of the provisions Violation of Article 1, Section 7, of the Constitution of Utah, on the part of the Township of Daniel, Michael Averett, Jonathan Blotter, Eric Bunker, Lynn Crisler, Lambert Deegan, Michael Duggin, Diane Grose, Daniel Harvath, Francis Smith, and Gary Walton.

68. As a direct and proximate result of the Township of Daniel, Michael Averett, Jonathan Blotter, Eric Bunker, Lynn Crisler, Lambert Deegan, Michael Duggin, Diane Grose, Daniel Harvath, Francis Smith, and Gary Walton's violation of Mr. Shultz's rights, guaranteed by the provisions of Article 1, Section 7, of the Constitution of Utah, Mr. Schultz has been damaged in an amount to be proven at trial of this matter, but not less than $400,000.00, plus interest on the $400,000.00, and costs incurred in prosecuting this case.

69. The Township of Daniel, Michael Averett, Jonathan Blotter, Eric Bunker, Lynn Crisler, Lambert Deegan, Michael Duggin, Diane Grose, Daniel Harvath, Francis Smith, and Gary Walton, knowingly, intentionally, and maliciously rezoned Mr. Schultz's property from a residential lot, upon which a home can be constructed, to simply an agricultural lot, upon which no home may be constructed, thus unlawfully taking his property, and violating his rights guaranteed him by the provisions of Article 1, Section 7, of the Constitution of Utah.

-12-

70.  Because Michael Averett, Jonathan Blotter, Eric Bunker, Lynn Crisler, Lambert Deegan, Michael Duggin, Diane Grose, Daniel Harvath, Francis Smith, and Gary Walton's, rezoning of Mr. Schultz's property from a residential lot, upon which a home can be constructed, to simply an agricultural lot, upon which no home may be constructed, thus unlawfully taking his property, and violating his rights guaranteed him by Article 1, Section 7, of the Constitution of Utah, was knowing, intentional and malicious, Mr. Schultz is entitled to recover punitive damages against Michael Averett, Jonathan Blotter, Eric Bunker, Lynn Crisler, Lambert Deegan, Michael Duggin, Diane Grose, Daniel Harvath, Francis Smith, and Gary Walton.

**THIRD CAUSE OF ACTION**
(Violation of Due Process, as Guaranteed by the Fifth and Fourteenth Amendments
to The Constitution of the United States)

Against: Michael Averett, Jonathan Blotter, Eric Bunker, Lynn Crisler, Lambert Deegan, Michael Duggin, Diane Grose, Daniel Harvath, Francis Smith, the Township of Daniel, and Gary Walton.

71.  Mr. Schultz reasserts paragraphs 9 through 58 of this Complaint, and incorporates them herein by this reference.

72.  The Township of Daniel, Michael Averett, Jonathan Blotter, Eric Bunker, Lynn Crisler, Lambert Deegan, Michael Duggin, Diane Grose, Daniel Harvath, Francis Smith, and Gary Walton unlawfully rezoned Mr. Schultz's property from a residential lot, upon which a home can be constructed, to simply an agricultural lot, upon which no home may be constructed.

73.  The Township of Daniel, Michael Averett, Jonathan Blotter, Eric Bunker, Lynn Crisler, Lambert Deegan, Michael Duggin, Diane Grose, Daniel Harvath, Francis Smith, and Gary Walton rezoned Mr. Schultz' property without providing him any notice, of any type whatsoever, that they were planning to rezone his property.

74.  The rezoning of Mr. Schultz's property to simply an agricultural lot, upon which no home may

-13-

be constructed, from a residential lot upon which a home can be constructed, without providing him any notice, of any nature whatsoever, constitutes a violation of due process, as Guaranteed to Mr. Schultz, by The Fifth and Fourteenth Amendments to The Constitution of The United States, on the part of the Township of Daniel, Michael Averett, Jonathan Blotter, Eric Bunker, Lynn Crisler, Lambert Deegan, Michael Duggin, Diane Grose, Daniel Harvath, Francis Smith, and Gary Walton.

75.   As a direct and proximate result of the Township of Daniel, Michael Averett, Jonathan Blotter, Eric Bunker, Lynn Crisler, Lambert Deegan, Michael Duggin, Diane Grose, Daniel Harvath, Francis Smith, and Gary Walton's violation of Mr. Schultz's due process rights, Guaranteed to him, by The Fifth and Fourteenth Amendments to The Constitution of The United States, Mr. Schultz has been damaged in an amount to be proven at trial of this matter, but not less than $400,000.00, plus interest on the $400,000.00, and costs incurred in prosecuting this case.

76.   The Township of Daniel, Michael Averett, Jonathan Blotter, Eric Bunker, Lynn Crisler, Lambert Deegan, Michael Duggin, Diane Grose, Daniel Harvath, Francis Smith, and Gary Walton, knowingly, intentionally, and maliciously rezoned Mr. Schultz's property from a residential lot, upon which a home can be constructed, to simply an agricultural lot, upon which no home may be constructed, without any notice to Mr. Schultz that they were rezoning his property, thus unlawfully taking his property, without due process and violating his rights guaranteed him by the provisions of the Fifth and Fourteenth Amendments to The Constitution of The United States.

77.   Because Michael Averett, Jonathan Blotter, Eric Bunker, Lynn Crisler, Lambert Deegan, Michael Duggin, Diane Grose, Daniel Harvath, Francis Smith, and Gary Walton's, rezoning of Mr. Schultz's property from a residential lot, upon which a home can be constructed, to simply an agricultural lot, upon which no home may be constructed, thus unlawfully taking his property, and violating his rights guaranteed him, by of the Fifth and Fourteenth Amendments to The Constitution of The United States, was

-14-

knowing, intentional and malicious, Mr. Schultz is entitled to recover punitive damages against Michael Averett, Jonathan Blotter, Eric Bunker, Lynn Crisler, Lambert Deegan, Michael Duggin, Diane Grose, Daniel Harvath, Francis Smith, and Gary Walton.

### FOURTH CAUSE OF ACTION
(Violation of Due Process, in Violation of Article 1, Section 7, of the Constitution of Utah)

Against: Michael Averett, Jonathan Blotter, Eric Bunker, Lynn Crisler, Lambert Deegan, Michael Duggin, Diane Grose, Daniel Harvath, Francis Smith, the Township of Daniel, and Gary Walton.

78.   Mr. Schultz reasserts paragraphs 9 through 58 of this Complaint, and incorporates them herein by this reference.

79.   The Township of Daniel, Michael Averett, Jonathan Blotter, Eric Bunker, Lynn Crisler, Lambert Deegan, Michael Duggin, Diane Grose, Daniel Harvath, Francis Smith, and Gary Walton unlawfully rezoned Mr. Schultz's property from a residential lot, upon which a home can be constructed, to simply an agricultural lot, upon which no home may be constructed.

80.   The Township of Daniel, Michael Averett, Jonathan Blotter, Eric Bunker, Lynn Crisler, Lambert Deegan, Michael Duggin, Diane Grose, Daniel Harvath, Francis Smith, and Gary Walton rezoned Mr. Schultz' property without providing him any notice, of any type whatsoever, that they were planning to rezone his property.

81.   The rezoning of Mr. Schultz's property to simply an agricultural lot, upon which no home may be constructed, from a residential lot upon which a home can be constructed, without providing him any notice, of any nature whatsoever, constitutes a violation of due process, as Guaranteed to Mr. Schultz, by Article 1, Section 7, of the Constitution of Utah, on the part of the Township of Daniel, Michael Averett, Jonathan Blotter, Eric Bunker, Lynn Crisler, Lambert Deegan, Michael Duggin, Diane Grose, Daniel Harvath, Francis Smith, and Gary Walton.

-15-

82. As a direct and proximate result of the Township of Daniel, Michael Averett, Jonathan Blotter, Eric Bunker, Lynn Crisler, Lambert Deegan, Michael Duggin, Diane Grose, Daniel Harvath, Francis Smith, and Gary Walton's violation of Mr. Schultz's due process rights, in Violation of Article 1, Section 7, of the Constitution of Utah, Mr. Schultz has been damaged in an amount to be proven at trial of this matter, but not less than $400,000.00, plus interest on the $400,000.00, and costs incurred in prosecuting this case.

83. The Township of Daniel, Michael Averett, Jonathan Blotter, Eric Bunker, Lynn Crisler, Lambert Deegan, Michael Duggin, Diane Grose, Daniel Harvath, Francis Smith, and Gary Walton, knowingly, intentionally, and maliciously rezoned Mr. Schultz's property from a residential lot, upon which a home can be constructed, to simply an agricultural lot, upon which no home may be constructed, without any notice to Mr. Schultz that they were rezoning his property, thus unlawfully taking his property, without due process, and violating his rights guaranteed him by the provisions of Article 1, Section 7, of the Constitution of Utah.

84. Because Michael Averett, Jonathan Blotter, Eric Bunker, Lynn Crisler, Lambert Deegan, Michael Duggin, Diane Grose, Daniel Harvath, Francis Smith, and Gary Walton's, rezoning of Mr. Schultz's property from a residential lot, upon which a home can be constructed, to simply an agricultural lot, upon which no home may be constructed, thus unlawfully taking his property, and violating his rights guaranteed him, by Article 1, Section 7, of the Constitution of Utah, was knowing, intentional and malicious, Mr. Schultz is entitled to recover punitive damages against Michael Averett, Jonathan Blotter, Eric Bunker, Lynn Crisler, Lambert Deegan, Michael Duggin, Diane Grose, Daniel Harvath, Francis Smith, and Gary Walton.

-16-

**FIFTH CAUSE OF ACTION**
(Unlawful Taking of Property, in Violation of Utah Code §17-27a-510)

Against:   Michael Averett, Jonathan Blotter, Eric Bunker, Lynn Crisler, Lambert Deegan, Michael Duggin, Diane Grose, Daniel Harvath, Francis Smith, the Township of Daniel, and Gary Walton.

85.   Mr. Schultz reasserts paragraphs 9 through 58 of this Complaint, and incorporates them herein by this reference.

86.   The Township of Daniel, Michael Averett, Jonathan Blotter, Eric Bunker, Lynn Crisler, Lambert Deegan, Michael Duggin, Diane Grose, Daniel Harvath, Francis Smith, and Gary Walton unlawfully rezoned Mr. Schultz's property from a residential lot, upon which a home can be constructed, to simply an agricultural lot, upon which no home may be constructed.

87.   The Township of Daniel, Michael Averett, Jonathan Blotter, Eric Bunker, Lynn Crisler, Lambert Deegan, Michael Duggin, Diane Grose, Daniel Harvath, Francis Smith, and Gary Walton rezoned Mr. Schultz' property without providing him any notice, of any type whatsoever, that they were planning to rezone his property.

88.   The rezoning of Mr. Schultz's property to simply an agricultural lot, upon which no home may be constructed, from a residential lot upon which a home can be constructed, without providing him any notice, of any nature whatsoever, constitutes an unlawful taking of Mr. Schultz's property, in violation of Utah Code §17-27a-510, on the part of the Township of Daniel, Michael Averett, Jonathan Blotter, Eric Bunker, Lynn Crisler, Lambert Deegan, Michael Duggin, Diane Grose, Daniel Harvath, Francis Smith, and Gary Walton.

89.   As a direct and proximate result of the Township of Daniel, Michael Averett, Jonathan Blotter, Eric Bunker, Lynn Crisler, Lambert Deegan, Michael Duggin, Diane Grose, Daniel Harvath, Francis Smith, and Gary Walton's unlawful taking of Mr. Schultz's property, in violation of Utah Code §17-27a-510, Mr. Schultz has been damaged in an amount to be proven at trial of this matter, but not less

than $400,000.00, plus interest on the $400,000.00, and costs incurred in prosecuting this case.

90. The Township of Daniel, Michael Averett, Jonathan Blotter, Eric Bunker, Lynn Crisler, Lambert Deegan, Michael Duggin, Diane Grose, Daniel Harvath, Francis Smith, and Gary Walton, knowingly, intentionally, and maliciously rezoned Mr. Schultz's property from a residential lot, upon which a home can be constructed, to simply an agricultural lot, upon which no home may be constructed, in violation of Utah Code §17-27a-510.

91. Because Michael Averett, Jonathan Blotter, Eric Bunker, Lynn Crisler, Lambert Deegan, Michael Duggin, Diane Grose, Daniel Harvath, Francis Smith, and Gary Walton's, rezoning of Mr. Schultz's property from a residential lot, upon which a home can be constructed, to simply an agricultural lot, upon which no home may be constructed, thus unlawfully taking his property, and violating his rights guaranteed him by Utah Code §17-27a-510, was knowing, intentional and malicious, Mr. Schultz is entitled to recover punitive damages against Michael Averett, Jonathan Blotter, Eric Bunker, Lynn Crisler, Lambert Deegan, Michael Duggin, Diane Grose, Daniel Harvath, Francis Smith, and Gary Walton.

## SIXTH CAUSE OF ACTION
(Unlawful Taking of Property, in Violation of Daniel Township Code, Section 8.22.07)

Against:  Michael Averett, Jonathan Blotter, Eric Bunker, Lynn Crisler, Lambert Deegan, Michael Duggin, Diane Grose, Daniel Harvath, Francis Smith, the Township of Daniel, and Gary Walton.

92. Mr. Schultz reasserts paragraphs 9 through 58 of this Complaint, and incorporates them herein by this reference.

93. The Township of Daniel, Michael Averett, Jonathan Blotter, Eric Bunker, Lynn Crisler, Lambert Deegan, Michael Duggin, Diane Grose, Daniel Harvath, Francis Smith, and Gary Walton unlawfully rezoned Mr. Schultz's property from a residential lot, upon which a home can be constructed, to simply an agricultural lot, upon which no home may be constructed.

-18-

94. The Township of Daniel, Michael Averett, Jonathan Blotter, Eric Bunker, Lynn Crisler, Lambert Deegan, Michael Duggin, Diane Grose, Daniel Harvath, Francis Smith, and Gary Walton rezoned Mr. Schultz' property without providing him any notice, of any type whatsoever, that they were planning to rezone his property.

95. The rezoning of Mr. Schultz's property to simply an agricultural lot, upon which no home may be constructed, from a residential lot upon which a home can be constructed, without providing him any notice, of any nature whatsoever, constitutes an unlawful taking of Mr. Schultz's property, in violation of Daniel Township Code, Section 8.22.07, on the part of the Township of Daniel, Michael Averett, Jonathan Blotter, Eric Bunker, Lynn Crisler, Lambert Deegan, Michael Duggin, Diane Grose, Daniel Harvath, Francis Smith, and Gary Walton.

96. As a direct and proximate result of the Township of Daniel, Michael Averett, Jonathan Blotter, Eric Bunker, Lynn Crisler, Lambert Deegan, Michael Duggin, Diane Grose, Daniel Harvath, Francis Smith, and Gary Walton's unlawful taking of Mr. Schultz's property, in violation of Daniel Township Code, Section 8.22.07, Mr. Schultz has been damaged in an amount to be proven at trial of this matter, but not less than $400,000.00, plus interest on the $400,000.00, and costs incurred in prosecuting this case.

97. The Township of Daniel, Michael Averett, Jonathan Blotter, Eric Bunker, Lynn Crisler, Lambert Deegan, Michael Duggin, Diane Grose, Daniel Harvath, Francis Smith, and Gary Walton, knowingly, intentionally, and maliciously rezoned Mr. Schultz's property from a residential lot, upon which a home can be constructed, to simply an agricultural lot, upon which no home may be constructed, in violation of Daniel Township Code, Section 8.22.07.

98. Because Michael Averett, Jonathan Blotter, Eric Bunker, Lynn Crisler, Lambert Deegan, Michael Duggin, Diane Grose, Daniel Harvath, Francis Smith, and Gary Walton, unlawfully rezoned

Mr. Schultz's property from a residential lot, upon which a home can be constructed, to simply an

agricultural lot, upon which no home may be constructed, thus unlawfully taking his property, in violation

of Daniel Township Code, Section 8.22.07, was knowing, intentional and malicious, Mr. Schultz is entitled

to recover punitive damages against Michael Averett, Jonathan Blotter, Eric Bunker, Lynn Crisler,

Lambert Deegan, Michael Duggin, Diane Grose, Daniel Harvath, Francis Smith, and Gary Walton.

## SEVENTH CAUSE OF ACTION
(Unlawful Taking of Property, in Violation of Daniel Township Code, Section 8.22.08)

Against: Michael Averett, Jonathan Blotter, Eric Bunker, Lynn Crisler, Lambert Deegan, Michael Duggin, Diane Grose, Daniel Harvath, Francis Smith, the Township of Daniel, and Gary Walton.

99.  Mr. Schultz reasserts paragraphs 9 through 58 of this Complaint, and incorporates them herein

by this reference.

100.  The Township of Daniel, Michael Averett, Jonathan Blotter, Eric Bunker, Lynn Crisler,

Lambert Deegan, Michael Duggin, Diane Grose, Daniel Harvath, Francis Smith, and Gary Walton

unlawfully rezoned Mr. Schultz's property from a residential lot, upon which a home can be constructed,

to simply an agricultural lot, upon which no home may be constructed.

101.  The Township of Daniel, Michael Averett, Jonathan Blotter, Eric Bunker, Lynn Crisler,

Lambert Deegan, Michael Duggin, Diane Grose, Daniel Harvath, Francis Smith, and Gary Walton rezoned

Mr. Schultz' property without providing him any notice, of any type whatsoever, that they were planning

to rezone his property.

102.  The rezoning of Mr. Schultz's property to simply an agricultural lot, upon which no home

may be constructed, from a residential lot upon which a home can be constructed, without providing Mr.

Schultz any notice, of any nature whatsoever, constitutes an unlawful taking of

Mr. Schultz's property, in violation of Daniel Township Code, Section 8.22.08, on the part of the

Township of Daniel, Michael Averett, Jonathan Blotter, Eric Bunker, Lynn Crisler, Lambert Deegan, Michael Duggin, Diane Grose, Daniel Harvath, Francis Smith, and Gary Walton.

103. As a direct and proximate result of the Township of Daniel, Michael Averett, Jonathan Blotter, Eric Bunker, Lynn Crisler, Lambert Deegan, Michael Duggin, Diane Grose, Daniel Harvath, Francis Smith, and Gary Walton's unlawful taking of Mr. Schultz's property, in violation of Daniel Township Code, Section 8.22.08, Mr. Schultz has been damaged in an amount to be proven at trial of this matter, but not less than $400,000.00, plus interest on the $400,000.00, and costs incurred in prosecuting this case.

104. The Township of Daniel, Michael Averett, Jonathan Blotter, Eric Bunker, Lynn Crisler, Lambert Deegan, Michael Duggin, Diane Grose, Daniel Harvath, Francis Smith, and Gary Walton, knowingly, intentionally, and maliciously rezoned Mr. Schultz's property from a residential lot, upon which a home can be constructed, to simply an agricultural lot, upon which no home may be constructed, in violation of Daniel Township Code, Section 8.22.08.

105. Because Michael Averett, Jonathan Blotter, Eric Bunker, Lynn Crisler, Lambert Deegan, Michael Duggin, Diane Grose, Daniel Harvath, Francis Smith, and Gary Walton's, rezoning of Mr. Schultz's property from a residential lot, upon which a home can be constructed, to simply an agricultural lot, upon which no home may be constructed, thus unlawfully taking his property, in violation of Daniel Township Code, Section 8.22.08, was knowing, intentional and malicious, Mr. Schultz is entitled to recover punitive damages against Michael Averett, Jonathan Blotter, Eric Bunker, Lynn Crisler, Lambert Deegan, Michael Duggin, Diane Grose, Daniel Harvath, Francis Smith, and Gary Walton.

## EIGHTH CAUSE OF ACTION
### (Tortuous Interference With Economic Relations)
Against: , Michael Averett, Heather Bateman, Kasey Bateman, Jay Binkerd, Jonathan Blotter, Eric Bunker, Lynn Crisler, Lambert Deegan, Michael Duggin, John Glodowski, Diane Grose, Daniel Harvath, Kim Norris, Ed Pressgrove, Lance Turner, Pam Skinner, Francis Smith, Gary Walton, the Township of Daniel and Gary Weight

106. Mr. Schultz reasserts paragraphs 9 through 58 of this Complaint, and incorporates them herein by this reference.

107. The Township of Daniel, Michael Averett, Jonathan Blotter, Eric Bunker, Lynn Crisler, Lambert Deegan, Michael Duggin, Diane Grose, Daniel Harvath, Francis Smith, and Gary Walton unlawfully rezoned Mr. Schultz's property from a residential lot, upon which a home can be constructed, to simply an agricultural lot, upon which no home may be constructed.

108. The Township of Daniel, Michael Averett, Jonathan Blotter, Eric Bunker, Lynn Crisler, Lambert Deegan, Michael Duggin, Diane Grose, Daniel Harvath, Francis Smith, and Gary Walton rezoned Mr. Schultz' property without providing him any notice, of any type whatsoever, that they were planning to rezone his property.

109. As a direct and proximate result of the Township of Daniel, Michael Averett, Jonathan Blotter, Eric Bunker, Lynn Crisler, Lambert Deegan, Michael Duggin, Diane Grose, Daniel Harvath, Francis Smith, and Gary Walton's unlawful rezoning of Mr. Schultz's property from a residential lot, upon which a home can be constructed, to simply an agricultural lot, upon which no home may be constructed, Mr. Schultz is unable to sell the property, or to build a house on the property.

110. When Mr. Schultz learned that the Township of Daniel, Michael Averett, Jonathan Blotter, Eric Bunker, Lynn Crisler, Lambert Deegan, Michael Duggin, Diane Grose, Daniel Harvath, Francis Smith, and Gary Walton unlawfully rezoned Mr. Schultz's property from a residential lot, upon which a home can be constructed, to simply an agricultural lot, upon which no home may be constructed, he asked the

Township of Daniel, Heather Bateman, Kasey Bateman, Jay Binkerd, Jonathan Blotter, Eric Bunker, John Glodowski, Kim Norris, Pam Skinner, Lance Turner, and Gary Weight, to rezone his property to a residential lot, upon which a home could be built, so that he could sell his property.

111.  The Township of Daniel, Heather Bateman, Kasey Bateman, Jay Binkerd, Jonathan Blotter, Eric Bunker, John Glodowski, Kim Norris, Pam Skinner, Lance Turner, and Gary Weight, refused to rezone his property to a residential lot, upon which a home could be built, so that he could sell his property, or build a home on it.

112.  As a direct and proximate result of the Township of Daniel, Heather Bateman, Kasey Bateman, Jay Binkerd, Jonathan Blotter, Eric Bunker, John Glodowski, Kim Norris, Pam Skinner, Lance Turner, and Gary Weight, refusing to rezone his property to a residential lot, upon which a home could be built, so that he could sell his property, Mr. Schultz has been prevented from selling his property, or building a home on it.

113.  By preventing Mr. Schultz from selling his property, or building a home on it, the Township of Daniel, Michael Averett, Heather Bateman, Kasey Bateman, Jay Binkerd, Jonathan Blotter, Eric Bunker, Lynn Crisler, Lambert Deegan, Michael Duggin, John Glodowski, Diane Grose, Daniel Harvath, Kim Norris, Ed Pressgrove, Lance Turner, Pam Skinner, Francis Smith, Gary Walton, and Gary Weight have tortuously interfered with Mr. Schultz's economic relations

114.  As a direct and proximate result of the Town of Daniel, Michael Averett, Heather Bateman, Kasey Bateman, Jay Binkerd, Jonathan Blotter, Eric Bunker, Lynn Crisler, Lambert Deegan, Michael Duggin, John Glodowski, Diane Grose, Daniel Harvath, Kim Norris, Ed Pressgrove, Lance Turner, Pam Skinner, Francis Smith, Gary Walton, and Gary Weight's tortuous interference with Mr. Schultz's prospective economic relations, Mr. Schultz has been damaged in an amount to be proven at trial of this

-23-

matter, but not less than $400,000.00, plus interest on the $400,000.00, and costs incurred in prosecuting this case.

115. The Township of Daniel, Michael Averett, Jonathan Blotter, Eric Bunker, Lynn Crisler, Lambert Deegan, Michael Duggin, Diane Grose, Daniel Harvath, Francis Smith, and Gary Walton knowingly, intentionally, maliciously, and unlawfully rezoned Mr. Schultz's property from a residential lot, upon which a home can be constructed, to simply an agricultural lot, upon which no home may be constructed, constitutes tortuous interference with Mr. Schultz's economic relations.

116. The refusal of the Township of Daniel, Heather Bateman, Kasey Bateman, Jay Binkerd, Jonathan Blotter, Eric Bunker, John Glodowski, Kim Norris, Pam Skinner, Lance Turner, and Gary Weight, to rezone Mr. Schultz's property from simply an agricultural lot, upon which no home may be constructed, back to a residential lot, upon which a home can be constructed, was intentional, knowing, malicious, and unlawful.

117. Because Michael Averett, Jonathan Blotter, Eric Bunker, Lynn Crisler, Lambert Deegan, Michael Duggin, Diane Grose, Daniel Harvath, Francis Smith, and Gary Walton's, rezoning of Mr. Schultz's property from a residential lot, upon which a home can be constructed, to simply an agricultural lot, upon which no home may be constructed, was tortuous interference with Mr. Schultz's economic relations was knowing, intentional, malicious, and unlawful, Mr. Schultz is entitled to recover punitive damages against Daniel, Michael Averett, Jonathan Blotter, Eric Bunker, Lynn Crisler, Lambert Deegan, Michael Duggin, Diane Grose, Daniel Harvath, Francis Smith, and Gary Walton.

118. Because Heather Bateman, Kasey Bateman, Jay Binkerd, Jonathan Blotter, Eric Bunker, John Glodowski, Kim Norris, Pam Skinner, Lance Turner, and Gary Weight's, refusal to rezone Mr. Schultz's property from simply an agricultural lot, upon which no home may be constructed, back to a residential lot, upon which a home can be constructed, was a knowing, intentional, malicious, and unlawful, tortuous

-24-

interference with Mr. Schultz's economic relations, Mr. Schultz is entitled to recover punitive damages

against Heather Bateman, Kasey Bateman, Jay Binkerd, Jonathan Blotter, Eric Bunker, John Glodowski,

Kim Norris, Pam Skinner, Lance Turner, and Gary Weight.

### NINTH CAUSE OF ACTION
(Tortuous Interference With Prospective Business Relations)

Against: Michael Averett, Heather Bateman, Kasey Bateman, Jay Binkerd, Jonathan Blotter, Eric Bunker, Lynn Crisler, Lambert Deegan, Michael Duggin, John Glodowski, Diane Grose, Daniel Harvath, Kim Norris, Ed Pressgrove, Lance Turner, Pam Skinner, Francis Smith, Gary Walton, the Township of Daniel, and Gary Weight.

119. Mr. Schultz reasserts paragraphs 9 through 58 of this Complaint, and incorporates them

herein by this reference.

120. The Township of Daniel, Michael Averett, Jonathan Blotter, Eric Bunker, Lynn Crisler,

Lambert Deegan, Michael Duggin, Diane Grose, Daniel Harvath, Francis Smith, and Gary Walton

unlawfully rezoned Mr. Schultz's property from a residential lot, upon which a home can be constructed,

to simply an agricultural lot, upon which no home may be constructed.

121. The Township of Daniel, Michael Averett, Jonathan Blotter, Eric Bunker, Lynn Crisler,

Lambert Deegan, Michael Duggin, Diane Grose, Daniel Harvath, Francis Smith, and Gary Walton rezoned

Mr. Schultz' property without providing him any notice, of any type whatsoever, that they were planning

to rezone his property.

122. As a direct and proximate result of the Township of Daniel, Michael Averett, Jonathan

Blotter, Eric Bunker, Lynn Crisler, Lambert Deegan, Michael Duggin, Diane Grose, Daniel Harvath,

Francis Smith, and Gary Walton's unlawful rezoning of Mr. Schultz's property from a residential lot, upon

which a home can be constructed, to simply an agricultural lot, upon which no home may be constructed,

Mr. Schultz is unable to sell the property, or to build a house on the property.

123.ᐟ When Mr. Schultz learned that the Township of Daniel, Michael Averett, Jonathan Blotter, Eric Bunker, Lynn Crisler, Lambert Deegan, Michael Duggin, Diane Grose, Daniel Harvath, Francis Smith, and Gary Walton unlawfully rezoned Mr. Schultz's property from a residential lot, upon which a home can be constructed, to simply an agricultural lot, upon which no home may be constructed, he asked the Township of Daniel, Heather Bateman, Kasey Bateman, Jay Binkerd, Jonathan Blotter, Eric Bunker, John Glodowski, Kim Norris, Pam Skinner, Lance Turner, and Gary Weight, to rezone his property back to a residential lot, upon which a home could be built, so that he could sell his property.

124.  The Township of Daniel, Heather Bateman, Kasey Bateman, Jay Binkerd, Jonathan Blotter, Eric Bunker, John Glodowski, Kim Norris, Pam Skinner, Lance Turner, and Gary Weight, refused to rezone his property back to a residential lot, upon which a home could be built, so that he could sell his property, or build a home on it.

125.  As a direct and proximate result of the Township of Daniel, Heather Bateman, Kasey Bateman, Jay Binkerd, Jonathan Blotter, Eric Bunker, John Glodowski, Kim Norris, Pam Skinner, Lance Turner, and Gary Weight, refusing to rezone his property back to a residential lot, upon which a home could be built, so that he could sell his property, Mr. Schultz has been prevented from selling his property, or building a home on it.

126.  By preventing Mr. Schultz from selling his property, or building a home on it, the Township of Daniel, Michael Averett, Heather Bateman, Kasey Bateman, Jay Binkerd, Jonathan Blotter, Eric Bunker, Lynn Crisler, Lambert Deegan, Michael Duggin, John Glodowski, Diane Grose, Daniel Harvath, Kim Norris, Ed Pressgrove, Lance Turner, Pam Skinner, Francis Smith, Gary Walton, and Gary Weight have tortuously interfered with Mr. Schultz's prospective business relations.

127.  As a direct and proximate result of the Town of Daniel, Michael Averett, Heather Bateman, Kasey Bateman, Jay Binkerd, Jonathan Blotter, Eric Bunker, Lynn Crisler, Lambert Deegan, Michael

-26-

Duggin, John Glodowski, Diane Grose, Daniel Harvath, Kim Norris, Ed Pressgrove, Lance Turner, Pam

Skinner, Francis Smith, Gary Walton, and Gary Weight's tortuous interference with Mr. Schultz's

prospective business relations, Mr. Schultz has been damaged in an amount to be proven at trial of this

matter, but not less than $400,000.00, plus interest on the $400,000.00, and costs incurred in prosecuting

this case.

128.   The Township of Daniel, Michael Averett, Jonathan Blotter, Eric Bunker, Lynn Crisler,

Lambert Deegan, Michael Duggin, Diane Grose, Daniel Harvath, Francis Smith, and Gary Walton's

knowing, intentional, malicious, and unlawful rezoning of Mr. Schultz's property from a residential lot,

upon which a home can be constructed, to simply an agricultural lot, upon which no home may be

constructed, constitutes tortuous interference with Mr. Schultz's prospective business relations.

129.   The refusal of the Township of Daniel, Heather Bateman, Kasey Bateman, Jay Binkerd,

Jonathan Blotter, Eric Bunker, John Glodowski, Kim Norris, Pam Skinner, Lance Turner, and Gary

Weight, to rezone Mr. Schultz's property from simply an agricultural lot, upon which no home may be

constructed, back to a residential lot, upon which a home can be constructed, was intentional, knowing,

malicious, and unlawful.

130.   Because Michael Averett, Jonathan Blotter, Eric Bunker, Lynn Crisler, Lambert Deegan,

Michael Duggin, Diane Grose, Daniel Harvath, Francis Smith, and Gary Walton's, rezoning of

Mr. Schultz's property from a residential lot, upon which a home can be constructed, to simply an

agricultural lot, upon which no home may be constructed, was tortuous interference with Mr. Schultz's

prospective business relations, and was knowing, intentional, malicious, and unlawful, Mr. Schultz is

entitled to recover punitive damages against Michael Averett, Jonathan Blotter, Eric Bunker, Lynn Crisler,

Lambert Deegan, Michael Duggin, Diane Grose, Daniel Harvath, Francis Smith, and Gary Walton.

131.   Because Heather Bateman, Kasey Bateman, Jay Binkerd, Jonathan Blotter, Eric Bunker, John

-27-

Glodowski, Kim Norris, Pam Skinner, Lance Turner, and Gary Weight's, refusal to rezone Mr. Schultz's property from simply an agricultural lot, upon which no home may be constructed, back to a residential lot, upon which a home can be constructed, was knowing, intentional, malicious, and unlawful, tortuous interference with Mr. Schultz' prospective economic business relations, Mr. Schultz is entitled to recover punitive damages against Heather Bateman, Kasey Bateman, Jay Binkerd, Jonathan Blotter, Eric Bunker, John Glodowski, Kim Norris, Pam Skinner, Lance Turner, and Gary Weight.

### TENTH CAUSE OF ACTION
(Tortuous Interference With Economic Relations)
<u>Against</u>: Eric Bunker and Lynne Schindurling

132. Mr. Schultz reasserts paragraphs 9 through 58 of this Complaint, and incorporates them herein by this reference.

133. Eric Bunker and Lynne Schindurling both knowingly, intentionally, maliciously, and unlawfully, repeatedly told prospective purchasers of Mr. Schultz's property that a home could not be built on his property.

134. By knowingly, intentionally, maliciously, and unlawfully, telling purchasers of Mr. Schultz's property that a home could not be built on the property, Bunker and Shinderling tortuously interfered with Mr. Schultz's economic relations.

135. As a direct, and proximate result, of Bunker and Shinderling's tortuous interference Mr. Schultz has been unable to sell this property.

136. As a direct and proximate result of Bunker and Shinderling's tortuous interference, Mr. Schultz has been unable to sell this property, and Mr. Schultz has been damaged in an amount to be proven at trial of this matter, but not less than $400,000.00, plus interest on the $400,000.00, and costs incurred in prosecuting this case.

-28-

137. Eric Bunker and Lynne Schindurling intentionally, knowingly and maliciously told prospective buyers of Mr. Schultz's property, that his property was not property on which a home could be constructed, thus intentionally, knowingly and maliciously interfering with Mr. Schultz's economic relations.

138. Because Eric Bunker and Lynne Schindurling knowingly, intentionally, maliciously, tortuously, and unlawfully interfered with Mr. Schultz's economic relations, Mr. Schultz is entitled to recover punitive damages against them.

## ELEVENTH CAUSE OF ACTION
(Tortuous Interference With Prospective Business Relations)
Against: Eric Bunker and Lynne Schindurling

139. Mr. Schultz reasserts paragraphs 9 through 58 of this Complaint, and incorporates them herein by this reference.

140. Eric Bunker and Lynne Schindurling both knowingly, intentionally, maliciously, and unlawfully, repeatedly told prospective purchasers of Mr. Schultz's property that a home could not be built on the property.

141. As a result of Bunker and Shinderling knowingly, intentionally, maliciously, and unlawfully, telling purchasers of Mr. Schultz's property that a home could not be built on the property, Mr. Schultz has been unable to sell this property.

142. By knowingly, intentionally, maliciously, and unlawfully, telling purchasers of Mr. Schultz's property that a home could not be built on the property, Bunker and Shinderling tortuously interfered with Mr. Schultz's prospective business relationships.

143. Because Bunker and Shinderling knowingly, intentionally, maliciously, and unlawfully, told prospective purchasers of Mr. Schultz's property that a home could not be built on the property,

Mr. Schultz has been unable to sell this property, and Mr. Schultz has been damaged in an amount to be proven at trial of this matter, but not less than $400,000.00, plus interest on the $400,000.00, and costs incurred in prosecuting this case.

144.   Eric Bunker and Lynne Schindurling intentionally, knowingly, maliciously, and unlawfully told prospective buyers of Mr. Schultz's property, that his property was not property on which a home could be constructed, thus intentionally, knowingly, maliciously, unlawfully, and tortuously interfered with Mr. Schultz's prospective business relations.

145.   Because Eric Bunker and Lynne Schindurling intentionally, knowingly, maliciously, unlawfully, and tortuously interfered with Mr. Schultz's prospective business relations, Mr. Schultz is entitled to recover punitive damages against them.

## TWELFTH CAUSE OF ACTION
### (Intentional Infliction of Emotional Distress)

<u>Against</u>: Eric Bunker and Lynne Schindurling

146.   Mr. Schultz reasserts paragraphs 9 through 58 of this Complaint, and incorporates them herein by this reference.

147.   Eric Bunker and Lynne Schindurling both knowingly, intentionally, maliciously, and unlawfully, repeatedly told prospective purchasers of Mr. Schultz's property that a home could not be built on his property.

148.   By knowingly, intentionally, maliciously, and unlawfully, telling purchasers of Mr. Schultz's property that a home could not be built on the property, Bunker and Shinderling knowingly, intentionally, maliciously, and unlawfully intended to prevent Mr. Schultz from selling his property, or building a home on his property.

149.   As a direct, and proximate result, of Bunker and Shinderling knowingly, intentionally,

maliciously, and unlawfully, telling purchasers of Mr. Schultz's property that a home could not be built on the property, Mr. Schultz has been unable to sell this property.

150. Both Bunker and Shinderling knew that knowingly, intentionally, maliciously, and unlawfully, telling purchasers of Mr. Schultz's property that a home could not be built on the property, would prevent Mr. Schultz from selling his property, and would cause him severe mental, and emotional, distress.

151. With full knowledge that knowingly, intentionally, maliciously, and unlawfully, telling prospective purchasers of Mr. Schultz's property that a home could not be built on the property, would prevent him from selling his property and would cause him severe mental, and emotional, distress, both Bunker and Shinderling knowingly, intentionally, maliciously, and unlawfully, told prospective purchasers of Mr. Schultz's property that a home could not be built on the property, intending to cause him severe mental, and emotional, distress, or with complete disregard of the fact that knowingly, intentionally, maliciously, and unlawfully, telling purchasers of Mr. Schultz's property that a home could not be built on the property, would prevent him from selling his property, and would cause him severe mental, and emotional, distress.

152. As a direct and proximate result of Bunker and Shinderling knowingly, intentionally, maliciously, and unlawfully, telling prospective purchasers of Mr. Schultz's property that a home could not be built on the property, Mr. Schultz has suffered mental and emotional distress, because he cannot sell his property for a price anywhere near the price he could sell his property for if Bunker and Shinderling had not knowingly, intentionally, maliciously, and unlawfully, told prospective purchasers of Mr. Schultz's property that a home could not be built on the property.

153. As a direct and proximate result of Bunker and Shinderling knowingly, intentionally, maliciously, and unlawfully, telling prospective purchasers of Mr. Schultz's property that a home could not be built on the property, Mr. Schultz has suffered mental and emotional distress in an amount to be proven

-31-

at trial, but not less than $583,900.00.

154.  Because Bunker and Shinderling knowingly, intentionally, maliciously, and unlawfully, told prospective purchasers of Mr. Schultz's property that a home could not be built on the property Mr. Schultz is entitled to recover punitive damages from them.

### THIRTEENTH CAUSE OF ACTION
(Negligent Infliction of Emotional Distress)

Against: Eric Bunker and Lynne Schindurling

155.  Mr. Schultz reasserts paragraphs 9 through 58 of this Complaint, and incorporates them herein by this reference.

156.  Eric Bunker and Lynne Schindurling both knowingly, intentionally, maliciously, and unlawfully, repeatedly told prospective purchasers of Mr. Schultz's property that a home could not be built on his property.

157.  By knowingly, intentionally, maliciously, and unlawfully, telling purchasers of Mr. Schultz's property that a home could not be built on the property, Bunker and Shinderling knowingly, intentionally, maliciously, unlawfully, and/or negligently with total disregard of the consequences of their knowing, intentional, malicious, and unlawful statements, made those statements intending to prevent Mr. Schultz from selling his property, or building a home on his property.

158.  As a direct, and proximate result, of Bunker and Shinderling knowingly, intentionally, maliciously, and unlawfully, telling purchasers of Mr. Schultz's property that a home could not be built on the property, Mr. Schultz has been unable to sell this property.

159.  Both Bunker and Shinderling knew that knowingly, intentionally, maliciously, and unlawfully, telling purchasers of Mr. Schultz's property that a home could not be built on the property, would prevent

-32-

Mr. Schultz from selling his property, and would, thus, cause him severe mental, and emotional, distress.

160. With full knowledge that knowingly, intentionally, maliciously, and unlawfully, telling prospective purchasers of Mr. Schultz's property that a home could not be built on the property, would prevent him from selling his property and would cause him severe mental, and emotional, distress, both Bunker and Shinderling knowingly, intentionally, maliciously, and unlawfully, told prospective purchasers of Mr. Schultz's property that a home could not be built on the property, intending to cause him severe mental, and emotional, distress, or with complete disregard of the fact that knowingly, intentionally, maliciously, and unlawfully, telling purchasers of Mr. Schultz's property that a home could not be built on the property, would prevent him from selling his property, and would cause him severe mental, and emotional, distress.

161. As a direct and proximate result of Bunker and Shinderling knowingly, intentionally, maliciously, and unlawfully, telling prospective purchasers of Mr. Schultz's property that a home could not be built on the property, Mr. Schultz has suffered mental and emotional distress, because he cannot sell his property for a price anywhere near the price he could sell his property for if Bunker and Shinderling had not knowingly, intentionally, maliciously, and unlawfully, told prospective purchasers of Mr. Schultz's property that a home could not be built on the property.

162. As a direct and proximate result of Bunker and Shinderling knowingly, intentionally, maliciously, and unlawfully, telling prospective purchasers of Mr. Schultz's property that a home could not be built on the property, Mr. Schultz has suffered mental and emotional distress in an amount to be proven at trial, but not less than $583,900.00.

163. Because Bunker and Shinderling knowingly, intentionally, maliciously, and unlawfully, told prospective purchasers of Mr. Schultz's property that a home could not be built on the property Mr. Schultz is entitled to recover punitive damages from them.

-33-

## FOURTEENTH CAUSE OF ACTION

(Arbitrary and Capricious Interpretation and Enforcement of Township Code Provisions in Violation of the
Sixth Amendment to the Constitution of the United States)

Against:  Michael Averett, Heather Bateman, Kasey Bateman, Jay Binkerd, Jonathan Blotter, Eric Bunker,
Lynn Crisler, Lambert Deegan, Michael Duggin, John Glodowski, Diane Grose, Daniel Harvath, Kim
Norris, Ed Pressgrove, Lance Turner, Pam Skinner, Francis Smith, Gary Walton, Lynn Crisler, the
Township of Daniel, and Gary Weight.

164.  Mr. Schultz reasserts paragraphs 9 through 58 of this Complaint, and incorporates them

herein by this reference.

165.  The Township of Daniel, Michael Averett, Heather Bateman, Kasey Bateman, Jay Binkerd,

Jonathan Blotter, Eric Bunker, Lynn Crisler, Lambert Deegan, Michael Duggin, John Glodowski, Diane

Grose, Daniel Harvath, Kim Norris, Ed Pressgrove, Lance Turner, Pam Skinner, Francis Smith, Gary

Walton, Lynn Crisler, and Gary Weight have all arbitrarily, and capriciously, interpreted, and enforced, the

zoning codes of the Township of Daniel, in a manner to prevent Mr. Schultz from selling his property, as

residential property, upon which a home can be built, and/or preventing him from building a home on his

property, claiming that because Mr. Schultz's property is less than 5 acres, it does not comply with the

Township of Daniel zoning requirements.

166.  However, the Township of Daniel, Michael Averett, Heather Bateman, Kasey Bateman, Jay

Binkerd, Jonathan Blotter, Eric Bunker, Lynn Crisler, Lambert Deegan, Michael Duggin, John Glodowski,

Diane Grose, Daniel Harvath, Kim Norris, Ed Pressgrove, Lance Turner, Pam Skinner, Francis Smith,

Gary Walton, Lynn Crisler, and Gary Weight have permitted a home to be constructed at 3115 South

1200 West, in the Township of Daniel, on 4.62 acres, in 2008.

167.  By interpreting and enforcing the provisions of the Daniel Township Code to prevent Mr.

Schultz from selling his property as a residential property, upon which a home may be constructed, because

it is less than five acres, while allowing other property owners to construct homes on their property, that is

-34-

less than five acres, the Township of Daniel, Michael Averett, Heather Bateman, Kasey Bateman, Jay Binkerd, Jonathan Blotter, Eric Bunker, Lynn Crisler, Lambert Deegan, Michael Duggin, John Glodowski, Diane Grose, Daniel Harvath, Kim Norris, Ed Pressgrove, Lance Turner, Pam Skinner, Francis Smith, Gary Walton, Lynn Crisler, and Gary Weight have arbitrarily and capriciously interpreted, and enforced, the zoning codes of the Township of Daniel, in a manner to prevent Mr. Schultz from selling his property as residential property, upon which a home can be built, and/or preventing him from building a home on his property, in violation of his Equal Protection rights, under the Sixth Amendment to the Constitution of the United States.

168. The Township of Daniel, Michael Averett, Heather Bateman, Kasey Bateman, Jay Binkerd, Jonathan Blotter, Eric Bunker, Lynn Crisler, Lambert Deegan, Michael Duggin, John Glodowski, Diane Grose, Daniel Harvath, Kim Norris, Ed Pressgrove, Lance Turner, Pam Skinner, Francis Smith, Gary Walton, Lynn Crisler, and Gary Weight knowingly, intentionally, maliciously, unlawfully, arbitrarily and capriciously, interpreted and enforced the zoning codes of the Township of Daniel, in a manner to prevent Mr. Schultz from selling his property as residential property, upon which a home can be built, and/or preventing him from building a home on his property.

169. As a direct and proximate result of the Township of Daniel, Michael Averett, Heather Bateman, Kasey Bateman, Jay Binkerd, Jonathan Blotter, Eric Bunker, Lynn Crisler, Lambert Deegan, Michael Duggin, John Glodowski, Diane Grose, Daniel Harvath, Kim Norris, Ed Pressgrove, Lance Turner, Pam Skinner, Francis Smith, Gary Walton, Lynn Crisler, and Gary Weight knowingly, intentionally, maliciously, unlawfully, arbitrarily and capriciously interpreting, and enforcing, the zoning codes of the Township of Daniel, in a manner to prevent Mr. Schultz from selling his property as residential property, upon which a home can be built, and/or preventing him from building a home on his property, Mr. Schultz has been damaged in an amount to be proven at trial, of this matter, but not less than

$400,000.00, and costs incurred in prosecuting this complaint.

170.  Because Michael Averett, Heather Bateman, Kasey Bateman, Jay Binkerd, Jonathan Blotter,

Eric Bunker, Lynn Crisler, Lambert Deegan, Michael Duggin, John Glodowski, Diane Grose, Daniel

Harvath, Kim Norris, Ed Pressgrove, Lance Turner, Pam Skinner, Francis Smith, Gary Walton, Lynn

Crisler, and Gary Weight's arbitrary and capricious, and unlawful interpretation and enforcement of the

zoning codes, of the Township of Daniel, in a manner to prevent Mr. Schultz from selling his property as

residential property, upon which a home can be built, and/or preventing him from building a home on his

property was knowing, intentional, malicious, and unlawful, Mr. Schultz is entitled to recover punitive

damages from them.

## FIFTEENTH CAUSE OF ACTION
### (Intentional Infliction of Emotional Distress)

Against:  Michael Averett, Heather Bateman, Kasey Bateman, Jay Binkerd, Jonathan Blotter, Eric Bunker,
Lynn Crisler, Lambert Deegan, Michael Duggin, John Glodowski, Diane Grose, Daniel Harvath, Kim
Norris, Ed Pressgrove, Lance Turner, Pam Skinner, Francis Smith, Gary Walton, Lynn Crisler, the
Township of Daniel, and Gary Weight.

171.  Mr. Schultz reasserts paragraphs 9 through 58 of this Complaint, and incorporates them

herein by this reference.

172.  The Township of Daniel, Michael Averett, Jonathan Blotter, Eric Bunker, Lynn Crisler,

Lambert Deegan, Michael Duggin, Diane Grose, Daniel Harvath, Francis Smith, and Gary Walton,

knowingly, intentionally, maliciously, and unlawfully rezoned Mr. Schultz's property from a residential lot,

upon which a home can be constructed, to simply an agricultural lot, upon which no home may be

constructed.

173.  At the time the Township of Daniel, Michael Averett, Jonathan Blotter, Eric Bunker, Lynn

Crisler, Lambert Deegan, Michael Duggin, Diane Grose, Daniel Harvath, Francis Smith, and Gary Walton

knowingly, intentionally, maliciously, and unlawfully rezoned Mr. Schultz's property from a residential lot,

upon which a home can be constructed, to simply an agricultural lot, upon which no home may be constructed, they knew that doing so would prevent Mr. Schultz from selling his property, or building a home on his property.

174. At the time the Township of Daniel, Michael Averett, Jonathan Blotter, Eric Bunker, Lynn Crisler, Lambert Deegan, Michael Duggin, Diane Grose, Daniel Harvath, Francis Smith, and Gary Walton knowingly, intentionally, maliciously, and unlawfully rezoned Mr. Schultz's property from a residential lot, upon which a home can be constructed, to simply an agricultural lot, upon which no home may be constructed, they knew that doing so would prevent Mr. Schultz from selling his property, or building a home on his property, and they knew that doing so would cause Mr. Schultz mental and emotional distress, because he would not be able to sell his property for a price anywhere near the price he could sell his property for if it were a residential lot, upon which a home could be constructed.

175. In spite of the fact that they knew that knowingly, intentionally, maliciously, and unlawfully rezoning his property from a residential lot, upon which a home can be constructed, to simply an agricultural lot, upon which no home may be constructed, would prevent Mr. Schultz from selling his property, or building a home on his property, and in spite of the fact that they knew that rezoning his property from a residential lot, upon which a home can be constructed, to simply an agricultural lot, upon which no home may be constructed, would cause Mr. Schultz mental and emotional distress, because he would not be able to sell his property for a price anywhere near the price he could sell his property for if it were a residential lot, upon which a home could be constructed, the Township of Daniel, Michael Averett, Jonathan Blotter, Eric Bunker, Lynn Crisler, Lambert Deegan, Michael Duggin, Diane Grose, Daniel Harvath, Francis Smith, and Gary Walton knowingly, intentionally, maliciously, and unlawfully rezoned Mr. Schultz's property from a residential lot, upon which a home can be constructed, to simply an agricultural lot, upon which no home may be constructed, intending that their rezoning of Mr. Schultz's

property from a residential lot, upon which a home can be constructed, to simply an agricultural lot, upon which no home may be constructed, would cause Mr. Schultz mental and emotional distress, because he would not be able to sell his property for a price anywhere near the price he could sell his property for if it were a residential lot, upon which a home could be constructed, rather than simply an agricultural lot, upon which no home may be constructed.

176. As a direct and proximate result of the Township of Daniel, Michael Averett, Jonathan Blotter, Eric Bunker, Lynn Crisler, Lambert Deegan, Michael Duggin, Diane Grose, Daniel Harvath, Francis Smith, and Gary Walton knowingly, intentionally, maliciously, and unlawfully rezoning Mr. Schultz's property from a residential lot, upon which a home can be constructed, to simply an agricultural lot, upon which no home may be constructed, Mr. Schultz has suffered mental and emotional distress, because he has not be able to sell his property for a price anywhere near the price he could sell his property for if it were a residential lot, upon which a home could be constructed.

177. The knowingly, intentionally, maliciously, and unlawfully rezoning of Mr. Schultz's property from a residential lot, upon which a home can be constructed, to simply an agricultural lot, upon which no home may be constructed, constitutes intentional infliction of emotional distress on the part of on the part of the Township of Daniel, Michael Averett, Jonathan Blotter, Eric Bunker, Lynn Crisler, Lambert Deegan, Michael Duggin, Diane Grose, Daniel Harvath, Francis Smith, and Gary Walton, because Mr. Schultz has not be able to sell his property for a price anywhere near the price he could sell his property for if it were a residential lot, upon which a home could be constructed, and Mr. Schultz was relying on the sale of his property as a major part of his retirement portfolio.

178. As a direct and proximate result of the Township of Daniel, Michael Averett, Jonathan Blotter, Eric Bunker, Lynn Crisler, Lambert Deegan, Michael Duggin, Diane Grose, Daniel Harvath, Francis Smith, and Gary Walton's knowing, intentional, malicious, and unlawful rezoning of Mr. Schultz's

-38-

property from a residential lot, upon which a home can be constructed, to simply an agricultural lot, upon which no home may be constructed, Mr. Schultz has suffered mental and emotional distress, because he has not be able to sell his property for a price anywhere near the price he could sell his property for if it were a residential lot, upon which a home could be constructed, in an amount to be proven at trial, but not less than $583,900.00.

179.  Because Michael Averett, Jonathan Blotter, Eric Bunker, Lynn Crisler, Lambert Deegan, Michael Duggin, Diane Grose, Daniel Harvath, Francis Smith, and Gary Walton's rezoning of Mr. Schultz's property was knowing, intentional, malicious, and unlawful, Mr. Schultz is entitled to punitive damages against  Michael Averett, Jonathan Blotter, Eric Bunker, Lynn Crisler, Lambert Deegan, Michael Duggin, Diane Grose, Daniel Harvath, Francis Smith, and Gary Walton.

180.  The refusal of the Township of Daniel, Heather Bateman, Kasey Bateman, Jay Binkerd, Jonathan Blotter, Eric Bunker, John Glodowski, Kim Norris, Pam Skinner, Lance Turner, and Gary Weight to rezone Mr. Schultz's property from simply an agricultural lot, upon which no home may be constructed, back to a residential lot, upon which a home can be constructed, constitutes intentional infliction of emotional distress on the part of on the part of the Township of Daniel, Heather Bateman, Kasey Bateman, Jay Binkerd, Jonathan Blotter, Eric Bunker, John Glodowski, Kim Norris, Pam Skinner, Lance Turner, and Gary Weight, because Mr. Schultz has not be able to sell his property for a price anywhere near the price he could sell his property for if it were a residential lot, upon which a home could be constructed, and

because Mr. Schultz was relying on the sale of his property as a major part of his retirement portfolio.

181.  Because of the Township of Daniel, Heather Bateman, Kasey Bateman, Jay Binkerd, Jonathan Blotter, Eric Bunker, John Glodowski, Kim Norris, Pam Skinner, Lance Turner, and Gary Weight's, knowing, intentional, malicious, and unlawful refusal to rezone Mr. Schultz's property back to a

residential lot, upon which a home could be built, so that he could sell his property, Mr. Schultz has

suffered mental and substantial emotional distress and harm, and economic harm.

    182. As a direct and proximate result of the Township of Daniel, Heather Bateman, Kasey

Bateman, Jay Binkerd, Jonathan Blotter, Eric Bunker, John Glodowski, Kim Norris, Pam Skinner, Lance

Turner, and Gary Weight's refusal to rezone Mr. Schultz's property from simply an agricultural lot, upon

which no home may be constructed, back to a residential lot, upon which a home can be constructed, Mr.

Schultz has suffered mental and emotional distress, because he has not be able to sell his property for a

price anywhere near the price he could sell his property for if it were a residential lot, upon which a home

could be constructed, in an amount to be proven at trial, but not less than $583,900.00.

    183. Because the refusal of Heather Bateman, Kasey Bateman, Jay Binkerd, Jonathan Blotter,

Eric Bunker, John Glodowski, Kim Norris, Pam Skinner, Lance Turner, and Gary Weight to rezone

Mr. Schultz's property was knowing, intentional, malicious, and unlawful, Mr. Schultz is entitled to

recover punitive damages from them.

### SIXTEENTH CAUSE OF ACTION
(Negligent Infliction of Emotional Distress)

<u>Against:</u> Michael Averett, Heather Bateman, Kasey Bateman, Jay Binkerd, Jonathan Blotter, Eric Bunker, Lynn Crisler, Lambert Deegan, Michael Duggin, John Glodowski, Diane Grose, Daniel Harvath, Kim Norris, Ed Pressgrove, Lance Turner, Pam Skinner, Francis Smith, Gary Walton, Lynn Crisler, the Township of Daniel, and Gary Weight.

    184. Mr. Schultz reasserts paragraphs 9 through 58 of this Complaint, and incorporates them

herein by this reference.

    185. The Township of Daniel, Michael Averett, Jonathan Blotter, Eric Bunker, Lynn Crisler,

Lambert Deegan, Michael Duggin, Diane Grose, Daniel Harvath, Francis Smith, and Gary Walton,

knowingly, intentionally, maliciously, and unlawfully rezoned Mr. Schultz's property from a residential lot,

upon which a home can be constructed, to simply an agricultural lot, upon which no home may be constructed.

186. At the time the Township of Daniel, Michael Averett, Jonathan Blotter, Eric Bunker, Lynn Crisler, Lambert Deegan, Michael Duggin, Diane Grose, Daniel Harvath, Francis Smith, and Gary Walton knowingly, intentionally, maliciously, and unlawfully rezoned Mr. Schultz's property from a residential lot, upon which a home can be constructed, to simply an agricultural lot, upon which no home may be constructed, they knew that doing so would prevent Mr. Schultz from selling his property, or building a home on his property.

187. At the time the Township of Daniel, Michael Averett, Jonathan Blotter, Eric Bunker, Lynn Crisler, Lambert Deegan, Michael Duggin, Diane Grose, Daniel Harvath, Francis Smith, and Gary Walton knowingly, intentionally, maliciously, and unlawfully rezoned Mr. Schultz's property from a residential lot, upon which a home can be constructed, to simply an agricultural lot, upon which no home may be constructed, they knew that doing so would prevent Mr. Schultz from selling his property, or building a home on his property, and they knew that doing so would cause Mr. Schultz mental and emotional distress, because he would not be able to sell his property for a price anywhere near the price he could sell his property for if it were a residential lot, upon which a home could be constructed.

188. In spite of the fact that they knew that knowingly, intentionally, maliciously, and unlawfully rezoning his property from a residential lot, upon which a home can be constructed, to simply an agricultural lot, upon which no home may be constructed, would prevent Mr. Schultz from selling his property, or building a home on his property, and in spite of the fact that they knew that rezoning his property from a residential lot, upon which a home can be constructed, to simply an agricultural lot, upon which no home may be constructed, would cause Mr. Schultz mental and emotional distress, because he would not be able to sell his property for a price anywhere near the price he could sell his property for if it

-41-

were a residential lot, upon which a home could be constructed, the Township of Daniel, Michael Averett,

Jonathan Blotter, Eric Bunker, Lynn Crisler, Lambert Deegan, Michael Duggin, Diane Grose, Daniel

Harvath, Francis Smith, and Gary Walton knowingly, intentionally, maliciously, and unlawfully rezoned

Mr. Schultz's property from a residential lot, upon which a home can be constructed, to simply an

agricultural lot, upon which no home may be constructed, recklessly, with complete disregard, and

indifference, that rezoning Mr. Schultz's property from a residential lot, upon which a home can be

constructed, to simply an agricultural lot, upon which no home may be constructed, would cause Mr.

Schultz mental and emotional distress, because he would not be able to sell his property for a price

anywhere near the price he could sell his property for if it were a residential lot, upon which a home could

be constructed, rather than simply an agricultural lot, upon which no home may be constructed.

189.  As a direct and proximate result of the Township of Daniel, Michael Averett, Jonathan

Blotter, Eric Bunker, Lynn Crisler, Lambert Deegan, Michael Duggin, Diane Grose, Daniel Harvath,

Francis Smith, and Gary Walton's knowing, intentional, malicious, and unlawful rezoning

Mr. Schultz's property from a residential lot, upon which a home can be constructed, to simply an

agricultural lot, upon which no home may be constructed, Mr. Schultz has suffered mental and emotional

distress, because he has not be able to sell his property for a price anywhere near the price he could sell his

property for if it were a residential lot, upon which a home could be constructed.

190.  The knowingly, intentionally, maliciously, and unlawfully rezoning of Mr. Schultz's property

from a residential lot, upon which a home can be constructed, to simply an agricultural lot, upon which no

home may be constructed, constitutes negligent infliction of emotional distress on the part of the Township

of Daniel, Michael Averett, Jonathan Blotter, Eric Bunker, Lynn Crisler, Lambert Deegan, Michael

Duggin, Diane Grose, Daniel Harvath, Francis Smith, and Gary Walton, because

Mr. Schultz has not be able to sell his property for a price anywhere near the price he could sell his

-42-

property for if it were a residential lot, upon which a home could be constructed, and Mr. Schultz was relying on the sale of his property as a major part of his retirement portfolio.

191. As a direct and proximate result of the Township of Daniel, Michael Averett, Jonathan Blotter, Eric Bunker, Lynn Crisler, Lambert Deegan, Michael Duggin, Diane Grose, Daniel Harvath, Francis Smith, and Gary Walton unlawfully rezoning Mr. Schultz's property from a residential lot, upon which a home can be constructed, to simply an agricultural lot, upon which no home may be constructed, Mr. Schultz has suffered mental and emotional distress, because he has not be able to sell his property for a price anywhere near the price he could sell his property for if it were a residential lot, upon which a home could be constructed, in an amount to be proven at trial, but not less than $583,900.00.

192. Because Michael Averett, Jonathan Blotter, Eric Bunker, Lynn Crisler, Lambert Deegan, Michael Duggin, Diane Grose, Daniel Harvath, Francis Smith, and Gary Walton's rezoning of Mr. Schultz's property was knowing, intentional, malicious, and unlawful, Mr. Schultz is entitled to punitive damages against Michael Averett, Jonathan Blotter, Eric Bunker, Lynn Crisler, Lambert Deegan, Michael Duggin, Diane Grose, Daniel Harvath, Francis Smith, and Gary Walton.

193. The refusal of the Township of Daniel, Heather Bateman, Kasey Bateman, Jay Binkerd, Jonathan Blotter, Eric Bunker, John Glodowski, Kim Norris, Pam Skinner, Lance Turner, and Gary Weight to rezone Mr. Schultz's property from simply an agricultural lot, upon which no home may be constructed, to a residential lot, upon which a home can be constructed, constitutes negligent infliction of emotional distress on the part of on the part of the Township of Daniel, Heather Bateman, Kasey Bateman, Jay Binkerd, Jonathan Blotter, Eric Bunker, John Glodowski, Kim Norris, Pam Skinner, Lance Turner, and Gary Weight, because Mr. Schultz has not be able to sell his property for a price anywhere near the price he could sell his property for if it were a residential lot, upon which a home could be constructed, and because Mr. Schultz was relying on the sale of his property as a major part of his retirement portfolio.

-43-

194.  Because of the Township of Daniel, Heather Bateman, Kasey Bateman, Jay Binkerd, Jonathan Blotter, Eric Bunker, John Glodowski, Kim Norris, Pam Skinner, Lance Turner, and Gary Weight's, knowing, intentional, malicious, and unlawful refusal to rezone Mr. Schultz's property to a residential lot, upon which a home could be built, so that he could sell his property, Mr. Schultz has suffered mental and substantial emotional distress and harm, and economic harm.

195.  As a direct and proximate result of the Township of Daniel, Heather Bateman, Kasey Bateman, Jay Binkerd, Jonathan Blotter, Eric Bunker, John Glodowski, Kim Norris, Pam Skinner, Lance Turner, and Gary Weight's refusal to  rezone Mr. Schultz's property from simply an agricultural lot, upon which no home may be constructed, to a  residential lot, upon which a home can be constructed, Mr. Schultz has suffered mental and emotional distress, because he has not be able to sell his property for a price anywhere near the price he could sell his property for if it were a residential lot, upon which a home could be constructed, in an amount to be proven at trial, but not less than $583,900.00.

196.  Because the refusal of· Heather Bateman, Kasey Bateman, Jay Binkerd, Jonathan Blotter, Eric Bunker, John Glodowski, Kim Norris, Pam Skinner, Lance Turner, and Gary Weight to rezone Mr. Schultz's property was knowing, intentional, malicious, and unlawful, Mr. Schultz is entitled to recover punitive damages from them.

## SEVENTEENTH CAUSE OF ACTION
### (Fraudulent Over Collection of Taxes, Demand for Refund of Over Payment of Taxes, Theft by Deception and Fraud)

Against: The township of Daniel

197.  Mr. Schultz reasserts paragraphs 9 through of this Complaint, and incorporates them herein by this reference.

198.  In 2006, the Township of Daniel unlawfully rezoned Mr. Schultz's property from a residential

lot, upon which a home can be constructed, to simply an agricultural lot, upon which no home may be constructed.

199.  However, the Township of Daniel failed to inform Mr. Schultz, or Wasatch County, that it had rezoned Mr. Schultz's property from a residential lot, upon which a home can be constructed, to simply an agricultural lot, upon which no home may be constructed.

200.  Because the Township of Daniel failed to inform Wasatch County, that it had rezoned Mr. Schultz's property from a residential lot upon which a home can be constructed, to simply an agricultural lot, upon which no home may be constructed, Wasatch County continued to tax Mr. Schultz's property as if it were a residential lot upon which a home can be constructed, rather than taxing it as simply an agricultural lot, from 2006 through 2013.

201.  Because the Township of Daniel failed to inform Mr. Schultz, that it had rezoned Mr. Schultz's property from a residential lot, upon which a home can be constructed, to simply an agricultural lot, upon which no home may be constructed, Mr. Schultz continued to pay taxes on his property as if it was a residential lot upon which a home can be constructed, from 2006 through 2013.

202.  Because the Township of Daniel failed to inform Mr. Schultz, that it had rezoned his property from a residential lot, upon which a home can be constructed, to simply an agricultural lot, upon which no home may be constructed, and because Mr. Schultz continued to pay taxes on his property, as if it was a residential lot, upon which a home can be constructed,  Mr. Schultz overpaid his taxes to the Township of Daniel, from 2006 through 2013.

203.  The Township of Daniel knew that Mr. Schultz was overpaying his taxes, yet fraudulently, and unlawfully, continued to accept Mr. Schultz's overpayment of taxes, knowing that Mr. Schultz was paying taxes on his property as if it was a residential lot upon which a home can be constructed, rather than simply an agricultural lot, upon which no home may be constructed.

-45-

204. From 2006 through 2013, the Township of Daniel fraudulently collected taxes from Mr. Schultz as if it was a residential lot upon which a home can be constructed, rather than simply an agricultural lot, upon which no home may be constructed.

205. As a direct and proximate result of the Township of Daniel's fraudulent collection of taxes from Mr. Schultz, Mr. Schultz has overpaid taxes to Daniel in an amount to be proven at trial of this matter, but not less than $16,000.00.

WHEREFORE, Mr. Schultz request relief as follows:

On his First, Second, Third, Fourth, Fifth, Sixth, Seventh, and Fourteenth causes of action, against Michael Averett, Jonathan Blotter, Eric Bunker, Lynn Crisler, Lambert Deegan, Michael Duggin, Diane Grose, Daniel Harvath, Francis Smith, Gary Walton, and the Township of Daniel:

1. For an amount to be proven at trial of this matter, but not less than $400,000.00, as a result of the unlawful taking of Mr. Schultz's property;

2. For interest on the $400,000.00, referenced in paragraph 1, from May 2014, until Mr. Schultz's property is sold;

3. For prejudgment interest at the rate of 10% as provided in Utah Code §15-1-1(2);

4. For cost incurred by Mr. Schultz in prosecuting this complaint;

5. For post judgment costs incurred in satisfying the judgment entered in this matter;

6. For post judgment interest at the maximum rate, allowed by law, until judgment in this matter is satisfied;

7. For punitive damages against Michael Averett, Jonathan Blotter, Eric Bunker, Lynn Crisler, Lambert Deegan, Michael Duggin, Diane Grose, Daniel Harvath, Francis Smith, and Gary Walton, in an amount to be determined at trial of this matter, but not less than $583,900.00;

8. For such other and further relief as to the Court appears just and equitable.

On his Eight, Ninth, Fifteenth, and Sixteenth causes of action, against Michael Averett, Jonathan Blotter, Eric Bunker, Lynn Crisler, Lambert Deegan, Michael Duggin, Diane Grose, Daniel Harvath, Francis Smith, Gary Walton, Heather Bateman, Kasey Bateman, Jay Binkerd, Jonathan Blotter, Eric Bunker, John Glodowski, Kim Norris, Pam Skinner, Lance Turner, Gary Weight, and the Township of Daniel:

    1.   For an amount to be proven at trial of this matter, but not less than $400,000.00, as a result of the unlawful taking of Mr. Schultz's property;

    2.   For interest on the $400,000.00, referenced in paragraph 1, from May 2014, until Mr. Schultz's property is sold;

    3.   For prejudgment interest at the rate of 10% as provided in Utah Code §15-1-1(2);

    4.   For cost incurred by Mr. Schultz in prosecuting this complaint;

    5.   For post judgment costs incurred in satisfying the judgment entered in this matter.

    6.   For post judgment interest at the maximum rate, allowed by law, until judgment in this matter is satisfied.

    7.   For punitive damages against Michael Averett, Jonathan Blotter, Eric Bunker, Lynn Crisler, Lambert Deegan, Michael Duggin, Diane Grose, Daniel Harvath, Francis Smith, Gary Walton, Heather Bateman, Kasey Bateman, Jay Binkerd, Jonathan Blotter, Eric Bunker, John Glodowski, Kim Norris, Pam Skinner, Lance Turner, and Gary Weight, in an amount to be determined at trial of this matter, but not less than $583,900.00;

    8.   For such other and further relief as to the Court appears just and equitable.

On his Tenth, Eleventh, Twelfth, and Thirteenth causes of action, against Eric Bunker and Lynne Schindurling:

    1.   For an amount to be proven at trial of this matter, but not less than $400,000.00, as a result of the unlawful taking of Mr. Schultz's property;

2.  For interest on the $400,000.00, referenced in paragraph 1, from May 2014, until Mr. Schultz's property is sold;

3.  For prejudgment interest at the rate of 10% as provided in Utah Code §15-1-1(2);

4.  For cost incurred by Mr. Schultz in prosecuting this complaint;

5.  For post judgment costs incurred in satisfying the judgment entered in this matter;

6.  For post judgment interest at the maximum rate, allowed by law, until judgment in this matter is satisfied;

7.  For punitive damages against Eric Bunker and Lynne Schindurling in an amount to be determined at trial of this matter, but not less than $583,900.00.

8.  For such other and further relief as to the Court appears just and equitable.

<u>On his Seventeenth cause of action, against the Township of Daniel</u>

1.  For an amount to be proven at trial of this matter, but not less than $16,000.00, as a result of the overpayment of taxes on Mr. Schultz's property;

2.  For interest on the $16,000.00, referenced in paragraph 1, from January 1, 2006 through December 31, 2013;

3.  For prejudgment interest at the rate of 10% as provided in Utah Code §15-1-1(2);

4.  For cost incurred by Mr. Schultz in prosecuting this complaint;

5.  For post judgment costs incurred in satisfying the judgment entered in this matter;

6.  For post judgment interest at the maximum rate, allowed by law, until judgment in this matter is satisfied;

7.  For such other and further relief as to the Court appears just and equitable.

-48-

Dated this _7th_ day of September 2015.

/s/ Charles A. Schultz

## VERIFICATION

I hereby certify that this Complaint is true and correct to the best of my knowledge, information and belief, based on my personal knowledge, research and documents and information provided to me by others.

.   Pursuant to the provisions of UCA §78B-5-705, I declare under criminal penalty of the State of Utah that the foregoing is true and correct, to the best of my knowledge, information and belief, based on my personal knowledge, research and documents and information provided to me by others.

Dated this 7th day of September 2015.

/s/ *Charles A. Schultz*