IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| CHARLES SCHULTZ,<br><br>                      Plaintiff,<br><br>v.<br><br>MICHAEL AVERETT, HEATHER BATEMAN, KASEY BATEMAN, JAY BINKERD, JONATHAN BLOTTER, ERIC BUNKER, LYNN CRISLER, LAMBERT DEEGAN, MICHAEL DUGGIN, JOHN GLODOWSKI, DIANE GROSE, DANIEL HARVATH, KIM NORRIS, ED PRESSGROVE, LANCE TURNER, PAM SKINNER, LYNNE SCHINDURLING, FRANCIS SMITH, GARY WALTON, GARY WEIGHT, THE TOWNSHIP OF DANIEL, and JOHN OR JANE DOES 1 through 10,<br><br>                      Defendants. | **REPORT AND RECOMMENDATION TO DENY MOTION TO REMAND** (ECF NO. 11)<br><br><br>Case No. 2:15-cv-00720-JNP-EJF<br><br><br>District Judge Jill N. Parrish<br><br>Magistrate Judge Evelyn J. Furse |

Plaintiff Charles Schultz, proceeding *pro se*, moves the Court to remand this action to the Fourth Judicial District Court, Wasatch County, Utah. (Mot. to Remand 1, ECF No. 11.) Having considered the parties' briefing and case record, the undersigned[1] RECOMMENDS the Court deny Mr. Schultz's Motion to Remand because the Complaint provides a jurisdictional basis for the Court to hear the case.[2]

---

[1] On December 2, 2015, District Judge Jill N. Parrish referred this case to the undersigned Magistrate Judge under 28 U.S.C. § 636(b)(1)(B). (ECF No. 13.)
[2] Pursuant to Civil Rule 7-1(f) of the Rules of Practice for the United States District Court for the District of Utah, the undersigned finds oral argument unnecessary and makes its recommendation on the basis of the pleadings and written memoranda.

**FACTUAL AND PROCEDURAL HISTORY**

On September 7, 2015, Mr. Schultz served a summons and complaint on the Town of Daniel and twenty individuals. (*See* Summons & Compl., Notice of Removal, ECF No. 2-2.) Mr. Schultz filed the complaint in the Fourth Judicial District Court, Wasatch County, Utah on September 25, 2015. (*Schultz v. Averett et al.*, No. 150500078, Docket Sheet (4th Dist. Heber City printed Nov. 4, 2015), Mot. to Remand 13, ECF No. 11.) On October 6, 2015, twenty nine days after service, the Defendants removed the matter to this Court based upon federal question jurisdiction under 28 U.S.C. § 1331 and supplemental jurisdictional under 28 U.S.C. § 1367 and served a copy of the Notice of Removal on Mr. Schultz and the state court clerk. (*Schultz v. Averett et al.*, No. 2:15-cv-720-JNP-EJF (D. Utah filed Oct. 6, 2015), Notice of Removal from Fourth Judicial District Court, Wasatch County ("Notice of Removal I") 2, ECF No. 2.) On October 20, 2015, the Defendants answered the Complaint. (ECF No. 6.)

On October 19, 2015, Mr. Schultz filed an amended complaint in the state court case. (*Schultz v. Averett et al.*, No. 150500078, Docket Sheet (4th Dist. Heber City printed Nov. 4, 2015), Mot. to Remand 13, ECF No. 11.) Mr. Schultz did so in error. Once a defendant removes a matter to federal court no filings in the state court case have any effect. *Cf.* 28 U.S.C. § 1446(d) (reflecting that once the defendant effects removal, "the State court shall proceed no further unless and until the case is remanded"); 14C Charles Alan Wright, Arthur R. Miller, & Joan E. Steinman, Fed. Prac. & Proc. § 3736 (4th ed.) (observing that upon removal "any post-removal proceedings in the state court are considered coram non judice ['not before a judge'] and will be vacated by the federal court"). The Defendants in turn filed an Amended Notice of Removal on the same grounds as the first removal. (Am. Notice of Removal from Fourth Judicial District Court, Wasatch County ("Notice of Removal II") 2, ECF No. 8.) Because the

amendment had no effect, the subsequent Amended Notice of Removal had no effect. *Cf.* 28 U.S.C. § 1446(d). Therefore, the undersigned disregards the Amended Complaint, the Amended Notice of Removal, and the Amended Answer.

The Complaint pleads seventeen causes of action, with three arising under federal law – unlawful taking of property in violation of the Fifth and Fourteenth Amendments to the United States Constitution (First Cause of Action); violation of Due Process, as guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution (Third Cause of Action); arbitrary and capricious interpretation and enforcement of township code provisions in violation of the Sixth Amendment to the United States Constitution (Fourteenth Cause of Action) – and the remaining arising under state constitutional, statutory, and common law. (*See* Compl. 10–46, attached as Ex. 1 to Notice of Removal, ECF No. 2-2.)

On November 16, 2015, Mr. Schultz filed a Motion to Remand, arguing that the Court must remand the case to the state court based on his agreement with the Defendants' affirmative defense that the Court lacks subject matter jurisdiction. (Mot. to Remand (Mot.) 8–9, ECF No. 11.) The Defendants filed an Opposition to the Motion to Remand arguing that the Amended Complaint clearly establishes federal question jurisdiction at the time of removal and that the Defendants' affirmative defense is irrelevant to the remand question. (Mem. in Opp'n to Pl.'s Mot. to Remand 1–2 (Opp'n), ECF No. 14.) Mr. Schultz replied, reiterating his arguments in favor of remand. (Reply Mem. in Support of Mot. to Remand (Reply) 4–10, ECF No. 15.)

## DISCUSSION

28 U.S.C. § 1441 governs the removal of civil actions and states:

> [e]xcept as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the

district court of the United States for the district and division embracing the place where such action is pending.

28 U.S.C. § 1441(a). Defendants may remove "those cases 'that originally could have been filed in federal court.'" *Hunt v. Lamb*, 427 F.3d 725, 726 (10th Cir. 2005) (quoting *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987)); *see* 28 U.S.C. §1441(a).

### I. The Defendants Properly Removed This Case because Mr. Schultz's Amended Complaint States Federal Claims on its Face.

This Court has original jurisdiction over the federal claims in Mr. Schultz's Complaint, making Defendants' removal proper. Pursuant to 28 U.S.C. § 1331, "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." To find federal question jurisdiction under 28 U.S.C. § 1331, a question of federal law must appear on the face of the plaintiff's well-pled complaint. *Nicodemus v. Union Pac. Corp.*, 318 F.3d 1231, 1236 (10th Cir. 2003).

Mr. Schultz's Complaint alleges violations of the Fifth, Sixth, and Fourteenth Amendments to the United States Constitution, among other claims for which he seeks relief. (*See* Compl. 10–11, 13–15, 34–36, ECF No. 2-2.) The undersigned RECOMMENDS the District Court find it has federal question jurisdiction because federal issues appear on the face of Mr. Schultz's Complaint.[3]

Mr. Schultz and counsel for the Defendants had discussions regarding the naming of one of the parties Township of Daniel rather than Town of Daniel. Without addressing the significance of this difference as to other aspects of the case, the undersigned notes that it does

---

[3] Because the Court has original jurisdiction over the federal claims in this case, the Court may exercise supplemental jurisdiction over all other claims within the same case or controversy. *See* 28 U.S.C. § 1367.

4

not have any impact on whether federal question jurisdiction appears on the face of the Complaint.

## II. The Defendants' Affirmative Defense Does Not Bind The Defendants.

Mr. Schultz opposes removal of this matter because the Defendants assert the Court lacks subject matter jurisdiction as their fourth affirmative defense to the Complaint. (Mot. 8–9, ECF No. 11.) However, affirmative defenses do not necessarily bind defendants. Mr. Schultz cites *Rosenhan v. United States*, 131 F.2d 932 (10th Cir. 1942), in support of his position that an affirmative defense entails a binding admission on a defendant's part. (Reply 7, ECF No. 15.) However, the *Rosenhan* court faced a distinct scenario than this case presents. The defendant in *Rosenhan* filed a motion for judgment on the pleadings, by which the defendant admitted all well-pled facts in the pleadings. *Rosenhan*, 131 F.2d at 934. The court noted that such a motion does not admit conclusions of law and thus proceeded to resolve the legal question the case presented. *Id.* Likewise, a court's determination of whether it has subject matter jurisdiction over a case constitutes a conclusion of law independent of the parties' representations on the issue. *See Aves By & Through Aves v. Shah*, 997 F.2d 762, 767 (10th Cir. 1993) (noting parties can neither consent to nor waive subject matter jurisdiction). Indeed, parties may not "admit" a court's subject matter jurisdiction over a case. *See id.* Thus, the undersigned finds *Rosenhan* both procedurally distinct and inapposite.

Defendants claim they raise their lack of subject matter jurisdiction defense so as to avoid waiving the defense. (Opp'n 7, ECF No. 14.) Yet parties may never waive a defect in subject matter jurisdiction. *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006) ("[S]ubject-matter jurisdiction, because it involves a court's power to hear a case, can never be forfeited or

waived.") (quoting *United States v. Cotton*, 535 U.S. 625, 630 (2002)). Therefore, the Defendants did not need to fear waiver of their subject matter jurisdiction defense.

Nonetheless, "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3); *Arbaugh*, 546 U.S. at 506; see *State Farm Mut. Auto. Ins. Co. v. Narvaez*, 149 F.3d 1269, 1270–71 (10th Cir. 1998) (noting a court "must, sua sponte, satisfy itself of its power to adjudicate in every case and at every stage of the proceedings" ) (quoting *Tafoya v. U.S. Dep't of Justice*, 748 F.2d 1389, 1390 (10th Cir. 1984)). However, "federal courts have a strict duty to exercise the jurisdiction that is conferred upon them by Congress." *Quackenbush v. Allstate Ins. Co*., 517 U.S. 706, 716 (1996). Therefore, the undersigned RECOMMENDS that, at this stage in the litigation, the District Court find it has subject matter jurisdiction. If that changes due to developments in the case, the Court will revisit the issue.

**III.     The Convenience of the Parties Does Not Provide an Adequate Basis for Remand.**

Mr. Schultz also asserts that litigating this case in federal court in Salt Lake City inconveniences the parties and the witnesses. (Reply 8–10, ECF No. 15.) Courts do not consider issues of convenience on removal. Under 28 U.S.C. § 1447(c), a federal court will remand a case for lack of subject matter jurisdiction discovered at any time before final judgment, or "on the basis of any defect other than subject matter jurisdiction" identified in a motion to remand made within thirty days of removal. Mr. Schultz identifies no defect in removal – jurisdictional or otherwise – that would defeat removal at this stage. Defendants may remove any action over which the federal courts have original jurisdiction to the federal district court in which the state court resides. See 28 U.S.C. § 1441(a); *Huffman v. Saul Holdings Ltd. P'ship*, 194 F.3d 1072, 1078 (10th Cir. 1999) (noting that a defendant has a "congressionally bestowed right to remove"

a case where the case meets federal jurisdictional requirements).  Any considerations of proximity beyond that have no relevance to the removal question.

Once a party removes a case, the parties must make all filings in federal court, unless and until the Court remands the case to the state court.  The undersigned RECOMMENDS the District Court deem the Amended Complaint, (ECF No. 8-2), filed in this Court on October 19, 2015 and the Amended Answer filed in this Court October 26, 2015, (ECF No. 9).

## RECOMMENDATION

Because Mr. Schultz's Complaint provides a jurisdictional basis for the Defendants remove the case, the undersigned RECOMMENDS the Court deny Mr. Schultz's Motion to Remand, (ECF No. 11).  The undersigned further RECOMMENDS the District Court deem the Amended Complaint, (ECF No. 8-2), filed in this Court on October 19, 2015 and the Amended Answer filed in this Court October 26, 2015, (ECF No. 9).

The Court will send copies of this Report and Recommendation to the parties, who the Court hereby notifies of their right to object to the same.  The Court further notifies the parties that they must file any objection to this Report and Recommendation with the clerk of the district court, pursuant to 28 U.S.C. § 636(b) and Fed. R. Civ. P. 72(b), within fourteen (14) days of service thereof.  Failure to file objections may constitute waiver of objections upon subsequent review.

DATED this 11th day of August, 2016.

BY THE COURT:

*Evelyn J. Furse*
EVELYN J. FURSE
United States Magistrate Judge