| | |
|---|---|
| CHARLES SCHULTZ,<br><br>              Plaintiff,<br><br>v.<br><br>MICHAEL AVERETT, HEATHER BATEMAN, KASEY BATEMAN, JAY BINKERD, JONATHAN BLOTTER, ERIC BUNKER, LYNN CRISLER, LAMBERT DEEGAN, MICHAEL DUGGIN, JOHN GLODOWSKI, DIANE GROSE, DANIEL HARVATH, KIM NORRIS, ED PRESSGROVE, LANCE TURNER, PAM SKINNER, LYNNE SCHINDURLING, FRANCIS SMITH, GARY WALTON, GARY WEIGHT, THE TOWNSHIP OF DANIEL, and JOHN OR JANE DOES 1 through 10,<br><br>              Defendants. | **REPORT AND RECOMMENDATION TO GRANT IN PART AND DENY IN PART PLAINTIFF'S MOTION FOR LEAVE TO ADD THE TOWN OF DANIEL AS A DEFENDANT (ECF NO. 20)**<br><br><br>Case No. 2:15-cv-00720-JNP-EJF<br><br><br>District Judge Jill N. Parrish<br><br>Magistrate Judge Evelyn J. Furse |

Plaintiff Charles Schultz, an attorney proceeding pro se, moves the Court[1] to add

the Town of Daniel as a defendant in his case after mistakenly naming the Township of

Daniel, a non-existent entity.  (Mot. to Add the Town of Daniel as a Def. ("Mot."), ECF

No. 20.)  The Daniel Defendants argue this Court should deny Mr. Schultz's Motion as

futile because governmental immunity and the statutes of limitations bar Mr. Schultz's

claims against the Town of Daniel, and the Court would dismiss any amended

complaint.  (Mem. in Opp'n to Mot. to Add the Town of Daniel as a Def. ("Opp'n"), ECF

---

[1] On December 2, 2015, District Judge Jill N. Parrish referred this case to the
undersigned Magistrate Judge under 28 U.S.C. § 636(b)(1)(B).  (ECF No. 13.)

No. 21.)  After considering the parties' briefing and the applicable law, the undersigned RECOMMENDS the District Court grant Mr. Schultz's Motion in part and deny in part. Specifically, the undersigned RECOMMENDS the District Judge deny Mr. Schultz's Motion to amend his claims of tortious interference—claims eight and nine—and infliction of emotional distress—claims fifteen and sixteen—against the Town of Daniel as futile because the Governmental Immunity Act bars them.  The undersigned also RECOMMENDS denying Mr. Schultz's Motion to amend his claim under Utah Code section 17-27a-510 as futile because that code section does not apply to the Town of Daniel.  Otherwise, the undersigned RECOMMENDS the District Judge permit Mr. Schultz to amend his Complaint because no statute of limitations appears to bar any of his claims, and the misnaming of the Township of Daniel rather than the Town of Daniel caused no prejudice.

## I. LEAVE TO AMEND

Under Federal Rule of Civil Procedure ("Rule") 15(a)(2), a court shall freely grant leave to amend "when justice so requires."  Fed. R. Civ. P. 15(a)(2).  A court "generally refuse[s] leave to amend only on 'a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment.'"  Duncan v. Manager, 397 F.3d 1300, 1315 (10th Cir. 2005) (quoting Frank v. U.S. West, Inc., 3 F.3d 1357, 1365 (10th Cir. 1993)). "A proposed amendment is futile if the complaint, as amended, would be subject to dismissal."  Watson ex rel. Watson v. Beckel, 242 F.3d 1237, 1239-40 (10th Cir. 2001). Because the Court employs the motion to dismiss standard it must take all well-pled

factual allegations as true.  <u>Lane v. Page</u>, 727 F. Supp. 2d 1214, 1218, 1234–35

(D.N.M. 2010); <u>Pedro v. Swift-Eckrich</u>, 118 F. Supp. 2d 1155, 1158 (D. Kan. 2000).

## II.  FACTUAL AND PROCEDURAL HISTORY

On June 1, 1999, Mr. Schultz purchased a home on 3.71 acres in Wasatch

County, Utah.  (Summons & Compl. ("Compl.") ¶ 14, ECF No. 2-2.)  At the time of

purchase, Wasatch County zoned the property residential/agriculture ("RA").  (<u>Id.</u> at ¶

19.)  On May 1, 2002, a fire destroyed the home.  (<u>Id.</u> at ¶¶ 18–19.)  In 2002, Wasatch

County rezoned Mr. Shultz's property from RA to residential/agriculture five-acre

minimum ("RA5").  (<u>Id.</u> at ¶ 33.)  Mr. Schultz alleges that, although Wasatch County

rezoned his property RA-5, Wasatch County grandfathered in his property and

considered it a residential building lot.  (<u>Id.</u> at ¶ 34.)

In March 2006, the Town of Daniel filed articles of incorporation with the Wasatch

County Recorder; Mr. Schultz's property sits in the Town of Daniel.  (<u>See</u> <u>id.</u> at ¶¶ 20,

23–26.)  No one notified Mr. Schultz of the Town of Daniel's incorporation, and he did

not learn of it until April or May of 2014.  (<u>Id.</u> at ¶¶ 23–26.)  In 2006 or 2007, the Town of

Daniel passed a code that rezoned Mr. Schultz's property from RA to agriculture.  (<u>Id.</u> at

¶¶ 42–43, 50.)  The Town of Daniel never informed Mr. Schultz that it rezoned his

property.  (<u>Id.</u> at ¶ 44.)  In fact, Mr. Schultz continued to pay taxes on his property as a

residential lot and therefore overpaid his property taxes to the Town of Daniel.  (<u>Id.</u> at ¶¶

45, 52–54.)

Mr. Schultz first learned the Town of Daniel had rezoned his property in April or

May of 2014 while attempting to sell his property.  (<u>Id.</u> ¶ 27.)  After experiencing difficulty

selling the property, Mr. Schultz contacted the Town of Daniel

who told him a home could not be constructed on his property, because the Town[] of Daniel had passed Daniel Town[] Code, Section 8.22.03, that states that Mr. Schultz could not build a new home on his property, because he did not construct a new home on his property, within one year after the home on the property was destroyed by fire, on May 1, 2002, even though the Town[] of Daniel did not exist until 2006, and did not enact its town[] code until 2006, at the earliest, unless Mr. Schultz could provide the Town[] of Daniel with a document called a "lot of record."

(Id. ¶ 27.)  Mr. Schultz alleges that multiple representatives from the Town of Daniel "told numerous people who were interested in purchasing Mr. Schultz's property, that they could not build a home on the property."  (Id. ¶ 31.)

Between September 15, 2014 and March 10, 2015, Mr. Schultz engaged in multiple attempts to determine whether the Town of Daniel would issue a building permit for his lot.  (Id. ¶¶ 36–41.)  On March 10, 2015, Eric Bunker, the Town of Daniel Planning Director, sent Mr. Schultz a letter confirming that the Town of Daniel would not issue a building permit to Mr. Schultz.  (Id. ¶ 47.)  On March 30, 2015, Mr. Schultz filed a notice of claim against the Town of Daniel.  (Id. ¶ 57.)  Ultimately, Mr. Schultz alleges his "property, under its present zoning, i.e., simply an agriculture lot, is virtually worthless, as no one can build a home on it, and 3.71 acres is not large enough for any type of agriculture use."  (Id. ¶ 43.)

On September 25, 2015, Mr. Schultz filed a Complaint against the Town of Daniel and twenty individuals.  (R & R to Deny Mot. to Remand (ECF No. 11) 2, ECF No. 17.) The Complaint pleads thirteen causes of action against the Town of Daniel, with three arising under federal law—unlawful taking of property in violation of the Fifth and Fourteenth Amendments to the United States Constitution (first cause of action); violation of Due Process, as guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution (third cause of action); arbitrary and capricious interpretation

and enforcement of township code provisions in violation of the Sixth Amendment to the United States Constitution (fourteenth cause of action)—and the remaining claims arising under state constitutional, statutory, and common law, including unlawful taking in violation of the Utah Constitution, Utah Code, and Daniel Township Code (second, fifth, sixth, and seventh causes of action), violation of due process under the Utah Constitution (fourth cause of action), tortious interference with economic relations (eighth cause of action), tortious interference with business relations (ninth cause of action), intentional infliction of emotional distress (fifteenth cause of action), negligent infliction of emotional distress (sixteenth cause of action), and fraudulent over collection of taxes, demand for refund of overpayment of taxes, theft by deception and fraud (seventeenth cause of action).  (Compl. 10–46, ECF No. 2-2.)

On October 6, 2015, twenty nine days after service, the Daniel Defendants removed the matter to this Court.  (R & R 2, ECF No. 17.)  On October 20, 2015, the Daniel Defendants answered the Complaint.  (ECF No. 6.)

Mr. Schultz now moves the Court to add the Town of Daniel as a defendant after mistakenly naming the Township of Daniel, a non-existent entity.  (Mot., ECF No. 20.) The Court construes Mr. Schultz's Motion as a motion to amend under Rule 15(a)(2). Courts allow plaintiffs to amend captions and correct misnomers when "the plaintiff actually sued and served the correct party, the party he intended to sue, but mistakenly used the wrong name of defendant."  Hornady Mfg. Co. v. Doubletap Ammunition, Inc., No. 2:11-cv-18 TS, 2013 WL 1620023, at *3 (D. Utah Apr. 15, 2013) (quoting Graves v. Gen. Ins. Corp., 412 F.2d 583, 585 (10th Cir. 1969)) (unpublished).  "The defendant, in these cases, of course, had notice of the suit within the statutory period and was not

prejudiced by a technical change in the style of the action." <u>Graves</u>, 412 F.2d at 585 (discussing Fed. R. Civ. P. 15(c)). Thus, as a general principle, the District Court should Grant Mr. Schultz's Motion to correct the name of the defendant Township of Daniel to Town of Daniel.

## II. DISCUSSION

The Daniel Defendants argue this Court should deny Mr. Schultz's Motion as futile because the Court would dismiss any amended complaint against the Town of Daniel because governmental immunity and statutes of limitations bar Mr. Schultz's claims against the Town of Daniel. (Opp'n 3, ECF No. 21.) Accordingly, the Court considers (1) whether governmental immunity bars Mr. Schultz's claims against the Town of Daniel and (2) whether statutes of limitations bar Mr. Schultz's claims against the Town of Daniel.

### A. Governmental Immunity

The Daniel Defendants argue the Utah Governmental Immunity Act ("the Act") bars Mr. Schultz's tort claims against the Town of Daniel, namely Mr. Schultz's claims for tortious interference with economic relations (eighth cause of action) through the rezoning of his property, tortious interference with prospective business relations (ninth cause of action) through the denial of his request for a building permit, intentional infliction of emotional distress (fifteenth cause of action) by rezoning his property and denying him a building permit, and negligent infliction of emotional distress (sixteenth cause of action) by rezoning his property and denying him a building permit. (Opp'n 6, ECF No. 21.) Mr. Schultz contends the Act does not provide immunity for intentional

causes of action; thus, the Town of Daniel lacks immunity from his tortious interference and intentional infliction of emotional distress claims.  (Reply 6–7, ECF No. 22.)

The Act provides governmental entities and employees with blanket immunity from suit for injuries "that result[] from the exercise of a governmental function."  Utah Code Ann. § 63G-7-201(1).  The Act defines a governmental function as "each activity, undertaking, or operation of a governmental entity."  Utah Code Ann. § 63G-7-102(5)(a).  Governmental function "includes a governmental entity's failure to act."  Utah Code Ann. § 63G-7-102(5)(c).  Under the current version of the Act, "[a] governmental entity and an employee of a governmental entity retain immunity from suit unless that immunity has been expressly waived in this chapter."  Utah Code Ann. § 63G-7-101(3).  The legislature added that language in 2015, and it became effective May 12, 2015.  The acts giving rise to the claim of tortious interference with economic relations—the rezone of Mr. Schultz's property—occurred in 2006 or 2007.  (Compl. ¶¶ 42-43, 50, ECF No. 2-2.)  The acts giving rise to the tortious interference with prospective business relations and the acts giving rise to the infliction of emotional distress claims—the denial of the building permit—occurred on March 10, 2015.  (Id. ¶ 47.)  Thus, the Act in place as of those dates applies to these causes of action.  See Moss v. Pete Suazo Utah Athletic Comm'n, 2007 UT 99, ¶ 1 n.1, 175 P.3d 1042 (noting application of governmental immunity act in place at time a death at issue).  Under the prior versions of the Act applicable in this case, the Utah Supreme Court engaged in a three step process that considered 1) "whether the Act affords immunity to the governmental conduct", 2) if so, "whether the Act waives immunity in the particular circumstance at issue", and 3) if a

waiver exists, "whether the governmental action qualifies as an exception to the waiver of immunity." Kerr v. City of Salt Lake, 2013 UT 75, ¶ 12, 322 P.3d 669.

Here, the Town of Daniel engaged in governmental functions when it rezoned Mr. Schultz's property and when it denied him a building permit. Therefore, governmental immunity protects the Town of Daniel. Section 63G-7-301(4) (2014)[2] waived governmental entity immunity for negligent acts committed by governmental employees within the scope of their employment. The governmental immunity act in place in 2006 and 2007 included [nearly] identical provisions. Utah Code Ann. § 63-30d-301(4) (2005), (2007). The Town of Daniel asserts section 63G-7-201(4)(b) expressly excludes interference with contract rights and infliction of mental anguish from any waiver of immunity. (Opp'n 8, ECF No. 21). The Act, as it existed in March 2015, did not include that provision, but it did expressly state that immunity was not waived under section 63G-7-301(4) for claims of "interference with contract rights" or "infliction of mental anguish." Utah Code Ann. § 63G-7-301(5)(b) (2014). The 2005 and 2007 governmental immunity acts, contained identical provisions. Utah Code Ann. § 63-30d-301(5)(b) (2005), (2007). Nothing in the Act in effect in March 2015 waived governmental immunity of governmental entities for intentional torts. Similarly, the governmental immunity acts in place in 2006 and 2007 omitted any waiver of governmental entity immunity for intentional torts. See accord, P.J. ex rel. Jensen v. Utah, No. 2:05cv00739 PGC, 2006 WL 1702585, *3 (D. Utah June 16, 2006) (unpublished) (applying 2003 version of the Act); see also Miller v. Utah, 638 F. App'x

---

[2] Section 63G-7-301(2)(i) (2017), which waives immunity "as to any injury proximately caused by a negligent act or omission of an employee committed within the scope of employment" with a couple of exceptions, did not exist at the time the causes of action at issue occurred.

707, 715 (10th Cir. 2016) (unpublished) (finding "no provisions in the Act waiving immunity for intentional torts" when applying subsequent version of the Act). The Act did permit claims against governmental employees in their individual capacities for intentional torts. Utah Code Ann. §§ 63–30d–202(3)(c)(i) (2004), 63G-7-202(3)(c)(i) (2008), (2014).

### 1. Governmental Immunity Shields the Town of Daniel from Tortious Interference Claims

Mr. Schultz contends the Act waives the Town of Daniel's immunity from his tortious interference with economic and business relations claims. The Act, Mr. Schultz argues, prevents immunity waiver "for any injury proximately caused by a negligent act or omission" but not for injuries caused by intentional acts, as alleged by Mr. Schultz. (Reply 9, ECF No. 22.)

To prevail on a claim for tortious interference with economic or business relations, a plaintiff must prove "(1) that the defendant intentionally interfered with the plaintiff's existing or potential economic relations (2) . . . by improper means, (3) causing injury to the plaintiff." Eldridge v. Johndrow, 2015 UT 21, ¶ 70, 345 P.3d 553 (citing and noting deviation from Leigh Furniture & Carpet Co. v. Isom, 657 P.2d 293, 307 (Utah 1982)). Tortious interference with economic relations—current or prospective— constitutes an intentional tort. Id. Mr. Schultz has not cited, nor can the undersigned find, any provision of the Act in effect in either 2006 or 2007, for his eighth cause of action, or in effect in March 2015, for his ninth cause of action that waives immunity for intentional torts. Accordingly, the Town of Daniel retains immunity from Mr. Schultz's tortious interference claims because the Act does not waive immunity for intentional

torts.  Therefore, the undersigned RECOMMENDS the District Judge deny Mr. Schultz's

Motion to amend his tortious interference claims against the Town of Daniel as futile.

### 2. Governmental Immunity Shields the Town of Daniel from Intentional Infliction of Emotional Distress Claim

Mr. Schultz also argues that because section 63G-7-201(4) specifically excepts

from waiver injuries arising from negligent acts or omissions, the Act does not bar his

intentional infliction of emotional distress claim.  (Reply 7, ECF No. 22.)  Mr. Schultz

reasons that the lack of reference to intentional acts in section 63G-7-201(4) means that

it waives governmental immunity as to intentional acts.  Mr. Schultz's argument misses

the mark because the Act in place in March 2015 did not waive immunity for intentional

torts.

As previously discussed, under the versions of the Act applicable to these claims,

the Utah Supreme Court engaged in a three step process that considered 1) "whether

the Act affords immunity to the governmental conduct", 2) if so, "whether the Act waives

immunity in the particular circumstance at issue", and 3) if a waiver exists, "whether the

governmental action qualifies as an exception to the waiver of immunity."  Kerr, 2013 UT

75, ¶ 12.

Here, the Town of Daniel engaged in a governmental function when it denied Mr.

Schultz a building permit.  Therefore, governmental immunity protects the Town of

Daniel.  Mr. Schultz has not directed this Court to, nor can this Court find, any provision

of the Act in place in March 2015 that waives immunity for claims of intentional infliction

of emotional distress.  See accord, P.J. ex rel. Jensen, 2006 WL 1702585, *3 (applying

2003 version of the Act); see Miller, 638 F. App'x at 715 (applying May 2015 version of

the Act).  Accordingly, governmental immunity shields the Town of Daniel from Mr.

Schultz's intentional infliction of emotional distress claim. The undersigned therefore RECOMMENDS the District Judge Deny Mr. Schultz's Motion to amend his intentional infliction of emotional distress claim as futile because governmental immunity bars it.

### 3. Governmental Immunity Shields the Town of Daniel from the Negligent Infliction of Emotional Distress Claim

Mr. Schultz argues the Town of Daniel lacks immunity from his negligent infliction of emotional distress claim because "Bunker's decision to ignore both UCA § 10-9a-511(3) (a), or § 8.22.03 of Daniel's own Code, and determine that my property is not a lot upon which a residential building can be built was not '*a negligent act or omission*' '*committed within the scope of*' his '*employment*,' but rather a deliberate and conscious decision." (Reply 9, ECF No. 22.) Mr. Schultz's argument fails. Mr. Schultz cannot plead negligent infliction of emotional distress on the one hand yet qualify the Town of Daniel's negligence as intentional on the other hand.

As above, the undersigned engages in a three step process to determine whether a governmental entity had immunity. Kerr, 2013 UT at ¶ 12. Here, the Town of Daniel engaged in governmental functions when it denied Mr. Schultz a building permit. Therefore, governmental immunity protects the Town of Daniel. Section 63G-7-301(4) (2014) waived governmental entity immunity for negligent acts committed by governmental employees within the scope of their employment. Thus, the Act waived immunity for negligent torts. Turning to the third step, the Act expressly stated an exception to that waiver for claims of "infliction of mental anguish." Utah Code Ann. § 63G-7-301(5)(b) (2014). Hence, the plain language of the Act precludes waiver of immunity on Mr. Schultz's claim for negligent infliction of emotional distress. Accordingly, the undersigned RECOMMENDS the District Judge deny Mr. Schultz's

Motion to amend his negligent infliction of emotional distress claim as to the Town of Daniel as futile because the Governmental Immunity Act bars it.

## B. Statutes of Limitation

The Daniel Defendants argue the statutes of limitations on Mr. Schultz's claims against the Town of Daniel began to run in 2006 or 2007 when the Town of Daniel enacted the zoning ordinance at issue and now bar all of Mr. Schultz's claims. (Opp'n 3, ECF No. 21.) Mr. Schultz counters that the statutes of limitations began running on March 10, 2015 when Mr. Bunker sent a letter to Mr. Schultz confirming that "[t]he documents you produced do not give enough evidence to issue a building permit, on this lot, at this time." (Reply Ex. 11, Reply 4, ECF No. 22.)

### 1. Unlawful Taking of Property in Violation of the United States Constitution (First Cause of Action), Utah Constitution (Second Cause of Action)

The Daniel Defendants argue that a four-year statute of limitations bars Mr. Schultz's first and second causes of action. (Opp'n 5, ECF No. 21.) Mr. Schultz counters that the applicable statutes of limitations do not bar his takings claims because "until Bunker officially stated that [his] property is not a lot upon which a residential building can be constructed, on March 10, 2015, in violation of UCA § 10-9a-511(3) (a) Daniel code § 8.22.03, [he] had no valid claim against Daniel or the other defendants." (Reply 5, ECF No. 22.)

Mr. Schultz's first cause of action alleges a taking in violation of the Fifth and Fourteenth Amendments of the United States Constitution through the "rezoning of Mr. Schultz's property to simply an agricultural lot, upon which no home may be constructed, from a residential lot upon which a home can be constructed." (Compl. ¶

61, ECF No. 2-2.)  This claim falls under 42 U.S.C. § 1983.  In Utah, the four-year

statute of limitations applies to § 1983 claims.  Mismash v. Murray City, 730 F.2d 1366,

1367 (10th Cir. 1984); Hatch v. Boulder Town Council, No. 2:01-cv-00071 PGC, 2007

WL 2985001, *13 (D. Utah Oct. 10, 2007) (unpublished) (applying four year statute to §

1983 takings claim); see also City of Monterey v. Del Monte Dunes, 526 U.S. 687, 711–

12 (1999) (explaining difference between a condemnation action and a § 1983 claim for

monetary damages resulting from a taking).  A § 1983 claim accrues when the plaintiff

"knows or has reason to know of the injury which is the basis of his action."  Kripp v.

Luton, 466 F.3d 1171, 1175 (10th Cir. 2006) (quoting Johnson v. Johnson Cty. Comm'n

Bd., 925 F.2d 1299, 1301 (10th Cir. 1991)).  The earliest Mr. Schultz could have known

of his injury, based on the Complaint's allegations, was April or May of 2014, about a

year and a half before the filing of the Complaint.  Thus, the statute of limitations does

not bar the § 1983 takings claim, Mr. Schultz's first cause of action.

In his second cause of action, Mr. Schultz alleges that the Daniel Defendants'

rezoning constitutes a taking in violation of Article 1, section 7 of the Utah Constitution.

(Compl. ¶ 67, ECF No. 2-2.)  The Utah Constitution, however, protects private property

from a public taking without just compensation under Article I, section 22.  The

undersigned assumes Mr. Schultz intends a claim under Article I, section 22 of the Utah

Constitution.

In Tolman v. Logan City, 2007 UT App 260, ¶ 10, 167 P.3d 489, 492, the Utah

Court of Appeals recognized that historically a four-year statute of limitations applied to

takings claims and that recently a thirty day statute of limitations applied to a facial

challenge.  However, the Utah Supreme Court, in Peak Alarm Co. v. Salt Lake City

Corp., 2013 UT 8, ¶¶ 20–21, 297 P.3d 592, held that the notice of claim requirement in the Governmental Immunity Act displaces the statutes of limitations otherwise applicable to claims against private people. In Craig v. Provo City, 2016 UT 40, ¶ 16, 389 P.3d 423, the Utah Supreme Court extended that reasoning to all claims against a governmental entity. Therefore, because Mr. Schultz brings this claim against the Town of Daniel, a governmental entity, the timing set forth in the Governmental Immunity Act governs when the passage of time bars the claim. The Utah Legislature has amended the Governmental Immunity Act a number of times over the course of the facts alleged in the Complaint. During that entire period, the Act affirmatively stated that "[t]he statute of limitations does not begin to run until a claimant knew, or with the exercise of reasonable diligence should have known" of the claim. Utah Code Ann. §§ 63G-7-401(1)(b) (2008), (2014), 63-30d-401(1)(b) (2004), (2007).

Mr. Schultz brings an as applied challenge in his second cause of action as he challenges the rezoning of his property, not the enactment of the code generally, and claims the Town of Daniel rezoned his property intentionally and maliciously. (Compl. ¶¶ 65–70, ECF No. 2-2.) As noted above, based on the Complaint's allegations, Mr. Schultz should have known about the rezoning no earlier than April 2014. Under Utah Code section 63G-7-402 (2008), in effect in April 2014, Mr. Schultz had a year to file his notice of claim, and then a year from the denial of his notice of claim to file suit, under Utah Code section 63G-7-403(2)(b) (2008), also in effect in April 2014 through the time of filing in September 2015. On March 30, 2015, Mr. Schultz filed a Notice of Claim with the Town of Daniel. (Compl. ¶ 57, ECF No. 2-2.) Thus, even if the Town of Daniel denied the Notice of Claim that same day, Mr. Schultz met the statute of limitations

14

imposed by the Governmental Immunity Act because he filed the case on September 25, 2015, within one year of March 30, 2015.  (R & R 2, ECF No. 17.)

### 2.  Due Process Claims (Third and Fourth Causes of Action)

The Daniel Defendants argue a four-year statute of limitations bars Mr. Schultz's third and fourth causes of action.  (Opp'n 5, ECF No. 21.)  Mr. Schultz counters applicable statutes of limitations do not bar his due process claims because "until Bunker officially stated that [his] property is not a lot upon which a residential building can be constructed, on March 10, 2015, . . . , [he] had no valid claim against Daniel or the other defendants."  (Reply 5, ECF No. 22.)

Mr. Schultz alleges the Town of Daniel violated his federal (third cause of action) and state (fourth cause of action) due process rights when it rezoned his property "without providing him any notice, of any nature whatsoever" in violation of the United States Constitution and Utah Constitution Article I, section 7.  (Compl. ¶¶ 14, 75-76, 81, ECF No. 2-2.)

In Utah, the four-year statute of limitations set forth in Utah Code section 78B-2-307(3) governs § 1983 claims.  Whitehat v. Coll. of E. Utah, 111 F. Supp. 2d 1161, 1162 (D. Utah 2000); Mismash, 730 F.2d at 1367 (explaining which state statute of limitation applies in § 1983 actions).  While state law governs the applicable statute of limitations, federal law governs the time at which a claim accrues—and under federal law, a § 1983 claim accrues when the plaintiff "knows or has reason to know of the injury which is the bases of his action."  Kripp, 466 F.3d at 1175 (quoting Johnson, 925 F.2d at 1301.

Here, based on the facts alleged, at the very earliest, Mr. Schultz knew or had reason to know of the injury in April or May of 2014 when Mr. Schultz contacted Ms.

Schindurling and learned the Town of Daniel had rezoned his property.  Because Mr.

Schultz filed his lawsuit on September 25, 2015, the four-year statute of limitation does

not bar Mr. Schultz's third cause of action.

As to Mr. Schultz's fourth cause of action for violation of Utah Constitution Article

I, section 7, the statute of limitation began to run when Mr. Schultz "knew or with the

exercise of reasonable diligence should have known" of the claim.  See Utah Code Ann.

§§ 63-30d-401(1)(b) (2004), (2007), 63G-7-401(1)(b) (2008), (2009), (2014).  As noted

above, under the allegations of the Complaint, the earliest Mr. Schultz had reason to

know of his due process claim was in April or May of 2014 when he found out the Town

of Daniel rezoned his property without notice to him.  (See Compl. ¶ 27, ECF No. 2-2.)

Thus, under Utah Code section 63G-7-402 (2008), Mr. Schultz had until April or May of

2015 to file his Notice of Claim.  He filed his Notice of Claim on March 30, 2015, thus

making that deadline in either case.  Further, he filed his case in September 2015,

making the time for filing his Complaint within a year of denial of his Notice of Claim.

See Utah Code Ann. § 63G-7-403 (2008).

### 3.  Unlawful Taking in Violation of Utah Code Section 17-27a-510 (Fifth Cause of Action) and Daniel Township Code Sections 8.22.07 and 8.22.08 (Sixth and Seventh Causes of Action)

The Daniel Defendants argue that the thirty-day statute of limitations of Utah

Code section 10-9a-801 bars Mr. Schultz's challenges under the Town of Daniel

ordinances.  (Opp'n 4, ECF No. 21.)  In his sixth and seventh causes of action, Mr.

Schultz alleges the Daniel Defendants' rezoning constitutes a taking in violation of Town

of Daniel Code sections 8.22.07 and 8.22.08.  (Compl. ¶¶ 95, 102, ECF No. 2-2.)  Mr.

Schultz counters that "the thirty-day statute of limitations in UCA § 10-9a-801(5), is

completely irrelevant to [his] Complaint against the defendants" because he claims the Town of Daniel violated its own ordinances in denying him a building permit and does not contest the validity or lawfulness of the ordinance.  (Reply 2, ECF No. 22.)

The undersigned agrees with Mr. Schultz; section 10-9a-801(5) does not apply to Mr. Schultz's sixth and seventh causes of action.  The causes of action, when read in conjunction with the cited ordinances, claim the Town of Daniel violated its ordinances allowing non-conforming uses and non-conforming lots of record by not allowing Mr. Schultz to build a home.  While the Complaint speaks in terms of "rezone", the context of the claim—citing ordinances related to non-conformities—with the explanation in Mr. Schultz's briefing shows he complains that his denial of a building permit violated the Town of Daniel Code.  Mr. Schultz seeks monetary damages against the Town of Daniel, bringing his claim within the ambit of the Governmental Immunity Act.  <u>See</u> Utah Code Ann. § 63G-7-401(2) (2014).  As discussed above, the notice of claim requirement and statute of limitations provided in the Act supplant any other statutes of limitations.  <u>Craig</u>, 2016 UT 40, ¶ 16; <u>Peak Alarm</u>, 2013 UT 8, ¶¶ 20–21.

Mr. Schultz alleges he received a letter stating the Town of Daniel would not issue him a building permit on March 10, 2015.  (Compl. ¶ 47, ECF No. 2-2.)  Mr. Schultz filed his notice of claim on March 30, 2015, and his lawsuit in September 2015.  (Compl. ¶ 57, ECF No. 2-2; R & R 2, ECF No. 17.)  In doing so, he complied with Utah Code sections 63G-7-402 and -403(2)(b) (2008).

In his fifth cause of action, Mr. Schultz alleges the Town of Daniel's "rezoning" constitutes an unlawful taking in violation of Utah Code section 17-27a-510.  (Compl. ¶ 88, ECF No. 2-2.)  As with the sixth and seventh causes of action, the fifth cause of

action really reflects an appeal of a denial of a building permit given it states a challenge for violating the state statute protecting non-conforming uses.  The same reasoning applies to the statute of limitations.  However, the undersigned also acknowledges the Town of Daniel's correct assertion that Title 10, not Title 17, applies to municipalities.  (Opp'n 5, ECF No. 21.)  Because Title 17 does not govern the Town of Daniel's actions, Mr. Schultz cannot state a claim against the Town of Daniel under that statute.  Thus, the undersigned RECOMMENDS the District Judge deny the Motion to amend as to the claim under Title 17.

### 4.  Arbitrary and Capricious Interpretation and Enforcement of Town Code (Fourteenth Cause of Action)

The Daniel Defendants argue Utah Code section 10-9a-801(5)'s thirty-day statute of limitations to challenge a land use ordinance bars Mr. Schultz's fourteenth cause of action.  (Opp'n 4, ECF No. 21.)  Mr. Schultz argues the thirty-day statute of limitation does not apply because

> I am not claiming that Daniel could not enact a land use ordinance, or that the enactment of that land use ordinance is invalid or unlawful.  I am only claiming that the enactment of that land use ordinance is not binding on me or my property, under the provisions of UCA § 10-9a-511(3) (a).

(Reply 2, ECF No. 22.)  The Complaint never references Utah Code section 10-9a-511.  Nothing in the Complaint suggests Mr. Schultz intends to bring a claim under Utah Code section 10-9a-511, and Mr. Schultz has not sought leave to add a claim.  Without a more complete record on which to determine the viability of a Utah Code section 10-9a-511 claim, the undersigned will not address it.

Mr. Schultz titles his fourteenth cause of action as a claim under the Sixth Amendment to the United States Constitution.  (Compl. 34, ECF No. 2-2.)  The

distinction Mr. Schultz attempts to draw between a facial challenge to the ordinance and an as applied challenge to the ordinance comports with the constitutional context. The Sixth Amendment applies only to criminal prosecutions. Thus, Mr. Schultz's reference appears to be a mistake. The title of the claim also refers to arbitrary and capricious interpretation and enforcement of the town's ordinances. (Id.) That language suggests Mr. Schultz intends to bring a Fourteenth Amendment Equal Protection Clause challenge. Indeed, within the claim itself Mr. Schultz alleges the Town of Daniel "arbitrarily and capriciously interpreted, and enforced, the zoning codes of the Town[] of Daniel . . . in violation of his Equal Protection rights, under the Sixth Amendment to the Constitution of the United States." (Id. at ¶ 167.) The Equal Protection Clause appears in the Fourteenth Amendment to the United States Constitution, not the Sixth. Thus, the statute of limitations applicable to a 42 U.S.C. § 1983 claim for violation of the Equal Protection Clause governs.

As noted previously, the four-year statute of limitations set forth in Utah Code section 78B-2-307(3) controls § 1983 claims. Whitehat, 111 F. Supp. 2d at 1162; Mismash, 730 F.2d at 1367 (explaining which state statute of limitations applies in § 1983 actions). Even where a § 1983 action claims injury to property as opposed to injury to person, the Tenth Circuit has held that the state's personal injury statute of limitations applies. Jackson v. City of Bloomfield, 731 F.2d 652, 653-54 (10th Cir. 1984). And as noted above, a § 1983 claim accrues when the plaintiff "knows or has reason to know of the injury which is the bases of his action." Kripp, 466 F.3d at 1175 (quoting Johnson, 925 F.2d at 1301).

The fourteenth cause of action in the context of the Complaint as a whole alleges the Town of Daniel arbitrarily and capriciously refused to issue Mr. Schultz a building permit.  (Compl. ¶¶ 164-170, ECF No. 2-2.)  The Town of Daniel denied Mr. Schultz's request for a building permit on March 10, 2015.  (Id. at ¶ 47.)  Thus, the four-year statute of limitations had not expired when Mr. Schultz filed his claim on September 25, 2015.  (See R & R 2, ECF No. 17.)

### 5.  Fraudulent Overcollection of Taxes (Seventeenth Cause of Action)

The Daniel Defendants argue the one-year statute of limitations under Utah Code section 78B-2-301(4) bars Mr. Schultz's seventeenth cause of action.  (Opp'n 4, ECF No. 21.)  Under Utah Code section 78B-2-301(4) (2008), a party making a claim "against a tax collector or a tax collector's designee" "for money paid or seized under protest and which, it is claimed, ought to be refunded" must bring that claim within six months.  Mr. Schultz does "not seek[] to recover any of [his] overpaid taxes from Wasatch County in this suit."  (Reply 3, ECF No. 22.)  Rather, he seeks return of the overpayment from the recipient of the taxes, the Town of Daniel.  (Compl. ¶¶198–205, ECF No. 2-2.)

Mr. Schultz argues that section 78B-2-301(4) does not apply "[b]ecause Daniel is not a tax collector or the Wasatch County Assessor's or Treasurer's 'designee.'"  (Reply 3, ECF No. 22.)  However, as noted above, Utah case law makes clear that the one year requirement for filing a notice of claim and one year after denial of the notice of claim requirement to file suit apply to all actions against governmental entities.  Craig, 2016 UT 40, ¶ 16; Peak Alarm, 2013 UT 8, ¶¶ 20–21.

In his seventeenth cause of action, Mr. Schultz alleges that "[f]rom 2006 through 2013, the Town[] of Daniel fraudulently collected taxes from Mr. Schultz as if it was a residential lot upon which a home can be constructed, rather than simply an agricultural lot, upon which no home may be constructed." (Compl. ¶ 204, ECF No. 2-2.) Mr. Schultz seeks to recover his overpayment of taxes from the Town of Daniel since the Town of Daniel omitted information, to the Town of Daniel's benefit, from himself and Wasatch County regarding the zoning of his property for purposes of calculating and collecting taxes. (Compl. ¶¶ 199–205, ECF No. 2-2).

Mr. Schultz filed his action on September 25, 2015. (R & R 2, ECF No. 17.) Mr. Schultz alleges he did not learn the Town of Daniel had rezoned his property until April or May of 2014 and therefore could not have known he overpaid his taxes prior to that date. Section 63G-7-401(1) (2014) tolls the notice of claim requirement "until a claimant knew, or with the exercise of reasonable diligence should have known" of the claim.

On the alleged facts, taken as true, the Governmental Immunity Act tolls the statute of limitations on Mr. Schultz's claims from beginning to run until April or May of 2014. Mr. Schultz alleges he did not discover that the Town of Daniel had rezoned his property until at least April or May of 2014. Nor can the Court reasonably expect Mr. Schultz to have discovered the rezoning of his property prior to this date. Not only did the Town of Daniel fail to notify Mr. Schultz that it had incorporated in the first instance, but the Town of Daniel also failed to notify Mr. Schultz it had rezoned his property, and Mr. Schultz continued to pay the tax on his property as an RA lot. Thus, if Mr. Schultz can prove his allegations, that the Town of Daniel failed to notify him of its incorporation and the rezoning of his property but nonetheless continued to accept his property taxes

on the property paid at the higher rate, Mr. Schultz may be able to prove he should not have known of his overpayment of taxes before April 2014. The Utah Supreme Court has acknowledged that this type of inquiry requires a weighing of facts that will almost always require a trial. See Berenda v. Langford, 914 P.2d 45, 54 (Utah 1996) (analyzing application of the concealment version of the discovery rule); Russell Packard Dev., Inc. v. Carson, 2005 UT 14, ¶ 39, 108 P.3d 741, 750 (same).

Because Mr. Schultz alleges he did not possess actual or constructive knowledge of the facts forming the basis for his seventeenth cause of action until April or May of 2014, Mr. Schultz has made prima facie allegations that the statute of limitations on his claim began to run in April or May of 2014. Thus, Mr. Schultz had one year from April or May of 2014 to file his notice of claim and then one year from denial of the notice of claim to file his Complaint. See Utah Code Ann. §§ 63G-7-402 (2008) & -403(2)(b) (2008). Mr. Schultz filed his notice of claim on March 30, 2015 and his Complaint in September 2015, meeting both deadlines. (Compl. ¶ 57, ECF No. 2-2; R & R 2, ECF No. 17.)

### III. RECOMMENDATION

For the reasons set forth above, the undersigned RECOMMENDS the District Judge grant Mr. Schultz's Motion for leave to amend his Complaint to correct the name of the Town of Daniel as a defendant. Granting Mr. Schultz leave to amend is not futile because the Court would not dismiss Mr. Schultz's amended Complaint in its entirety. As discussed above, the statutes of limitations do not bar Mr. Schultz's claims. However, the undersigned RECOMMENDS the District Judge deny Mr. Schultz's Motion for leave to amend his Complaint as to his tortious interference and infliction of

emotional distress claims against the Town of Daniel because the Governmental Immunity Act bars those claims. The undersigned also RECOMMENDS the District Judge deny Mr. Schultz's Motion for leave to amend his Complaint as to his claim under Utah Code section 17-27a-510 because that code section does not apply to the Town of Daniel.

The Court will send copies of this Report and Recommendation to all parties, who are hereby notified of their right to object. See 28 U.S.C. § 636(b)(1); Fed R. Civ. P. 72(b). The parties must file any objection to this Report and Recommendation within fourteen (14) days of service thereof. Id. Failure to object may constitute waiver of objections upon subsequent review.

DATED this 31st day of August 2017.

BY THE COURT:

EVELYN J. FURSE
United States Magistrate Judge