IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| CHARLES SCHULTZ,<br><br>        Plaintiff,<br><br>  v.<br><br>MICHAEL AVERETT, HEATHER BATEMAN, KASEY BATEMAN, JAY BINKERD, JONATHAN BLOTTER, ERIC BUNKER, LYNN CRISLER, LAMBERT DEEGAN, MICHAEL DUGGIN, JOHN GLODOWSKI, DIANE GROSE, DANIEL HARVATH, KIM NORRIS, ED PRESSGROVE, LANCE TURNER, PAM SKINNER, LYNNE SCHINDURLING, FRANCIS SMITH, GARY WALTON, GARY WEIGHT, THE TOWNSHIP OF DANIEL, and JOHN OR JANE DOES 1 through 10,<br><br>        Defendants. | **ORDER ADOPTING REPORT AND RECOMMENDATION**<br><br>Case No. 2:15-cv-00720-JNP-EJF<br><br>Judge Jill N. Parrish |

Plaintiff Charles Schultz moved to substitute the Town of Daniel for the Township of Daniel as a defendant in this case because he mistakenly sued the Town of Daniel under the wrong name. [Docket 20]. The Town of Daniel opposed the motion, arguing that it should be denied as futile. It argued that all claims against the Town of Daniel would be barred by either the Utah Governmental Immunity Act (UGIA) or the relevant statute of limitations. [Docket 21]. Magistrate Judge Furse issued a Report and Recommendation that this court grant in part and deny in part Mr. Schultz's motion. [Docket 29]. Judge Furse agreed with the Town of Daniel that the UGIA bars the tortious interference and infliction of emotional distress claims. Judge Furse also concluded that Mr. Schultz's claim under Utah Code section 17-27a-510 failed as a matter of law because that statute does not apply to the Town of Daniel. But Judge Furse found that

amendment would not be futile because the Town of Daniel had not shown that the statute of limitations barred the other claims against it as a matter of law.

Mr. Schultz did not file an objection to the Report and Recommendation. He therefore waived any argument that the Report and Recommendation was in error. *See United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996). The court will decline to apply the waiver rule only if "the interests of justice so dictate." *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991). The court has reviewed the portion of the Report and Recommendation that concluded that the UGIA bared some of Mr. Schultz's claims and that the claim under Utah Code section 17-27a-510 failed as a matter of law. The court concludes that these portions of the Report and Recommendation are not clearly erroneous, and finds that the interests of justice do not warrant deviation from the waiver rule. The court, therefore, ADOPTS these portions of the Report and Recommendation.

The Town of Daniel objected to the portion of the Report and Recommendation in which Judge Furse concluded that the statute of limitations did not bar Mr. Schultz's remaining claims. The Town of Daniel argued that Mr. Schultz can only make a facial challenge to its land ordinances. From this premise, the Town of Daniel argues that the various claims brought against it must have accrued when the ordinances were first adopted, which was well beyond any of the pertinent statutes of limitation. Because the Town of Daniel filed an objection, the court "must determine de novo" whether its objections have merit. FED. R. CIV. P. 72(b)(3).

Assuming *arguendo* that the Town of Daniel is correct that Mr. Schultz is confined to a facial challenge to the land use ordinances, the crux of the town's objection is that a claim based upon a facial challenge must accrue when the ordinances were first adopted. The Town of Daniel relies upon an opinion from the Utah Court of Appeals, which held that a "facial challenge to a

2

land use regulation becomes ripe upon enactment of the regulation itself." *Tolman v. Logan City*, 167 P.3d 489, 492 (Utah Ct. App. 2007). But the Town of Daniel fails to acknowledge that this holding was limited by the Utah Supreme Court:

> Although the facial/as-applied distinction may be procedurally significant in some contexts, this distinction generally "has nothing to do with the accrual or ripeness of a cause of action" for statute of limitations purposes. Instead, the accrual date of a facial or as-applied challenge is identical to the accrual date of other substantive claims—the date upon which the plaintiff's injury occurred and the cause of action became complete.

*Gillmor v. Summit County*, 246 P.3d 102, 109 (Utah 2010) (footnote omitted); *see also id.* at 110 (holding that the rule announced in *Tolman* was incomplete).

Moreover, whether the Town of Daniel could show that Mr. Schultz's causes of action accrued when the ordinances were adopted under the correct standard articulated by the Utah Supreme Court is beside the point. The reasoning of Judge Furse's Report and Recommendation was not based upon the date on which Mr. Schultz's claims accrued, but rather upon the date on which he knew or should have known the facts underlying his claims under the discovery rule. *See Berenda v. Langford*, 914 P.2d 45, 50–51 (Utah 1996) (citations omitted) ("[I]n certain instances, the discovery rule 'may operate to toll the period of limitations "until the discovery of facts forming the basis for the cause of action." ' "); UTAH CODE § 63G-7-401(1)(b) ("The statute of limitations does not begin to run until a claimant knew, or with the exercise of reasonable diligence should have known: (i) that the claimant had a claim against the governmental entity or its employee; and (ii) the identity of the governmental entity or the name of the employee."). The Town of Daniel does not argue that Judge Furse's application of the discovery rule to the allegations of the complaint was erroneous. Nor does it present authority or argument for the proposition that the discovery rule may not be applied to a facial challenge to the ordinances at

3

issue in this case. Because the Town of Daniel failed to object to the operative reasoning of the Report and Recommendation, this court overrules its objection. *See* FED. R. CIV. P. 72(b)(3) ("The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to."); *One Parcel of Real Prop.*, 73 F.3d at 1060 ("[W]e hold that a party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review.").

The court, therefore, ADOPTS the portion of the Report and Recommendation that concludes that, under the allegations of the complaint, the relevant statutes of limitation do not bar Mr. Schultz's claims. Accordingly, the court ORDERS as follows:

1. The Report and Recommendation [Docket 29] is ADOPTED IN FULL.

2. Mr. Schultz's Motion to Substitute [Docket 20] is GRANTED IN PART AND DENIED IN PART. Mr. Schultz may not amend his claims for tortious interference, negligent infliction of emotional distress, intentional infliction of emotional distress, or for violations of Utah Code section 17-27a-510 because amendment would be futile. Mr. Schultz may amend all other portions of his complaint to substitute "the Town of Daniel" for "the Township of Daniel."

**SO ORDERED** September 20, 2017.

BY THE COURT:

JILL N. PARRISH
United States District Judge