# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| CHARLES A. SCHULTZ,<br><br>　　　　　　　Plaintiff,<br><br>v.<br><br>MICHAEL AVERETT, HEATHER BATEMAN, KASEY BATEMAN, JAY BINKERD, JONATHAN BLOTTER, ERIC BUNKER, LYNN CRISLER, LAMBERT DEEGAN, MICHAEL DUGGIN, JOHN GLODOWSKI, DIANE GROASE, DANIEL HARVATH, KIM NORRIS, ED PRESSGROVE, LANCE TURNER, PAM SKINNGER, LYNNE SCHINDURLING, FRANCIS SMITH, GARY WALTON, GARY WEIGHT, and THE TOWN OF DANIEL,<br><br>　　　　　　　Defendants. | **REPORT AND RECOMMENDATION TO GRANT THE DEFENDANTS' MOTION TO DISMISS**<br><br>Case No.  2:15-cv-00720-JNP-EJF<br><br>District Judge Jill N. Parrish<br><br>Magistrate Judge Evelyn J. Furse |

The Defendants Michael Averett, Heather Bateman, Kasey Bateman, Jay Binkerd, Jonathan Blotter, Eric Bunker, Lynn Crisler, Lambert Deegan, Michael Duggin, John Glodowski, Diane Groase, Daniel Harvath, Kim Norris, Ed Pressgrove, Lance Turner, Pam Skinnger, Lynne Schindurling, Francis Smith, Gary Walton, Gary Weight, and the Town of Daniel (collectively, "the Daniel Defendants") move the Court[1] to dismiss Plaintiff Charles Schultz's Amended Complaint.  (Defs.' Mot. to Dismiss & Supp'g Mem. ("Mot."), ECF No. 33.)  The Daniel Defendants ask the Court to dismiss all of the claims in Mr. Schultz's Amended Complaint for failure to state a claim upon which this Court can grant relief.  (Id. at vii-xii.)

---

[1] On December 2, 2015, District Judge Jill N. Parrish referred this case to the undersigned Magistrate Judge under 28 U.S.C. § 636(b)(1)(B).  (ECF No. 13.)

In response, Mr. Schultz agreed to voluntarily dismiss his tortious interference with economic relations (tenth cause of action), tortious interference with prospective business relations (eleventh cause of action), intentional infliction of emotional distress (twelfth cause of action), and negligent infliction of emotional distress (thirteenth cause of action) claims against Eric Bunker and Lynne Shindurling because the Governmental Immunity Act shields Mr. Bunker and Ms. Shindurling from suit on these claims.  (Mem. in Opp'n to Mot. to Dismiss ("Opp'n") 20-21, ECF No. 35.)  On June 4, 2018, Mr. Schultz filed a notice of voluntary dismissal of his tenth, eleventh, twelfth, and thirteenth causes of action.  (Voluntary Dismissal, ECF No. 46.)  The Daniel Defendants stated they would stipulate to dismissing the claims with prejudice.  (Defs.'s Response to Pl.'s Voluntary Dismissal, ECF No. 47.)  Therefore, the undersigned RECOMMENDS the District Judge DISMISS Mr. Schultz's tortious interference with economic relations (tenth cause of action), tortious interference with prospective business relations (eleventh cause of action), intentional infliction of emotional distress (twelfth cause of action), and negligent infliction of emotional distress (thirteenth cause of action) claims against Eric Bunker and Lynne Shindurling with prejudice.  See accord S.H. ex rel R.H. v. Utah, 865 P.2d 1363, 1364-65 (Utah 1993) (affirming dismissal with prejudice on the basis of governmental immunity).

Mr. Schultz also agrees to the dismissal of his tortious interference with prospective business relations (ninth cause of action), intentional infliction of emotional distress (fifteenth cause of action), and negligent infliction of emotional distress (sixteenth cause of action).  (Opp'n 21, ECF No. 35.).  Therefore, the undersigned

RECOMMENDS the District Judge DISMISS Mr. Schultz's ninth, fifteenth, and sixteenth causes of action.

Regarding the remaining claims, the undersigned carefully considered the parties' briefing,[2] took all factual allegations as true, and RECOMMENDS the District Judge GRANT the Daniel Defendants' Motion and DISMISS the following claims. Specifically, the undersigned RECOMMENDS the District Judge DISMISS:  (1) Mr. Schultz's first cause of action for unlawful taking of property under the United States Constitution because he has not sought monetary relief under the Utah Constitution Article I, section 22, (2) Mr. Schultz's second cause of action for unlawful taking under the Utah Constitution because Article I, section 7 does not provide for a takings claim, (3) Mr. Schultz's eighth cause of action for tortious interference with economic relations because he has not alleged that the individual defendants interfered by improper means, and (4) Mr. Schultz's fourteenth cause of action for a violation of Fourteenth Amendment because he has not alleged facts demonstrating the Daniel Defendants acted irrationally and abusively towards him when they did not permit him to build a house on his property.  The undersigned further RECOMMENDS the District Judge grant Mr. Schultz fourteen days to file a second amended complaint curing the problems identified regarding the individual defendants and the eighth and fourteenth cause of actions and correct any other aspects Mr. Schultz wishes to correct.  The undersigned further RECOMMENDS the District Judge DENY the remainder of the Motion.

---

[2] Pursuant to Local Rule D.U. Civ. R. 7-1(f), the undersigned finds oral argument unnecessary and makes its recommendation based on the Amended Complaint (ECF No. 32) and the written memoranda.

## FACTUAL AND PROCEDURAL HISTORY

The facts from Mr. Schultz's first Complaint have not changed.  On September 15, 2016, Mr. Schultz moved the Court to add the Town of Daniel as a defendant after he mistakenly named the Township of Daniel, which is a non-existing entity.  (Mot. to Add the Town of Daniel as a Defendant, ECF No. 20.)  On September 20, 2017, the District Judge denied the addition of the Town of Daniel to the claims for tortious interference, negligent infliction of emotional distress, intentional infliction of emotional destress, and Utah Code section 17-27a-510, granted Mr. Schultz leave to amend "all other portions of his complaint to substitute 'the Town of Daniel' for 'the Township of Daniel.'"  (Order Adopting R&R ("Order"), ECF No. 31.)  On October 12, 2017, Mr. Schultz filed his Amended Complaint.  (Am. Compl., ECF No. 32.)  Taking the factual allegations in the Amended Complaint as true, Kan. Penn Gaming, LLC v. Collins, 656 F.3d 1210, 1214 (10th Cir. 2011) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)), the following facts provide the background for this decision.

On June 1, 1999, Mr. Schultz purchased a home on 3.71 acres in Wasatch County, Utah.  (Am. Compl. ¶ 14, ECF No. 32.)  At the time Mr. Schultz purchased the property, Wasatch County had zoned the property residential/agriculture ("RA").  (Id. at ¶ 19.)  On May 1, 2002, a fire destroyed Mr. Schultz's property.  (Id. at ¶ 18.)  In 2002, Wasatch County rezoned Mr. Schultz's property from RA, to residential/agriculture with a five-acre minimum ("RA5").  (Id. at ¶ 33.)  Mr. Schultz alleges his home retained its RA designation after the rezoning because Wasatch County grandfathered in his property "as a residential building lot."  (Id. at ¶¶ 34–35.)

In March 2006, the Town of Daniel filed articles of incorporation with the Wasatch County Recorder.  (Id. at ¶ 20.)  Mr. Schultz's property sits in the Town of Daniel.  (Id. at ¶ 23.)  No one notified Mr. Schultz of the Town of Daniel's incorporation, and he did not know the area became a town until April or May of 2014.  (Id. at ¶¶ 24-26.)  In 2006 or 2007, the Town of Daniel passed a code that changed Mr. Schultz's property's zoning from RA5 to agriculture.  (Id. at ¶¶ 42–43, 50.)  The Town of Daniel never informed Mr. Schultz that it rezoned his property.  (Id. at ¶ 44.)  In fact, Mr. Schultz continued to pay taxes on his property as a residential lot and therefore overpaid his property taxes to the Town of Daniel.  (Id. at ¶¶ 45, 52–54.)

Mr. Schultz first learned the Town of Daniel had changed the zoning of his property in April or May of 2014 while attempting to sell his property.  (Id. at ¶ 27.)  After experiencing difficulty selling his property, Mr. Schultz contacted the Town of Daniel

> who told him a home could not be constructed on his property, because the Town of Daniel had passed Daniel Town Code, Section 8.22.03, that states that Mr. Schultz could not build a new home on his property, because he did not construct a new home on his property, within one year after the home on the property was destroyed by fire, on May 1, 2002, even though the Town of Daniel did not exist until 2006, and did not enact its Town Code until 2006, at the earliest, unless Mr. Schultz could provide the Town of Daniel with a document called a "lot of record."

(Id. at ¶ 27.)  Mr. Schultz alleges multiple representatives from the Town of Daniel "told numerous people who were interested in purchasing Mr. Schultz's property, that they could not build a home on the property."  (Id. at ¶ 31.)

Between September 15, 2014 and March 10, 2015, Mr. Schultz engaged in multiple attempts to determine whether the Town of Daniel would issue a building permit for his lot.  (Id. at ¶¶ 36–40, 47.)  On March 10, 2015, Erick Bunker sent Mr. Schultz a letter confirming that the Town of Daniel would not issue a building permit to Mr. Schultz.

(Id. at ¶ 47.)  On March 30, 2015, Mr. Schultz filed a notice of claim with the Town of Daniel.  (Id. at ¶ 57.)  Ultimately, Mr. Schultz alleges his "property, under its present zoning, i.e., simply an agriculture lot, is virtually worthless, as no one can build a home on it, and 3.71 acres is not large enough for any type of agriculture use."  (Id. at ¶ 43.)

## LEGAL STANDARD

To survive a motion to dismiss under Rule 12(b)(6), a complaint must allege "'enough facts to state a claim to relief that is plausible on its face.'"  Hogan v. Winder, 762 F.3d 1096, 1104 (10th Cir. 2014) (quoting Twombly, 550 U.S. at 547).  "'A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'"  Id. (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)).  In reviewing a motion to dismiss, the court accepts as true the well-pled factual allegations and views the allegations in the light most favorable to the plaintiff, drawing all reasonable inferences in the plaintiff's favor.  Wilson v. Montano, 715 F.3d 847, 852 (10th Cir. 2013).  "[A] plaintiff must offer specific factual allegations to support each claim."  Kan. Penn Gaming, 656 F.3d at 1214 (citing Twombly, 550 U.S. at 555).  A complaint survives only if it "'states a plausible claim for relief,'" though courts recognize that "[t]he nature and specificity of the allegations required to state a plausible claim will vary based on context."  Id. at 1214–15 (quoting Iqbal, 556 U.S. at 679).

Mr. Schultz proceeds pro se.  However, Mr. Schultz is an attorney.  (Sept. 15, 2014 Letter from Shultz to Shindurling, Ex. 1, ECF No. 35 at 30.)  While courts generally construe pro se pleadings broadly, see Jenkins v. Currier, 514 F.3d 1030, 1032 (10th Cir. 2008), the undersigned does not accord the same leniency to filings from attorneys.

See Mann v. Boatright, 477 F.3d 1140, 1148 n.4 (10th Cir. 2007) (declining to construe

pro se attorney's pleadings liberally).

## DISCUSSION

### I.   THE INDIVIDUAL DEFENDANTS

The Daniel Defendants argue this Court should dismiss all claims against the

individual defendants because Mr. Schultz sued the individual defendants in their official

capacities.  (Mot. 1–2, ECF No. 33.)  The Daniel Defendants contend "only members of

the Town's legislative body" have authority to make zoning decisions, and therefore, Mr.

Schultz sued the individuals "in their official capacities as members of the Town

Council."  (Id. at 1.)  As such, this Court should dismiss the suit against the individuals

because "[s]uits against individuals in their official capacity are suits against the

governmental entity," and "when the local governmental entity remains a party

defendant, there is no need to bring official-capacity actions against local government

officials."  (Id. at 2.)

Mr. Schultz argues that whether he sued the individuals in their individual

capacities or in their official capacities lacks relevance because the individual

defendants "are not immune from suit for their violations of the Plaintiff's rights under

the Fifth and Fourteenth Amendment[s] to the Constitution of the United States, Article I,

Section 7 of the Constitution of Utah, or any provision of the Utah Code."  (Opp'n 2,

ECF No. 35.)  In his Opposition, Mr. Schultz withdrew all of his claims against Ms.

Shindurling—after he conceded the Governmental Immunity Act shielded her suit.

(Opp'n 20, 24, ECF No. 35.)  Therefore, this argument goes to Michael Averett, Heather

Bateman, Kasey Bateman, Jay Binkerd, Jonathan Blotter, Eric Bunker, Lynn Crisler,

Michael Duggin, John Glodowski, Diane Grose, Daniel Harvath, Kim Norris, Lance

Turner, Pam Skinner, Blaine Smith, Francis Smith, Gary Walton, and Gary Weight.  Mr.

Schultz names Michael Averett, Jonathan Blotter, Eric Bunker, Lynn Crisler, Michael

Duggin, Diane Grose, Daniel Harvath, Francis Smith, and Gary Walton in his first,

second, third, fourth, fifth, sixth, and seventh causes of action.  Mr. Schultz names those

individuals and Heather Bateman, Kasey Bateman, Jay Binkerd, John Glodowski, Kim

Norris, Lance Turner, Pam Skinner, Blaine Smith, and Gary Weight in his eighth, ninth,

fourteenth, fifteenth, and sixteenth causes of action.  Lastly, Mr. Schultz names Eric

Bunker in his first, second, third, fourth, fifth, sixth, seventh, eighth, ninth, tenth,

eleventh, twelve, thirteenth, fourteenth, fifteenth, and sixteenth causes of action.   The

Amended Complaint identifies Lance Turner as the Town of Daniel's Mayor.  (Am.

Compl. ¶ 32, ECF No. 32.)  The Amended Complaint never pleads facts explaining what

roles the other individually named defendants held or played.  Mr. Schultz merely

alleges conclusory statements that they rezoned his property, failed to give him notice of

the rezoning, and failed to give notice to Wasatch County of the rezoning, affecting his

tax assessment.  (Id. ¶¶ 22–196.)  The failure to plead any facts by itself makes the

Amended Complaint inadequate under Rule 8, which requires that a complaint "explain

what each defendant did to him or her; when the defendant did it; how the defendant's

action harmed him or her; and, what specific legal right the plaintiff believes the

defendant violated."  Nasious v. Two Unknown B.I.C.E. Agents, 492 F.3d 1158, 1163

(10th Cir. 2007).  Particularly in the context of claims against multiple government

actors, "the complaint [must] make clear exactly who is alleged to have done what to

whom, to provide each individual with fair notice as to the basis of the claims against

him or her, as distinguished from collective allegations against the [governmental entity]." Kan. Penn Gaming, 1215 (quoting Robbins v. Okla., 519 F.3d 1242, 1249-50 (10th Cir. 2008). Thus, to the extent Mr. Schultz can state a claim against the individuals, he must allege what actions the individuals took or failed to take, and in what capacity they acted, that resulted in him not receiving notice of his property being rezoned or his building permit being denied.

Therefore, the undersigned RECOMMENDS the District Judge dismiss Mr. Schultz's claims against the individually named defendants for failure to state a claim against them. The undersigned further RECOMMENDS the District Judge give Mr. Schultz fourteen days to amend his Complaint to include more detailed factual pleadings against the individuals. The undersigned notes that the Daniel Defendants initially answered the Complaint without raising this issue. Further, in their opposition to Mr. Schultz's Motion to Add the Town of Daniel, the Daniel Defendants never raised this issue. Under these circumstances, Mr. Schultz should have the opportunity to amend those claims that would not prove futile. See Gee v. Pacheco, 627 F.3d 1178, 1195 (10th Cir. 2010) (holding dismissal with prejudice only appropriate where plaintiff obviously cannot prevail on the facts alleged).

In making this amendment, Mr. Schultz must bear in mind that to make a claim for financial damages against an individual for federal constitutional violations, a plaintiff must state a claim under 42 U.S.C. § 1983. See Watson v. City of Kan., 857 F.2d 690, 694 (10th Cir. 1988) (holding to state a claim under § 1983, "a plaintiff must allege (1) deprivation of a federal right by (2) a person acting under color of state law"). If Mr. Schultz intends to state a claim against the individuals under § 1983, he should specify

whether he does so in their individual or official capacities.  "A [§ 1983] suit against a municipality and a suit against a municipal official acting in his or her official capacity are the same."  Watson, 857 F.2d at 695 (citations omitted); see also Will v. Mich. Dep't of State Police, 491 U.S. 58, 71 (1989) ("[A] suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office.  As such, it is no different from a suit against the State itself.").  Furthermore, "[b]ecause the real party in interest in an official-capacity suit is the governmental entity and not the named official, 'the entity's 'policy or custom' must have played a part in the violation of federal law."  Hafer v. Melo, 502 U.S. 21, 25 (1991) (quoting Kentucky v. Graham, 473 U.S. 159, 166 (1985) (quoting Monell v. New York City Dept. of Soc. Servs., 436 U.S. 658, 694 (1978))).  Conversely, individual capacity suits "seek to impose individual liability upon a government officer for actions taken under color of state law.  Thus … 'it is not enough to show that the official, acting under the color of state law, caused the deprivation of a federal right.'"  Hafer, 502 U.S. at 25 (quoting Kentucky v. Graham, 473 U.S. at 166).

As currently pled, the Amended Complaint focuses on the individual Defendants' actions towards Mr. Schultz and his property (see e.g., Am. Compl. ¶¶ 63–64, 69–70, 76–77, 90–91, 97–98, 104–05, and 116–18), and implicates an official policy.

> Local governing bodies, therefore, can be sued directly under § 1983 for monetary, declaratory, and injunctive relief where, as here, the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision officially adopted or promulgated by that body's officers.

Monell, 436 U.S. at 690.  "Official municipal policy includes the decisions of a government's lawmakers, the acts of its policymaking officials, and practices so

persistent and widespread as to practically have the force of law." Connick v.
Thompson, 563 U.S. 51, 1359 (2011) (citations omitted).  Because the Amended
Complaint says nothing about whether the individually named defendants belong to the
Town of Daniel's land use board or town council or other legislative body within the
Town, the undersigned cannot discern whether the individual defendants' alleged
actions constitute official municipal policy and/or individual action.

Additionally, to the extent Mr. Schultz seeks to sue the individual defendants in
their individual capacities under § 1983, he must allege specific facts showing how each
individual defendant violated his federal constitutional rights.  See Robbins, 519 F.3d at
1249.  Conclusory allegations will not suffice.  Khalik v. United Air Lines, 671 F.3d 1188,
1191 (10th Cir. 2012).

II.    **THE CLAIMS**

A. **Unlawful Taking of Property in Violation of the United States Constitution
and Utah Constitution (First and Second Causes of Action)**

Mr. Schultz alleges the Daniel Defendants unlawfully rezoned his property "to
simply an agricultural lot, upon which no home may be constructed," unlawfully taking
his property in violation of the Fifth and Fourteenth Amendments of the United States
Constitution, (Am. Compl. ¶¶ 60–61, ECF No. 32), and Article I, section 7 of the Utah
Constitution (id. ¶ 67).

1. *Federal Taking Claim*

"The Takings Clause of the Fifth Amendment, applicable to the States through
the Fourteenth Amendment … prohibits the government from taking private property for
public use without just compensation."  Palazzolo v. Rhode Island, 533 U.S. 606, 617
(2001); see also U.S. CONST. amend. V  The Daniel Defendants argue this Court

11

should dismiss Mr. Schultz's Fifth Amendment claim because Mr. Schultz has not yet pursued an inverse condemnation action under Utah law to obtain just compensation for a taking.  (Mot. 2–3, ECF No. 33.)  The Daniel Defendants contend "where the state provides a remedy to compensate a landowner for a taking, a federal takings claim cannot be brought until the Plaintiff has been denied just compensation pursuant to the state law scheme."  (Id. at 2.)  Mr. Schultz argues he does not need to pursue an inverse condemnation action before bringing his Fifth Amendment claim because the Daniel Defendants did not condemn his property for public use when they changed the zoning of his land.  (Opp'n 4–5, ECF No. 35.)

Mr. Schultz misunderstands the breadth of an inverse takings claim.  A plaintiff who wishes to challenge a taking of property as not for public use brings an inverse taking claim.  See e.g. City of Monterey v. Del Monte Dunes, 526 U.S. 687, 704-05, 712 (1999) (addressing a § 1983 action for a taking through property development denials as not for a public purpose, among other things).

Mr. Schultz attempts to allege a regulatory taking, which he would need to do under § 1983.  See B.A.M. Dev., L.L.C. v. Salt Lake Cty., 2006 UT 2, ¶ 33, 128 P.3d 1161 ("[Z]oning regulations are a typical form of regulatory taking.")  To present a ripe regulatory takings claim, Mr. Schultz must show: "the government entity charged with implementing the regulations has reached a final decision regarding the application of the regulations to the property at issue," and the land owner availed himself of the state procedures available to obtain just compensation for a regulatory taking.  Williamson County Reg'l Planning Comm'n v. Hamilton Bank, 473 U.S. 172, 186, 194-95 (1985).  Further, "[i]f the government has provided an adequate process for obtaining

compensation, and if resort to that process 'yield[s] just compensation,' then the property owner 'has no claim against the Government' for a taking." Id., 473 U.S. at 194-95 (quoting Ruckelshaus v. Monsanto Co., 467 U.S. 986, 1013, 1018, n. 21 (1984)).  In Utah, a plaintiff must seek an inverse condemnation action as his "appropriate post-taking remedy." Patterson v. Am. Fork City, 2003 UT 7, ¶ 35, 67 P.3d 466.  Mr. Schultz has not pursued an inverse condemnation action pursuant to Article I, section 22 of the Utah Constitution.  See Farmers New World Life Ins. Co. v. Bountiful City, 803 P.2d 1241, 1243-44 (Utah 1990) (setting forth inverse condemnation claim).  Because Mr. Schultz failed to pursue an inverse condemnation action before filing his takings claim in federal court, the Fifth Amendment takings claim is unripe. See Williamson, 473 U.S. at 186 (finding claim unripe where plaintiff failed to exhaust administrative remedies and failed to pursue state inverse condemnation proceedings).

Therefore, the undersigned RECOMMENDS the District Judge DISMISS Mr. Schultz's Fifth Amendment unlawful taking of property claim (first cause of action) without prejudice.

### 2. State Law Taking Claim

In his second cause of action, Mr. Schultz alleges the Daniel Defendants' change in zoning constitutes a taking in violation of Article I, section 7 of the Utah Constitution. (Am. Compl. 11–13, ECF No. 32.)  Article I, section 7 is Utah's Due Process Clause, which provides that "[n]o person shall be deprived of life, liberty or property, without due process of law."  UT CONST. art. I, § 7.  The Court previously alerted Mr. Schultz that Article I, section 22 of the Utah Constitution protects private property from a public taking without just compensation.  Article I, section 22 of the Utah Constitution states

"[p]rivate property shall not be taken or damaged for public use without just compensation."  UT. CONST. art. 1, § 22.  Mr. Schultz did not amend his Complaint to change the section of the Utah Constitution.  As a result, the undersigned assumes Mr. Schultz does not intend to pursue a taking claim under the Utah Constitution.  Although proceeding pro se, Mr. Schultz is an attorney, and the undersigned will take his allegations at face value.  See Smith v. Plati, 258 F.3d 1167, 1174 (10th Cir. 2001) (stating that the court declined to construe the pro se plaintiff's pleadings liberally because the plaintiff was a licensed attorney.)

Therefore, the undersigned RECOMMENDS the District Judge DISMISS Mr. Schultz's state law taking claim (second cause of action).

## B.  Due Process Claims (Third and Fourth Causes of Action)

Mr. Schultz alleges the Daniel Defendants violated his federal and state due process rights when it rezoned his property "without providing him any notice, of any type whatsoever" in violation of the Fifth and Fourteenth Amendments of the United States Constitution and Article 1, section 7 of the Utah Constitution.  (Am. Compl. ¶¶ 73–84, ECF No. 32.)  The Daniel Defendants argue this Court should dismiss both of Mr. Schultz's federal and state due process claims because he does not sufficiently allege facts demonstrating he has a protected property interest.  (Mot. 6–7, ECF No. 33.)  Mr. Schultz counters "he has a protectable interest in having the right to construct a home on his property according to the zoning at the time it was destroyed by the fire." (Opp'n 8, 10–11, ECF No. 35.)

1. *Mr. Schultz's Federal Due Process Claim*

The Due Process Clause of the Fourteenth Amendment prohibits any state from depriving a person "of life, liberty, or property, without due process of law." U.S. Const. amend. XIV, § 1. Mr. Schultz contends the Daniel Defendants violated his rights to procedural due process when they rezoned his property without notice. (See Am. Compl. ¶¶ 73–84, ECF No. 32.) "The essence of procedural due process is the provision to the affected party of <u>some</u> kind of notice and … <u>some</u> kind of hearing." <u>Onyx Properties LLC v. Bd. of Cty. Comm'rs</u>, 838 F.3d 1039, 1044 (quoting <u>Moore v. Bd. of Cty. Comm'rs</u>, 507 F.3d 1257, 1259 (10th Cir. 2007) (emphasis in original)). "A claim of denial of procedural due process requires that the plaintiff have a constitutionally protected property interest that was injured or revoked without proper procedural protections." <u>Schanzenbach v. Town of La Barge</u>, 706 F.3d 1277, 1283–84 (10th Cir. 2013).

"A property interest protected by the due process clause results from a legitimate claim of entitlement created and defined 'by existing rules or understandings that stem from an independent source such as state law.'" <u>Jacobs, Visconsi & Jacobs, Co. v. City of Lawrence</u>, 927 F.2d 1111, 1116 (10th Cir. 1991) (quoting <u>Bd. of Regents v. Roth</u>, 408 U.S. 564, 577 (1972)). "[A]n abstract need for, or unilateral expectation of, a benefit does not constitute 'property.'" <u>Peterson v. Riverton City</u>, 2010 UT 58, ¶ 22, 243 P.3d 1261 (quoting <u>Hyde Park Co. v. Santa Fe City Council</u>, 226 F.3d 1207, 1210 (10th Cir. 2010)).

The Tenth Circuit has

explained generally that a landowner's protected interest in a particular zoning decision depends on "whether there is discretion in the [local zoning

15

authority] to deny a zoning or other application." Norton v. Vill. of Corrales, 103 F.3d 928, 931–32 (10th Cir. 1996). "A property interest exists if discretion is limited by the procedures in question, that is, whether the procedures, if followed, require a particular outcome." Nichols [v. Bd. of Cty. Comm'rs], 506 F.3d [962,] 970 [10th Cir. 2007]. Accordingly, "where the governing body retains discretion and the outcome of the proceeding is not determined by the particular procedure at issue, no property interest is implicated." Crown Point I, LLC v. Intermountain Rural Elec. Ass'n, 319 F.3d 1211, 1217 (10th Cir. 2003). We answer these questions by applying state and local law to the property interest for which protection is claimed.

Jordan-Arapahoe, LLP v. Bd. of Cty. Comm'rs., 633 F.3d 1022, 1026 (10th Cir. 2011).

As of 2006 and 2007, when the zoning change allegedly occurred, Utah law granted a city's legislative body the power to "divide the territory over which it has jurisdiction into zoning districts of a number, shape, and area that it considers appropriate to carry out the purposes of [the Municipal Land Use, Development, and Management Act." Utah Code Ann. § 10-9a-505(1)(a) (2005). Furthermore, "[w]ithin those zoning districts, the legislative body may regulate and restrict the erection, construction, reconstruction, alteration, repair, or use of buildings and structures, and the use of land." Utah Code Ann. § 10-9a-505(1)(b) (2005). The language of the law granted a city's legislative body the power and discretion to zone provided the legislative body acts in compliance with the purposes of the Municipal Land Use, Development, and Management Act.

Utah law also required a municipality to give notice of any hearing considering the adoption or modification of any land use regulation through a variety of different avenues. Utah Code Ann. § 10-9a-205 (2005). Mr. Schultz asserts he received no notice of the zoning change, and the zoning change altered the zoning of his property considerably. Because the Court takes all allegations of fact in the Amended Complaint

16

as true at this Motion to Dismiss stage, the undersigned finds the Amended Complaint alleges a failure to comply with the state statutory notice requirements.

The Tenth Circuit has held that as a

general rule . . . zoning ordinances are in derogation of common-law property rights and find their authority through the state police power; accordingly, municipalities and other political subdivisions must scrupulously comply with statutory requirements, including notice and hearing . . . . Ordinances which fail to comply with the state enabling statues requiring notice and hearing are void.

Carter v. City of Salina, 773 F.2d 251, 254 (10th Cir. 1985); see also Melville v. Salt Lake Cty., 536 P.2d 133, 134 (Utah 1975) (recognizing a county must give notice and hold a public hearing to enact a valid zoning ordinance); Hatch v. Boulder Town Council, 2001 UT App 55, ¶ 7, 21 P.3d 245 (requiring strict adherence to statutory land use requirements for ordinances to have validity); see accord Call v. City of West Jordan, 727 P.2d 180, 183 (Utah 1986) ("Failure to strictly follow the statutory requirements in enacting the ordinance renders it invalid.").

Here Mr. Schultz alleges the Town of Daniel failed to give him notice of the change to the zoning of his property or any hearings on the matter.  Under Jordan-Arapahoe, LLP, 633 F.3d at 1026, Mr. Schultz has a property interest in his pre-existing zoning if the procedures in question limit the municipality's authority to change the zoning.  Utah statutes and the case law makes clear that a municipality cannot effectively change the zoning of a piece of property without giving the affected landowner proper notice.  See Utah Code Ann. § 10-9a-205; Carter, 773 F.2d at 254; Melville, 536 P.2d at 134; Hatch, 2001 UT App 55, ¶ 7.  Thus a municipality lacks the authority to change zoning without notice, and Mr. Schultz has a property interest in his pre-existing zoning.

As a result, the undersigned RECOMMENDS the District Judge DENY the Daniel Defendants' Motion to Dismiss Mr. Schultz's federal due process claim (third cause of action) because he sufficiently alleged a protected property interest.

2. *State Due Process Claim*

The Daniel Defendants argue Mr. Schultz's state due process claim also fails because Mr. Schultz has insufficiently alleged or identified any protectable property interest.  (Mot. 3–4, ECF No. 33.)  Article I, section 7 of the Utah Constitution provides that "[n]o person shall be deprived of life, liberty or property, without due process of law." UT CONST. art. I, § 7.  Utah law does not specifically address how to determine the existence of a property interest under Article I, section 7 of the Utah Constitution. However, the Utah Supreme Court has used the same analysis for determining the existence of a property interest under Article I, section 22 as used for federal due process claims.  L.C. Canyon Ptrs., L.L.C. v. Salt Lake Cty., 2011 UT 63, ¶ 28, 266 P.3d 797.  As discussed above, Mr. Schultz has shown that he has a protectable property interest in receiving notice prior to a change in his property's zoning.  Using the same analysis, the undersigned RECOMMENDS the District Judge DENY the Daniel Defendants' Motion to Dismiss Mr. Schultz's state due process claim (fourth cause of action) because Mr. Schultz alleged a property interest.

## C. Unlawful Taking of Property in Violation of Utah Code Section 10-9a-511(3)(a) (Fifth Cause of Action)

Mr. Schultz's Fifth Cause of Action alleges the Daniel Defendants' violated Utah Code section 10-9[a]-511(3)(a).  (See Am. Compl. 16-17, ECF No. 32.)  Mr. Schultz also references Utah Code section 17-27a-510 in this cause of action.  (Am. Compl. ¶¶ 88–91, ECF No. 32.)  This Court already determined that Mr. Schultz's claim under section

18

17-27a-510 fails as a matter of law because the statute does not apply to the Town of Daniel.  (Order Adopting R&R 1–2, 4, ECF No. 31.)

The Daniel Defendants argue this Court should not consider Mr. Schultz's section 10-9-511(3)(a) claim because Mr. Schultz never sought permission from the Court or their consent to include this claim in his Amended Complaint.  (Mot. 7, ECF No. 33.)  Mr. Schultz contends that, "though not specifically stated," the Court permitted him to amend all other portions of his Complaint, and thus correct his mistaken reference to section 17-27a-510, when the Court stated "Mr. Schultz may amend all other portions of his complaint."  (Opp'n 11, ECF No. 35) (emphasis in original).  The undersigned agrees that Mr. Schultz had leave of Court to correct his mistaken reference.  While Mr. Schultz corrected the reference in the title of the cause of action, he did not correct it in the body.  The undersigned finds the references to section 17-27a-510 constitute typographical errors, properly understood to refer to section 10-9a-511(3)(a).

Utah Code section 10-9a-511(3)(a) (2005), (2014), (2015) provides, "A municipality may not prohibit the reconstruction or restoration of a noncomplying structure or terminate the nonconforming use of a structure that is involuntarily destroyed in whole or in part due to fire or other calamity unless the structure or use has been abandoned."

As noted in the prior Report and Recommendation, while the fifth cause of action speaks of a taking by rezoning, Mr. Schultz's citation to section 10-9a-511(3)(a) and the other allegations in his Amended Complaint that the Town of Daniel violated the Utah Code section allowing non-conforming uses when it would not issue Mr. Schultz a building permit really reflects an appeal of a denial of a building permit.

The Daniel Defendants' contend Mr. Schultz abandoned his nonconforming use, and therefore the Court should dismiss the fifth cause of action.  (Mot. 7, ECF No. 33.) Mr. Schultz alleges he has not abandoned the property through his efforts to quiet title to the property and then to sell the property as residential land.  (Am. Compl. ¶¶ 21-22, ECF No. 32.)  Utah Code section 10-9a-511(4)(b) (2005), (2014), (2015) states explicitly that "[a]ny party claiming that a nonconforming use has been abandoned shall have the burden of establishing the abandonment."  On a motion to dismiss, the Court must take the factual allegations pled as true.  Mr. Schultz has pled enough facts to allege a preexisting, nonconforming use.  The Daniel Defendants may be able to prove abandonment but not on a motion to dismiss.

The Daniel Defendants allege immunity from this claim under Utah Code section 63G-7-202(a)(4)(c).  (Mot. 7, ECF No. 33.)  Mr. Schultz contends governmental immunity cannot shield employees from liability for violations of the Utah Code or Town of Daniel ordinances.  (Opp'n 12, ECF No. 35.)

Utah Code section 63G-7-202(4)(c) (2014) prevents an employee from having liability for actions occurring under color of authority.  The undersigned already recommended dismissing all individual Defendants.  Without more specific allegations against the individuals, the undersigned cannot determine whether this section applies. If Mr. Schultz amends to state claims against individuals, he will need to include specific factual allegations detailing one of the exceptions under section 63G-7-202(3)(c). Furthermore, section 63G-7-202(4)(c) has no application to the Town of Daniel.  Thus, the argument does not preclude the claim against the Town of Daniel.

The Daniel Defendants further assert that the Amended Complaint fails to allege exhaustion of administrative remedies.  (Mot. 7, ECF No. 33.)  Mr. Schultz argues in his Opposition that the Daniel Defendants prevented him from following the normal appeal process, and thus he has exhausted his administrative remedies.  (Opp'n 13-14, ECF No. 35.)  The Amended Complaint alleges Mr. Bunker sent Mr. Schultz a letter stating "the Town of Danial will not issue a building permit on his land."  (Am. Compl. ¶ 47, ECF No. 32.)

Utah Code section 10-9a-801(1) (2007) required a party challenging a land use decision in court to exhaust his administrative remedies first.  Salt Lake City Mission v. Salt Lake City, 2008 UT 31, ¶ 6, 184 P.3d 599.  Generally, plaintiffs need not plead exhaustion in their complaints.  Jones v. Bock, 549 U.S. 199, 212, 216-17 (2007). Further, a number of exceptions to the exhaustion requirement exist.  Salt Lake City Mission, 2008 UT 31, ¶ 11.  The Amended Complaint alleges denial of a building permit. (Am. Compl. ¶ 47, ECF No. 32.).  "The denial of a building permit constitutes a written decision by a land use authority."  Van Frank v. Salt Lake City Corp., ¶ 9.  Thus, taking the allegations of the Amended Complaint as true, Mr. Schultz has alleged a cause of action for violation of Utah Code section 10-9a-511(3)(a).

Therefore, the undersigned RECOMMENDS the District Judge DENY the Daniel Defendants' Motion to Dismiss Mr. Schultz's claim for violation of Utah Code section 10-9a-511(3)(a) (the fifth cause of action).

**D. Mr. Schultz's Unlawful Taking of Property Claim Pursuant to The Town of Daniel Land Use Code Sections 8.22.07 and 8.22.08 (Sixth and Seventh Causes of Action)**

The Amended Complaint's sixth and seventh causes of action allege the Daniel Defendants violated Utah Code section 10-9[a]-511(3)(a) and the Town of Daniel Land Use Code sections 8.22.07 and 8.22.08 by unlawfully taking his property when they failed to provide him notice of the rezoning of his property.  (See Am. Compl. 18-20, ECF No. 32.)  The Daniel Defendants argue the Court should dismiss Mr. Schultz's Town of Daniel sections 8.22.07 and 8.22.08 claims because neither section provides a private right of action, and alternatively, Mr. Schultz abandoned his non-conforming use, never filed a land use application, and never pursued any remedies under the Town of Daniel's Land Use and Development Code ("Land Use Code").  (Mot. 9–10, ECF No. 33.)

Mr. Schultz counters that he did not abandon his property because he "continually attempted to sell his property as residential property until he learned that the Town of Daniel did not consider his property residential."  (Opp'n 14, ECF No. 35.)  Mr. Schultz further argues he did not apply for "any zoning amendments or variances, because the Town of Daniel would not let him do so."  (Id.)  Mr. Schultz also contends that a plaintiff can rely on sections 8.22.07 and 8.22.08 "as evidence, and/or proof, that a defendant unlawfully restricted his, her or its right to use his, her, or its property in the manner to which he, she, or it is entitled."  (Id. at 16.)

Section 8.22.07 of the Town of Daniel's Land Use Code states: "A non-conforming use of land lawfully existing on the effective date of this Title may be continued, provided such non-conforming use shall not be expanded or extended into any other portion of open land, or into a conforming or non-conforming structure." Section 8.22.08 of the Town of Daniel's Land Use Code states:

> The burden of proof for providing the information for determining a non-conforming lot of record rests upon the property owner or its representative. A non-conforming lot of record is determined by making one (1) or more of the following findings by the Planning Director:
>
> (1) The lot was created prior to the enactment of zoning and has not decreased in size since the creation of the said lot;
>
> (2) The lot was created legally under the standards existing at the time of its creation; and
>
> (3) A document provided by the Wasatch County Planning Staff (or the Daniel Planning Commission, as applicable) stating that the lot is a lot of record.

Utah Code section 10-9a-801(1) (2007) expressly allowed for challenges to land use decisions made "in the exercise of or in violation of the provisions of" the Municipal Land Use, Development, and Management Act. Thus, challenges to land use decisions pursuant to local land use ordinances fall within this authorization. Hence, Mr. Schultz may bring suit if he meets the other requirements. As to requested relief, monetary relief may not be available for these claims, Utah Code Ann. § 10-9a-802(1)(a), but Mr. Schultz also seeks other just or equitable relief. (Am. Compl. 45, ECF No. 32.) At this point, there is an insufficient basis to dismiss the claims of violation of state or local land use codes through the denial of a building permit.

Therefore, the undersigned RECOMMENDS the District Judge DENY the Daniel Defendants' Motion to Dismiss Mr. Schultz's sixth and seventh causes of action.

### E. Mr. Schultz's Tortious Interference with Economic and Prospective Business Relations Claims (Eighth and Ninth Causes of Action) and Intentional and Negligent Infliction of Emotional Distress Claims (Fifteenth and Sixteenth Causes of Action)

Mr. Schultz alleges he has not been able to sell or build a house on his property because the individual defendants unlawfully rezoned his property to an agricultural lot. (Am. Compl. ¶¶ 109, 122, ECF No. 32.) Mr. Schultz further alleges he asked the individual defendants to rezone his property back to a residential lot where he could

23

build a home or sell the property for residential use, but the individual defendants refused to rezone his property.  (Id. at ¶¶ 110–11, 124–25.)  By refusing to rezone Mr. Schultz's property, the individual defendants have allegedly prevented Mr. Schultz from building a home and/or selling his property, thus tortiously interfering with his economic and prospective business relations.  (Id. at ¶¶ 106–31.)  Further, by taking these actions, the individual defendants knew they would cause or negligently cause Mr. Schultz mental and emotional distress.  (Id. at ¶¶ 174–196.)

The Daniel Defendants argue Mr. Schultz cannot sustain his tortious interference with economic relations claim or tortious interference with prospective business relations claim or emotional distress claims against the Town of Daniel because the Court ruled that amendment of either claim would be futile.  (Mot. 14-15, ECF No. 35.)  Mr. Schultz counters that the Court's Order only prohibited him from filing his tortious interference with economic relations and tortious interference with prospective business relations claims against the Town of Daniel but not against the individual defendants.  (Opp'n 20–21, ECF No. 35.)  However, the undersigned notes that Mr. Schultz agrees to dismissal of his Ninth, Fifteenth, and Sixteenth causes of action.  (Opp'n 21, ECF No. 35.)  Therefore, the undersigned RECOMMENDS the District Judge DISMISS the Ninth, Fifteenth, and Sixteenth causes of action with prejudice.

The Court's Order prohibits Mr. Schultz from bringing the Eighth Cause of Action against the Town of Daniel.  (Order 4, ECF No. 31.)  To the extent Mr. Schultz pursues his tortious interference with economic relations claim against the Town of Daniel, the undersigned RECOMMENDS the District Judge DISMISS that claims against the Town of Daniel.

If Mr. Schultz attempts to amend his Amended Complaint to state actions for tortious interference with economic relations against the individuals, Mr. Schultz must allege that the individual defendants:  intentionally interfered with his existing economic relations by improper means, causing him injury.  Eldrige v. Johndrow, 2015 UT 21, ¶ 70, 345 P.3d 553.

### F.  Mr. Schultz's Equal Protection Claim under the Fourteenth Amendment (Fourteenth Cause of Action)

Mr. Schultz alleges the Town of Daniel "arbitrarily, and capriciously, interpreted, and enforced, the zoning codes of the Town of Daniel," when it denied him the right to build a home on his property that is less than five acres, yet, in 2008, permitted another property owner to build a home on less than five acres.  (Am. Compl. ¶¶ 165–67, ECF No. 32.)  Mr. Schultz seems to proceed on "class-of-one" theory as established in Village of Willowbrook v. Olech, 528 U.S. 562, 564 (2000).  In Olech, the Supreme Court held that a single homeowner involved in a zoning dispute could assert an equal protection claim "where the plaintiff alleges that she has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment."  Id.

The Daniel Defendants argue Mr. Schultz failed to allege a "class-of-one" equal protection claim sufficiently because he fails to allege "facts that 'others, similarly situated in every material respect' were treated differently" or that the alleged "difference in treatment was … irrational and abusive, and wholly unrelated to any legitimate state activity."  (Mot. 12, ECF No. 33 (emphasis in original) (quoting Kan. Penn Gaming, 656 F.3d 1216).)

25

In a typical class-of-one case a plaintiff alleges that "a public official, with no conceivable basis for his action other than spite or some other improper motive (improper because unrelated to his public duties), comes down hard on a hapless private citizen." Kan. Penn Gaming, 656 F.3d at 1216 (quoting Lauth v. McCollum, 424 F.3d 631, 633 (7th Cir. 2005)).  To prevail on a class-of-one theory, Mr. Schultz "must first establish that others, 'similarly situated in every material respect' were treated differently." Kan. Penn Gaming, 656 F.3d at 1216 (quoting Jicarilla Apache Nation v. Rio Arriba Cty., 440 F.3d 1202, 1210 (10th Cir. 2006)).  Mr. Schultz "must then show this difference in treatment was without rational basis, that is, the government action was 'irrational and abusive,' … and 'wholly unrelated to any legitimate state activity.'" Kan. Penn Gaming, 656 F.3d at 1216.  "[I]n the wake of Twombly and Iqbal … plaintiffs must offer enough specific factual allegations to 'nudge[] their claims across the line from conceivable to plausible.'" Id. at 1219 (quoting Twombly, 550 U.S. at 570).

Taking Mr. Schultz's factual allegation as true, Mr. Schultz alleged that the Town of Daniel treated him differently than a property owner permitted to build a home on a less than five acres plot of land.  The Amended Complaint fails to state what the zoning of the other property was, whether a preexisting use existed, whether the owner had a lot of record—all facts pertinent to the treatment of Mr. Schultz's property and likely to be available to Mr. Schultz.  Further, Mr. Schultz fails to allege any facts that the Town of Daniel acted out of spite or improper motive; instead, he argues the actions were arbitrary and capricious.  See Kan. Penn Gaming, 656 F.3d at 1216 (citations omitted).  Arbitrary and capricious is not the standard, and Mr. Schultz has not alleged any facts making the Town of Daniel's actions plausibly derivative of irrational and abusive

motivations.  The undersigned acknowledges that the Amended Complaint does allege

the Town acted "maliciously", (Am. Compl. ¶ 168-69, ECF No. 32), but fails to allege

facts explaining why Mr. Schultz thinks the Town of Daniel acted maliciously and any

facts to make that allegation plausible.  Thus, the undersigned RECOMMENDS the

District Judge DISMISS Mr. Schultz's class-of-one claim (fourteenth cause of action)

with leave to replead.

### G.  Fraudulent Over-Collection of Taxes Claim (Seventeenth Cause of Action)

Mr. Schultz alleges that from 2006 through 2013, Wasatch County taxed his

"property as if it were a residential lot upon which a home can be constructed,"

"[b]ecause the Town of Daniel failed to inform Wasatch County, that it had rezoned [his]

property."  (Am. Compl. ¶ 200, ECF No. 32.)  Mr. Schultz further alleges that he

"overpaid his taxes to the Town of Daniel from 2006 to 2013," and the Town of Daniel

"knew that [he] was overpaying his taxes, yet fraudulently, and unlawfully, continued to

accept [his] overpayment of taxes."  (Id. at ¶¶ 202–203.)  The Daniel Defendants argue

Mr. Schultz fails to state a claim because the Governmental Immunity Act shields the

Town of Daniel from claims for negligent or intentional misrepresentation and from

claims "based on the collection or assessment of taxes" citing either Utah Code section

63G-7-202(4)(f) or (b).  (Mot. 17, ECF No. 33; Reply 8, ECF No. 38.)  The Daniel

Defendants further argue that Mr. Schultz's claim fails because "the Town does not

determine the value of property for tax purposes or collect the taxes," and Mr. Schultz

failed to plead fraud with specificity as required under Rule 9(b).  (Id.)

Mr. Schultz contends governmental immunity does not apply to his "seventh

cause of action" because he has not asserted "misrepresentation on the part of any

defendant" nor has he alleged that the Daniel Defendants collected any taxes.  (Opp'n 23–24, ECF No. 35.)  Mr. Schultz also argues whether the Daniel Defendants "determine the value of property is irrelevant" because the Daniel Defendants "determine the zoning of the property within the Town of Daniel, and the Wasatch County Assessor determines the value of the property based on the zoning provided by the Town of Daniel."  (Id. at 24.)  Mr. Schultz further contends, contrary to the Daniel Defendants' assertion, he has not alleged any fraud and therefore Rule 9(b) does not apply.  (Id.)

As an initial matter, the undersigned assumes Mr. Schultz's Opposition refers to his allegations in his Seventeenth cause of action despite writing "Seventh Cause of Action" in his section labeled "Point XI."

Secondly, the Amended Complaint explicitly alleges fraud, (Am. Compl. 43-44, ECF No. 32), thus Rule 9(b) applies, and Mr. Schultz must plead the fraud with particularity.  In essence, the seventeenth cause of action alleges Mr. Schultz overpaid his property taxes because the Town of Daniel rezoned his property and failed to tell Wasatch County of the rezoning and knowingly and fraudulently continued to accept the overpayment of taxes.  Mr. Schultz has pled his claim with particularity, and the Daniel Defendants fail to identify what information the claim fails to plead.

Thirdly, section 63G-7-202(4) relates to personal liability of employees.  The Amended Complaint brings the seventeenth cause of action only against the Town of Daniel.  Therefore, this section has no application to the claim.  The Daniel Defendants may have intended to argue section 63G-7-201(4)(h), which states:

> A governmental entity, its officers, and its employees are immune from suit, and immunity is not waived, for any injury proximately caused by a negligent

> act or omission of an employee committed within the scope of employment, if the injury arises out of or in connection with, or results from . . . the collection or assessment of taxes.

Mr. Schultz's alleged injury–his overpaying in taxes–arose from the Town of Daniel's alleged omission to Wasatch County regarding the rezoning.  Mr. Schultz alleged the Town of Daniel knew the tax assessment was incorrect because of its own actions rezoning the property and nonetheless continued to accept an excessive tax payment. These allegations plead fraud, not a negligent act or omission.  Therefore, section 63G-7-201(4)(h) does not shield the Town of Daniel.

Accordingly, the undersigned RECOMMENDS the District Judge DENY the Daniel Defendants' Motion to Dismiss Mr. Schultz's fraudulent over-collection of taxes claim (seventeenth cause of action).

### III.   MR. SCHULTZ'S ASSERTION THAT THE DANIEL DEFENDANTS' UNTIMELY FILING OF THEIR ANSWER DEFEATS THEIR MOTION TO DISMISS

Mr. Schultz argues this Court should deny the Daniel Defendants' Motion to Dismiss because the Daniel Defendants did not file their Answer to his Complaint in a timely manner, and he subsequently moved for entry of default.  (Opp'n 24–25, ECF No. 35.)  The undersigned disagrees.

Mr. Schultz correctly notes that the Daniel Defendants had not filed their Answer to the Amended Complaint at the time Mr. Schultz filed his First Motion for Entry of Default.  However, under Rule 12(a)(4) the filing of the Motion to Dismiss under Rule 12(b)(6) extended the time for the Daniel Defendants' response to Mr. Schultz's Amended Complaint.  As stated in the Order Denying Motions for Entry of Default, a defendant can file a motion to dismiss to defend against a motion for default.  (Order

Denying Mots. for Entry of Default 2, ECF No. 44.)  Therefore, the undersigned RECOMMENDS the District Judge resolve the Motion to Dismiss on the merits.

### RECOMMENDATION

For the reasons stated above, the undersigned RECOMMENDS the District Judge DISMISS Mr. Schultz's tortious interference with economic relations (tenth cause of action), tortious interference with prospective business relations (ninth and eleventh causes of action), intentional infliction of emotional distress (twelfth and fifteenth causes of action), and negligent infliction of emotional distress (thirteenth and sixteenth causes of action) claims with prejudice.  The undersigned further RECOMMENDS the District Judge GRANT the Daniel Defendants' Motion to Dismiss in part because (1) the Amended Complaint fails to state its claims against the individual defendants with particularity, (2) Mr. Schultz's eighth cause of action for tortious interference with economic relations because he has not alleged that the individual defendants interfered by improper means, and (3) Mr. Schultz's fourteenth cause of action for a violation of the Fourteenth Amendment because he has not sufficiently alleged the similarity between himself and the other land owner, and the Town of Daniel acted irrationally and abusively toward him when it denied him a building permit.  As to these claims, the undersigned further RECOMMENDS the District Judge give Mr. Schultz fourteen days to file a second amended complaint remedying these issues if he can.  The undersigned further RECOMMENDS the District Judge GRANT the Daniel Defendants' Motion to Dismiss Mr. Schultz's first and second causes of action for unlawful taking of property under both the United States Constitution and Constitution of Utah without prejudice

because he has not sought relief under Utah Constitution Article I, section 22. The undersigned RECOMMENDS the District Judge DENY the remainder of the Motion.

The Court will send copies of this Report and Recommendation to the parties who the Court hereby notifies of their right to object to the same. The Court further notifies the parties that they must file any objection to this Report and Recommendation with the Clerk of Court, pursuant to 28 U.S.C. § 636(b) and Rule 72(b), within fourteen (14) days of service thereof. Failure to file objections may constitute waiver of objections upon subsequent review.

DATED this 22nd day of August, 2018.

BY THE COURT:

Evelyn J. Furse
United States Magistrate Judge