IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| CHARLES SCHULTZ,<br><br>                Plaintiff,<br><br>    v.<br><br>MICHAEL AVERETT, HEATHER BATEMAN, KASEY BATEMAN, JAY BINKERD, JONATHAN BLOTTER, ERIC BUNKER, LYNN CRISLER, LAMBERT DEEGAN, MICHAEL DUGGIN, JOHN GLODOWSKI, DIANE GROSE, DANIEL HARVATH, KIM NORRIS, ED PRESSGROVE, LANCE TURNER, PAM SKINNER, LYNNE SCHINDURLING, FRANCIS SMITH, GARY WALTON, GARY WEIGHT, THE TOWN OF DANIEL, and JOHN OR JANE DOES 1 through 10,<br><br>                Defendants. | **ORDER ADOPTING REPORT AND RECOMMENDATION**<br><br>Case No. 2:15-cv-00720-JNP-EJF<br><br>Judge Jill N. Parrish |

The defendants moved to dismiss the complaint filed by plaintiff Charles Schultz. [Docket 30]. Magistrate Judge Furse issued a Report and Recommendation that this court grant in part and deny in part the defendants' motion. [Docket 49].

Schultz did not file an objection to the Report and Recommendation. He therefore waived any argument that the Report and Recommendation was in error. *See United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996). The court will decline to apply the waiver rule only if "the interests of justice so dictate." *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991). The court has reviewed the portion of the Report and Recommendation that concluded that some of the claims in this action should be dismissed. The court determines that these portions of the Report and Recommendation are not clearly erroneous and finds that the interests of justice do

not warrant deviation from the waiver rule. The court, therefore, ADOPTS these portions of the Report and Recommendation.

The defendants have objected to the portion of the Report and Recommendation in which Judge Furse concluded that the seventeenth cause of action should not be dismissed. Because the defendants filed an objection, the court "must determine de novo" whether its objections have merit. FED. R. CIV. P. 72(b)(3).

Schultz titles his seventeenth cause of action as being for "Fraudulent Over Collection of Taxes, Demand for Refund of Over Payment of Taxes, Theft by Deception and Fraud." In this cause of action, he alleges that the Town of Daniel rezoned a piece of property he owned from residential to agricultural but did not inform either him or Wasatch County of the change. The county, therefore, continued to tax Schultz at the higher residential rate and not at the lower agricultural rate. Schultz essentially makes two claims within this seventeenth cause of action: he seeks a refund for the overpayment of taxes and he alleges that the town committed a fraud that caused him to be overtaxed.

The Town of Daniel moved to dismiss the seventeenth cause of action, arguing that it was immune to suit and that the fraud claim had not been pled with particularity. In the Report and Recommendation, Judge Furse interpreted Schultz's fraud claim to be for fraudulent nondisclosure and rejected both of the town's arguments for dismissal.

The Town of Daniel now objects to this portion of the Report and Recommendation. First, the town raises a new argument. It asserts that Schultz has not stated a claim for fraudulent nondisclosure because it did not have a duty to disclose the zoning change. "To prevail on a claim [for] fraudulent nondisclosure, a plaintiff must prove by clear and convincing evidence that (1) the defendant had a legal *duty* to communicate information, (2) the defendant *knew* of the information

he failed to disclose, and (3) the nondisclosed information was *material*." *Anderson v. Kriser*, 266 P.3d 819, 823 (Utah 2011) (alteration in original) (citation omitted). Courts must first analyze whether a duty to communicate information exists. *Yazd v. Woodside Homes Corp.*, 143 P.3d 283, 286 (Utah 2006). "A person who possesses important, even vital, information of interest to another has no legal duty to communicate the information where no relationship between the parties exists." *Id.* at 287.

The Town of Daniel contends that it had no duty to inform either the county or Schultz of the zoning change so that an accurate tax could be assessed because Schultz is presumed to know the law—including the proceedings of town zoning boards. In support of this argument, the town cites *In re Adoption of B.Y.*, 356 P.3d 1215, 1222 (Utah 2015). In that case, the Utah Supreme Court held that a biological father could not complain about inadequate notice of the Utah Adoption Act's requirements for an unmarried father to establish his paternal rights because "he had constructive notice of the content and applicability of the terms of Utah law."

While the court agrees that individuals may not avoid laws of general application by pleading ignorance, the Town of Daniel's argument misapplies this well-accepted principle. In this cause of action, Schultz is not attempting to avoid the zoning change because he did not know about it. Instead, he asserts that the town had a duty to disclose the zoning change so that the county could correctly calculate his property taxes. The court agrees that the town had a duty to provide accurate information regarding Schultz's tax burden. The Town of Daniel cannot, as Schultz alleges, withhold this information with impunity in order to fraudulently collect more taxes than are due. In short, the court rejects the Town of Daniel's augment that it had no duty to report correct property tax information to Wasatch County so that individuals who own property in the town receive an accurate tax bill.

Finally, the Town of Daniel argues that Schultz's fraud claim should be dismissed because he said that it was not a fraud claim. In its motion to dismiss, the town argued that the seventeenth cause of action should be dismissed because Schultz had not pleaded his fraud claim with particularity as required by Rule 9(b) of the Federal Rules of Civil Procedure. In his response brief, Schultz stated that his "Seventh Cause of Action" did not allege fraud. Judge Furse disagreed with this statement and applied a Rule 9(b) analysis to the fraud claim pleaded in the seventeenth cause of action.

Whether Schultz was trying to avoid the requirements of Rule 9(b) or whether he was confused about what cause of action was at issue when he stated that there was no fraud claim in his "Seventh Cause of Action" is of no moment. He could not amend his complaint to change the essential nature of his seventeenth cause of action through any statements made in his response brief. He could only amend his complaint with leave of the court under Rule 15(a)(2). Judge Furse, therefore, correctly concluded that the seventeenth cause of action stated a claim for fraud.

## CONCLUSION AND ORDER

The court OVERRULES the objection to the Report and Recommendation filed by the Town of Daniel. [Docket 50.] The court, therefore, ADOPTS IN FULL the Report and Recommendation, [Docket 49] and ORDERS as follows:

1. The court DISMISSES WITH PREJUDICE Schultz's tortious interference with economic relations (tenth cause of action), tortious interference with prospective business relations (ninth and eleventh causes of action), intentional infliction of emotional distress (twelfth and fifteenth causes of action), and negligent infliction of emotional distress (thirteenth and sixteenth causes of action) claims.

2. The court GRANTS IN PART AND DENIES IN PART the defendants' motion to dismiss. [Docket 33.]

3. The court DISMISSES WITHOUT PREJUDICE all claims against the individual defendants: Michael Averett, Heather Bateman, Kasey Bateman, Jay Binkerd, Jonathan Blotter, Eric Bunker, Lynn Crisler, Lambert Deegan, Michael Duggin, John Glodowski, Diane Groase, Daniel Harvath, Kim Norris, Ed Pressgrove, Lance Turner, Pam Skinnger, Lynne Schindurling, Francis Smith, Gary Walton, and Gary Weight.

4. The court also DISMISSES WITHOUT PREJUDICE the first cause of action for unlawful taking of property under the United States Constitution, the second cause of action for unlawful taking of property under the Utah Constitution, the eighth cause of action for tortious interference with economic relations, and the fourteenth cause of action for a violation of the Fourteenth Amendment.

5. Schultz shall have twenty-one days to file an amended complaint that remedies the deficiencies identified in the Report and Recommendation, if he can.

6. The court DENIES the remainder of the defendants' motion to dismiss.

**SO ORDERED** September 12, 2018.

BY THE COURT:

_____
JILL N. PARRISH
United States District Judge