# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| CHARLES A. SCHULTZ,<br><br>　　　　　　　Plaintiff,<br><br>v.<br><br>MICHAEL AVERETT, HEATHER BATEMAN, KASEY BATEMAN, JAY BINKERD, JONATHAN BLOTTER, ERIC BUNKER, LYNN CRISLER, LAMBERT DEEGAN, MICHAEL DUGGIN, JOHN GLODOWSKI, DIANE GROASE, DANIEL HARVATH, KIM NORRIS, ED PRESSGROVE, LANCE TURNER, PAM SKINNGER, LYNNE SCHINDURLING, FRANCIS SMITH, GARY WALTON, GARY WEIGHT, and THE TOWN OF DANIEL,<br><br>　　　　　　　Defendants. | REPORT AND RECOMMENDATION RE:  THE DEFENDANTS' MOTION TO DISMISS, IN PART, PLAINTIFF'S SECOND AMENDED COMPLAINT (ECF NO. 57)<br><br>Case No.  2:15-cv-00720-JNP-EJF<br><br>District Judge Jill N. Parrish<br><br>Magistrate Judge Evelyn J. Furse |

The Defendants the Town of Daniel ("the Town") and Eric Bunker (collectively "the Town Defendants") move the Court[1] to dismiss the eighth cause of action for an unlawful government taking and all claims against Mr. Bunker in Plaintiff Charles Schultz's Second Amended Complaint for failure to state a claim upon which this Court can grant relief.  (Defs.' Mot. to Dismiss, in Part, Pl.'s 2nd Am. Compl. ("Mot.") 1–2, ECF No. 57.)  The Town Defendants argue Mr. Schultz's takings claim and his claims against Mr. Bunker fail because Mr. Schultz failed to cure the deficiencies in his first Amended Complaint.  (Id. at 4–8.)  Mr. Bunker specifically argues Mr. Schultz's claims against him in his individual capacity fail because he only alleges actions taken "in a representative

---

[1] On December 2, 2015, the District Judge referred this case to the undersigned Magistrate Judge under 28 U.S.C. § 636(b)(1)(B).  (ECF No. 13.)

1

capacity on behalf of the Town." (Mot. 4, ECF No. 57).  Mr. Bunker further contends, to the extent Mr. Schultz alleges claims against him in his individual capacity, his claims again fail as a matter of law because he failed to state a claim against him under 42 U.S.C. § 1983.  (Id. at 6.)  Additionally, the Town argues this Court should dismiss Mr. Schultz's eighth cause of action because he again presents an unripe takings claim.  (Id. at 7–8.)  The Town seeks its attorneys' fees for bringing the present Motion because Mr. Schultz reasserts claims "previously dismissed by the Court without curing any of the defects specifically identified by the Court."  (Id. at 8.)

On June 21, 2019, the United States Supreme Court issued its decision in Knick v. Twp. of Scott, __ U.S. __, 139 S. Ct. 2162, 2179 (2019), overturning the state-level exhaustion requirement established in Williamson Cty. Reg'l Planning Comm'n v. Hamilton Bank, 473 U.S. 172 (1985).  The Court held that a plaintiff may bring a Fifth Amendment unlawful takings claim under 42 U.S.C. § 1983 at the time a government takes his or her property without just compensation and need not first pursue a state-level action before seeking relief in federal court.  Knick, 139 S. Ct. at 2167–68.  In light of the Supreme Court's ruling, the undersigned issued an Order directing the parties to file a statement as to whether, and/or how, the decision in Knick altered their positions with respect to Mr. Schultz's takings claim.  (Docket Text Order, ECF No. 102.)  On July 8, 2019, the Town Defendants filed their statement withdrawing their pending Motion as to Mr. Schultz's takings claim.  (Defs.' Statement Re: Knick v. T'ship of Scott Ordered by Docket No. 102 ("Defs.' Statement"), ECF No. 105 at 2.)  Therefore, the Town Defendants' Motion to Dismiss now addresses only the claims against Mr. Bunker.

Having carefully considered the parties' briefing,[2] and taking all factual allegations as true, the undersigned RECOMMENDS the District Judge GRANT the Town Defendants' Motion to Dismiss all claims against Mr. Bunker because the Second Amended Complaint fails to state a claim under § 1983.  Lastly, the undersigned RECOMMENDS the District Judge DENY the Town Defendants' request for attorneys' fees under 28 U.S.C. § 1927 because Mr. Schultz's actions do not constitute unreasonable and vexatious conduct.

## FACTUAL AND PROCEDURAL HISTORY

On October 12, 2017, Mr. Schultz filed his first Amended Complaint alleging seventeen causes of action.  (Am. Compl., ECF No. 32.)  Defendants Michael Averett, Heather Bateman, Kasey Bateman, Jay Binkerd, Jonathan Blotter, Eric Bunker, Lynn Crisler, Lambert Deegan, Michael Duggin, John Glodowski, Diane Groase, Daniel Harvath, Kim Norris, Ed Pressgrove, Lynne Schindurling, Pam Skinnger, Francis Smith, Lance Turner, Gary Walton, Gary Weight, and the Town of Daniel (collectively the "Daniel Defendants") filed a Motion to Dismiss for failure to state a claim.  (Defs.' Mot. to Dismiss & Supp'g Mem., ECF No. 33.)

On August 22, 2018, the undersigned issued a Report and Recommendation to grant in part and deny in part the Daniel Defendants' Motion.  With specific relevance to the instant Motion to Dismiss, the undersigned recommended dismissing all claims against the individual defendants without prejudice because the Amended Complaint failed to plead any facts explaining "what actions the individuals took or failed to take,

---

[2] Pursuant to Local Rule D.U. Civ. R. 7-1(f), the undersigned finds oral argument unnecessary and makes its recommendation based on the Second Amended Complaint (ECF No. 54) and the written memoranda.

and in what capacity they acted." (R&R to Grant the Defs.' Mot. to Dismiss ("R&R") 9, ECF No. 49.) The undersigned recommended giving Mr. Schultz an opportunity "to amend his Complaint to include more detailed factual pleadings against the individuals." (Id.) The undersigned further noted if Mr. Schultz intended to make a claim for financial damages against the individual defendants for any federal constitutional violations, then he must state a claim pursuant to 42 U.S.C. § 1983. (Id. at 9–11.)

On September 12, 2018, the District Judge adopted the Report and Recommendation in its entirety and granted Mr. Schultz "twenty-one days to file an amended complaint that remedies the deficiencies identified in the Report and Recommendation, if he can." (Order Adopting R&R ("Order") 4–5, ECF No. 51.)

On November 2, 2018, Mr. Schultz filed his Second Amended Complaint. (2d. Am. Compl., ECF No. 54.) Taking the factual allegations in the Second Amended Complaint as true, Kan. Penn Gaming, LLC v. Collins, 656 F.3d 1210, 1214 (10th Cir. 2011) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)), the following facts provide the background for this decision.

On June 1, 1999, Mr. Schultz purchased a home on 3.71 acres in Wasatch County, Utah. (2d. Am. Compl. ¶¶ 8, 12, 13, ECF No. 54.) At the time Mr. Schultz purchased the property, Wasatch County had zoned the property along with all of the property on that street, 3000 South, residential/agriculture ("RA"). (Id. at ¶ 15.) On May 1, 2002, a fire destroyed Mr. Schultz's property. (Id. at ¶ 12.) Mr. Schultz's property, along with all of the property on 3000 South, retained its RA designation "until sometime in 2006, after the Town of Daniel became a town, and rezoned the property along 3000

South to RA-5 (residential/agriculture, five acre minimum)." (Id. at ¶ 17) (footnote omitted).

In February 2006, the Town of Daniel filed articles of incorporation with the Wasatch County Recorder. (See id. at ¶¶ 8, 16.) Mr. Schultz's property sits in the Town of Daniel. (Id. at ¶ 17.) No one notified Mr. Schultz of the Town of Daniel's incorporation, and he did not know the area became a town until April or May of 2014. (Id. at ¶¶ 16, 20–21.) In fact, Mr. Schultz continued to pay taxes on his property as a residential lot and therefore overpaid his property taxes to the Town of Daniel. (Id. at ¶¶ 42–45.)

In 2006 or 2007, the Town of Daniel passed a code that changed Mr. Schultz's property's zoning from RA to RA-5. (Id. at ¶¶ 18–19.) Mr. Schultz first learned the Town of Daniel had changed the zoning of his property in April or May of 2014 while attempting to sell his property. (Id. at ¶¶ 23–25.) After experiencing difficulty selling his property, Mr. Schultz contacted the Town of Daniel who

> told [him] a home could not be built on his property, because the Town of Daniel had passed Daniel Town Code, Section 8.22.03, that states that [he] could not build a new home on his property, because he did not rebuild a new home on his property, within one year after the home on his property was destroyed by fire, on May 1, 2002, unless [he] could provide the Town of Daniel with a document called a "Lot of Record," even though the Town of Daniel did not exist, until sometime in February 2006, and could not have enacted its Town Code until sometime after February 1, 2006, at the earliest.

(Id. at ¶ 25.)

In September 2014, Mr. Schultz engaged in multiple attempts to have a representative from the Town of Daniel issue a letter stating he could not build a home on his property. (Id. at ¶¶ 33–37.) Following his lack of success on that front, Mr.

Schultz requested a meeting with the Planning and Zoning Department to seek permission to rebuild his home and received no response. (Id. ¶ 38.) In November 2014, Mr. Schultz contacted the Town of Daniel to attempt to schedule a time to address the Daniel Town Council regarding his property; the Town, however, refused to schedule any time before the Town Council because he did not provide them with a "Lot of Record," which Wasatch County said did not exist. (Id. at ¶¶ 38–40.) Mr. Schultz alleges Eric Bunker serves as "the chairman of the Daniel Planning and Zoning Department." (Id. at ¶ 148.) On March 10, 2015, Mr. Bunker sent Mr. Schultz a letter confirming that the Town of Daniel would not issue a building permit to Mr. Schultz because he failed to provide him with a lot of record. (Id. at ¶¶ 46, 182.) In October 2018, Mr. Schultz sought a form to request rezoning, and the City never responded to his request. (Id. at ¶¶ 156-158.)

Mr. Schultz further alleges the Town of Daniel approved the Timpanogos Cove subdivision plan creating properties near him on the same street, similar in size, and allowing for building. (Id. at ¶¶ 140-145.) Additionally, Mr. Bunker obtained a rezone for his property on the same street, of a similar size to allow commercial development. (Id. at ¶¶ 146-150.) Moreover, Robert Armstrong obtained a rezone on his property on the same street, of a similar size to allow commercial development. (Id. at ¶¶ 151-155.) Mr. Schultz then goes on to allege that Mr. Bunker interpreted, applied, and enforced the zoning ordinances differently by allowing these owners to alter their uses under the same zoning as Mr. Schultz while refusing to allow Mr. Schultz "to even request that he be permitted to rebuild a home on his 3.71 acres, or that he be permitted to have his property rezoned to commercial." (Id. at ¶ 164.)

Ultimately, Mr. Schultz alleges his "property, under its present zoning, i.e., RA-5, simply an agriculture lot, is virtually worthless, as no one can build a home on it, 3.71 acres is not large enough for any type of agriculture use, and none of the contiguous property owners are interested in purchasing [his] property." (Id. at ¶ 41.)

## LEGAL STANDARD

To survive a motion to dismiss under Rule 12(b)(6), a complaint must allege " 'enough facts to state a claim to relief that is plausible on its face.' " Hogan v. Winder, 762 F.3d 1096, 1104 (10th Cir. 2014) (quoting Twombly, 550 U.S. at 547). " 'A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.' " Id. (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)). In reviewing a motion to dismiss, the court accepts as true the well-pled factual allegations and views the allegations in the light most favorable to the plaintiff, drawing all reasonable inferences in the plaintiff's favor. Wilson v. Montano, 715 F.3d 847, 852 (10th Cir. 2013). "[A] plaintiff must offer specific factual allegations to support each claim." Kan. Penn Gaming, 656 F.3d at 1214 (citing Twombly, 550 U.S. at 555). A complaint survives only if it " 'states a plausible claim for relief,' " though courts recognize that "[t]he nature and specificity of the allegations required to state a plausible claim will vary based on context." Id. at 1214–15 (quoting Iqbal, 556 U.S. at 679).

Mr. Schultz proceeds pro se. However, Mr. Schultz is an attorney. (Sept. 15, 2014 Letter from Schultz to Schindurling, Ex. 1, ECF No. 35 at 30.) While courts generally construe pro se pleadings broadly, see Jenkins v. Currier, 514 F.3d 1030, 1032 (10th Cir. 2008), the undersigned does not accord the same leniency to filings

7

from attorneys.  See Mann v. Boatright, 477 F.3d 1140, 1148 n.4 (10th Cir. 2007) (declining to construe pro se attorney's pleadings liberally).

## DISCUSSION

### I. Individual Capacity Claim

The Town Defendants argue this Court should dismiss all claims against Mr. Bunker in the Second Amended Complaint because "the allegations against Mr. Bunker in the Second Amended Complaint pertain solely to actions allegedly taken by [him] in a representative capacity on behalf of the Town."  (Mot. 4, ECF No. 57.)

Mr. Schultz counters Mr. Bunker acted in his personal capacity when he sent the March 10, 2015 letter because Mr. Bunker did not feature the letter on any official letterhead and did not claim to act on behalf of the Town.  (Mem. Opp'g Defs. Mot. to Dismiss 2d Am. Compl.  ("Opp'n") 2–3, ECF No. 74.)  To support his contention, Mr. Schultz attached Mr. Bunker's letter as an exhibit to his Memorandum in Opposition. (Letter from Bunker to Schultz, Mar. 10, 2015, ECF No. 74-1.)  He further asserts, because Mr. Bunker is not an attorney, "he is not qualified to make legal interpretations of the Daniel Town Code or the Utah Code."  (Opp'n at 3, ECF No. 74.)  Moreover, to the extent Mr. Bunker believed he sent the letter on behalf of the Town, he acted beyond the scope of his employment as a City Planner, and the question as to whether Mr. Bunker acted within the scope of his employment should go to a jury to decide.  (Id. at 5–6.)

In these arguments, the parties fundamentally misunderstand § 1983 individual capacity claims.  Hafer v. Melo, 502 U.S. 21, 26 (1991), explains "the phrase 'acting in their official capacities' is best understood as a reference to the capacity in which the

state officer is sued, not the capacity in which the officer inflicts the alleged injury." To allege liability in individual capacity suits " 'it is enough to show that the official, acting under color of state law, caused the deprivation of a federal right.' " Hafer, 502 U.S. at 25 (quoting Kentucky v. Graham, 473 U.S. at 166). Therefore, this argument about course and scope of employment does not provide a basis for dismissal.

## II. The Second Amended Complaint Fails to State a Claim Against Eric Bunker

The Town Defendants further assert Mr. Schultz's claims fail as a matter of law because he fails to state a claim pursuant to 42 U.S.C. § 1983. (Mot. at 6, ECF No. 57.).) Mr. Schultz does not address this argument. (See Opp'n, ECF No. 74.)

The undersigned previously alerted Mr. Schultz that, to the extent he seeks financial damages against an individual for a federal constitutional violation, he must state a claim under 42 U.S.C. § 1983. (See R&R 9, ECF No. 49) (citing Watson v. City of Kan., 857 F.2d 690, 694 (10th Cir. 1988) (holding to state a claim under § 1983, "a plaintiff must allege (1) deprivation of a federal right by (2) a person acting under color of state law")). Mr. Schultz seeks "not let less than $600,000.00" in damages for violating his right to Equal Protection under the Fourteenth Amendment (seventh cause of action). (2d Am. Compl., ¶ 166 & Prayer for Relief, ECF No. 54.) Accordingly, Mr. Schultz must state a claim under § 1983 to obtain the relief sought. The undersigned further explained that arbitrary and capricious action does not form the basis for a § 1983 class of one equal protection claim; rather, Mr. Schultz needed to allege facts supporting an improper motive for the action. (R&R 26, ECF No. 49.)

The Second Amended Complaint never references § 1983. (See generally 2d. Am. Compl., ECF No. 54.) Furthermore, Mr. Schultz never references § 1983 in his

9

Opposition. (See generally Opp'n, ECF No. 74.) Rather, Mr. Schultz names Mr. Bunker in his seventh cause of action for "Arbitrary and Capricious Interpretation and Enforcement of Town Code Provisions in Violation of the Fourteenth Amendment to the Constitution of the United States." (2d Am. Compl. ¶¶133–166.) Additionally, in defending his claim against Mr. Bunker, Mr. Schultz addresses the Utah Governmental Immunity Act, (Opp'n 5-6, ECF No. 74), which has no applicability to federal civil rights claims.

As a result, the undersigned can only conclude Mr. Schultz does not intend to pursue a § 1983 claim against Mr. Bunker. Although Mr. Schultz proceeds pro se, as an attorney, the undersigned takes his allegations and arguments at face value. See Smith v. Plati, 258 F.3d 1167, 1174 (10th Cir. 2001) (stating that the court declined to construe the pro se plaintiff's pleadings liberally because the plaintiff was a licensed attorney). Accordingly, the undersigned RECOMMENDS the District Judge DISMISS Mr. Bunker from this case.

### III. Mr. Schultz's Actions Do Not Rise to the Level of Unreasonable and Vexatious Conduct

The Town Defendants argue this Court should award them their attorneys' fees for bringing the present Motion because, pursuant to 28 U.S.C. § 1927, "[Mr.] Schultz has unreasonably and vexatiously duplicated the attorneys' fees incurred by [them] in this case by reasserting claims in the Second Amended [Complaint] previously dismissed by the Court without curing any of the defects specifically identified by the Court concerning those very claims." (Mot. 8, ECF No. 57.) The Town Defendants further contend Mr. Schultz's failure to follow "the Court's detailed analysis and guidance in its prior ruling" supports an award of their attorneys' fees. (Id.) Mr. Schultz

counters this Court should deny the Town Defendants' request for its attorneys' fees because he fully complied with the previous Report and Recommendation. (Opp'n 12, ECF No. 74.) Mr. Schultz's actions do not rise to the level of unreasonable and vexatious conduct.

Federal courts gain the authority "to impose monetary sanctions, [from] statutes and the rules of civil and appellate procedure as well as their inherent right to manage their own proceedings." Braley v. Campbell, 832 F.2d 1504, 1510 (10th Cir. 1987) (citing Roadway Express, Inc. v. Piper, 447 U.S. 752, 764–67 (1980)). Section 1927 empowers a court to impose monetary sanctions against any attorney "who so multiplies the proceedings in any case unreasonably and vexatiously." 28 U.S.C. § 1927. Braley delineates the standard in the Tenth Circuit for imposing sanctions under § 1927. Under Braley, "excess costs, expenses, or attorney's fees are imposable against an attorney personally for conduct that, viewed objectively, manifests either intentional or reckless disregard of the attorney's duties to the court." Id. at 1512. The standard announced in Braley does not require a finding of bad faith, Hamilton v. Boise Cascade Exp., 519 F.3d 1197, 1202 (10th Cir. 2008), and "reject[s] a subjective good faith inquiry", Miera v. Dairyland Ins. Co., 143 F.3d 1337, 1342 (10th Cir. 1998), because "[t]o excuse objectively unreasonable conduct by an attorney would be to state that one who acts 'with an empty head and a pure heart is not responsible for the consequences.' " Braley, 832 F.2d at 1512 (internal quotations omitted) (quoting McCandless v. Great Atlantic & Pacific Tea Co., 697 F.2d 198, 200 (7th Cir. 1983)). However, a court should impose sanctions under § 1927 " 'only in instances evidencing a "serious and standard disregard for the orderly process of justice." ' " White v. Am.

Airlines, Inc., 915 F.2d 1414, 1427 (10th Cir. 1990) (quoting Dreiling v. Peugeot Motors of America, Inc., 768 F.2d 1159, 1165 (10th Cir.1985) (quoting Kiefel v. Las Vegas Hacienda, Inc., 404 F.2d 1163, 1167 (7th Cir. 1968)).

The Town Defendants directed half of their Motion to dismissal of Mr. Schultz's takings claim. Given that the Supreme Court sided with Mr. Schultz's view of the law, the undersigned cannot conclude Mr. Schultz acted vexatiously. With respect to the other half of the Motion, the claims against Mr. Bunker, Mr. Schultz added significant factual allegations regarding similarly situated properties to his Complaint to support his Equal Protection claim. (2d Am. Compl. ¶¶ 140-165, ECF No. 54.) As a result, the undersigned finds Mr. Schultz's conduct, "viewed objectively", does not constitute "either intentional or reckless disregard of the attorney's duties to the court." Braley, 832 F.2d at 1512. Therefore, the undersigned RECOMMENDS the District Judge DENY the Town Defendants' request for their attorneys' fees under § 1927.

## RECOMMENDATION

For the reasons stated above, the undersigned RECOMMENDS the District Judge GRANT the Town Defendants' Motion to Dismiss IN PART and DENY IN PART. The undersigned specifically RECOMMENDS the District Judge DISMISS all claims against Mr. Bunker because the Second Amended Complaint fails to state a claim under § 1983. The undersigned also RECOMMENDS the District Judge DENY the Town Defendants' request for their attorneys' fees under 28 U.S.C. § 1927 because Mr. Schultz's actions, when viewed objectively, do not constitute unreasonable and vexatious conduct.

The Court will send copies of this Report and Recommendation to the parties who the Court hereby notifies of their right to object to the same. The Court further notifies the parties that they must file any objection to this Report and Recommendation with the Clerk of Court, pursuant to 28 U.S.C. § 636(b) and Rule 72(b), within fourteen (14) days of service thereof. Failure to file objections may constitute waiver of objections upon subsequent review.

DATED this 12th day of July, 2019.

BY THE COURT:

Evelyn J. Furse
United States Magistrate Judge