# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF UTAH

| | |
|---|---|
| CHARLES SCHULTZ,<br><br>Plaintiff,<br><br>vs.<br><br>MICHAEL AVERETT, et al.,<br><br>Defendants. | **REPORT AND RECOMMENDATION ON DEFENDANT TOWN OF DANIEL'S MOTION FOR SUMMARY JUDGMENT (ECF NO. 111), AND PLAINTIFF CHARLES SCHULTZ'S MOTIONS FOR PARTIAL SUMMARY JUDGMENT (ECF NOS. 86, 107, & 110)**<br><br>Case No. 2:15-cv-00720-JNP-EJF<br><br>District Judge Jill N. Parrish<br><br>Magistrate Judge Evelyn J. Furse |

Defendant Town of Daniel (hereafter "Town") moves for summary judgment. (Def. Town of Daniel's Mot. for Summ. J. ("Mot."), ECF No. 111.) Having carefully considered the parties' memoranda and the law, and viewing all disputed facts in a light most favorable to Plaintiff Charles Schultz as the nonmoving party, the undersigned RECOMMENDS the District Judge GRANT the Town's Motion for Summary Judgment because Mr. Schultz failed to come forth with evidence to support the elements of his claims. Accordingly, the undersigned also RECOMMENDS the District Judge DENY Mr. Schultz's three outstanding Partial Motions for Summary Judgment (ECF Nos. 86, 107, & 110.)

## STANDARD OF REVIEW

Courts grant summary judgment when the record demonstrates "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Only facts "essential to the proper disposition of a claim"

1

qualify as material.  Crowe v. ADT Sec. Servs., Inc., 649 F.3d 1189, 1194 (10th Cir. 2011) (quoting Adler v. Wal-Mart Stores, Inc., 144 F.3d 664, 670 (10th Cir. 1998)). " '[W]here the nonmoving party will bear the burden of proof at trial on a dispositive issue' that party must 'go beyond the pleadings' and 'designate specific facts' so as to 'make a showing sufficient to establish the existence of an element essential to that party's case' in order to survive summary judgment."  McKnight v. Kimberly Clark Corp., 149 F.3d 1125, 1128 (10th Cir. 1998) (quoting Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986)).  A party asserting or disputing a fact "must support the assertion by . . . citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials."  Fed. R. Civ. P. 56(c)(1)(A).

When applying the summary judgment standard, the court must " 'view the evidence and draw reasonable inferences therefrom in the light most favorable to the nonmoving party.' "  Ribeau v. Katt, 681 F.3d 1190, 1194 (10th Cir. 2012) (quoting Doe v. City of Albuquerque, 667 F.3d 1111, 1122 (10th Cir. 2012)).  However, the court need not adopt facts as presented by the nonmoving party when the record blatantly contradicts those facts.  Scott v. Harris, 550 U.S. 372, 380 (2007).  Further, "[t]o survive summary judgment, nonmovant's affidavits must be based upon personal knowledge and set forth facts that would be admissible in evidence; conclusory and self-serving affidavits are not sufficient."  Skrzypczak v. Roman Catholic Diocese, 611 F.3d 1238, 1244 (10th Cir. 2010) (quoting Murray v. City of Sapulpa, 45 F.3d 1417, 1422 (10th Cir. 1995)).  The Court therefore focuses on whether reasonable jurors " 'can properly

proceed to find a verdict for the party . . . upon whom the onus of proof is imposed.' " Anderson v. Liberty Lobby, 477 U.S. 242, 252 (1986) (quoting Improvement Co. v. Munson, 14 Wall. 442, 448 (1872)).

## FACTS CONSIDERED BY THE COURT

"If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may . . . consider the fact undisputed for purposes of the motion . . . ." Fed. R. Civ. P. 56(e)(2). Mr. Schultz does not dispute several of the undisputed facts laid out in the Town's Motion for Summary Judgment. (Mem. Opposing Daniel's Mot. for Summ. J. ("Opp'n") 1-5, ECF No. 126.) The undersigned reviewed the evidence submitted by the Town in support of these facts and found them supported. Therefore, the undersigned deems Town Facts 1-6, 12, 13, 15-22, 30-35, 37-39, 41, 42, 48, and 49 undisputed. (Mot. 3-13, ECF No. 111.) Further, Mr. Schultz objects to Town Facts 9-11, 25-29, 45-47, and 51 (Opp'n 2,4, ECF No. 126) solely on the basis that they are supported by deposition testimony which he has moved to exclude. (ECF No. 134, 135.) The Court denied these motions to exclude (ECF No. 156), and Mr. Schultz does not dispute these facts on other grounds. The undersigned reviewed the evidence submitted by the Town in support of these facts and found them supported. Therefore, the undersigned deems these facts undisputed. Moreover, in disputing Town Facts 8, 14, 23-24, 40, 43-44, 50, and 52, Mr. Schultz does not cite to any supporting evidence in the record. (Opp'n 1-5, ECF No. 126.) The undersigned reviewed the evidence submitted by the Town in support of these facts and found them supported. Therefore, the undersigned deems these facts undisputed. Finally, in disputing Town Fact 7, Mr. Schultz mischaracterizes

3

the Town's statement and Exhibit D, and thus does not actually put forth any dispute to the fact as written. (Mot. 4, ECF No. 111; Ex. D, ECF No. 112-4; Opp'n 1, ECF No. 126.) The undersigned reviewed the evidence submitted by the Town in support of this fact and found it supported. Therefore, the undersigned deems Town Fact 7 undisputed.

Additionally, Mr. Schultz provides a statement of material facts in his Opposition. (Opp'n 5-10, ECF No. 126.) The nonmoving party must, when offering a statement of additional material facts, "state each such fact and cite with particularity the evidence that supports the factual assertion from the appropriate party's Appendix of Evidence." DuCivR 56-1(c)(4). Mr. Schultz does not cite to any evidence in support of Schultz Facts 36, 37, 38, 39, and 40 (Opp'n 10, ECF No. 126); the undersigned therefore disregards these facts. Mr. Schultz also provides declarations to support various facts. The Town objects to some of the content of these declarations as hearsay. The undersigned did not find the portions of the declarations in question material to resolution of the Motion for Summary Judgment and therefore finds the objections MOOT.

## FACTUAL BACKGROUND

Taking into consideration the foregoing, the undersigned considers the following facts in determining the Motion for Summary Judgment. All facts come from the parties' briefings and accompanying exhibits. The undersigned resolves all disputed issues of material fact not discussed above in favor of Mr. Schultz.

Charles Schultz purchased a 3.71-acre parcel of property located at 815 West 3000 from Janice Barber on or about June 1, 1999. (Mot. Town Facts ¶ 1, ECF No.

4

111; Opp'n Schultz Facts ¶ 2, ECF No. 126; see Def. Town of Daniel's Reply Mem. in Supp. of Mt. for Summ. J. ("Reply") Resp. to Schultz Facts ¶ 3, ECF No. 142.)  At that time, the property sat in unincorporated Wasatch County.  (Mot. Town Facts ¶ 2, ECF No. 111; Opp'n Schultz Facts ¶ 3, ECF No. 126; Reply Resp. to Schultz Facts ¶ 3, ECF No. 142.)  When Mr. Schultz bought the property, the property included a house.  (Mot. Town Facts ¶ 4, ECF No. 111; Opp'n Schultz Facts ¶ 4, ECF No. 126.)  In 1999, when Mr. Schultz bought the property, Wasatch County had zoned the property "RA," and Mr. Schultz knew of the zoning designation of his property.  (Mot. Town Facts ¶¶ 7–8; ECF No. 111; Reply Town Facts ¶¶ 7-8, ECF No. 142.)  The "RA" designation, as described in the Wasatch County Code in effect in 1999, stated that the minimum building site "shall be . . . not less than five acres in area for each . . . one-family dwelling that is not connected to a publicly owned sewage system[.]"  (Mot. Town Facts ¶ 7, ECF No. 111; Wasatch Cty. Code § 16.03.040(3), Ex. D, ECF No. 112-4.)  Mr. Schultz's property had a septic system of its own.  (Mot. 4 n.1, ECF No. 111; see Schultz Dep, Ex. A 92:18-93:4, ECF No. 112-1 (discussing the property's septic system).)

    In January 2002, Wasatch County rewrote its Land Use and Development Code.  (Mot. Town Facts ¶ 9, ECF No. 111.)  This rewrite included the creation of the RA-5 zoning designation, which contained the minimum five-acre lot requirement.  Id. ¶ 12.  As part of these changes, Wasatch County rezoned Mr. Schultz's property from RA to RA-5, without changing the five-acre minimum requirement for building a home on his property.  (Reply Town Facts ¶ 14, ECF No. 142; Wasatch Cty. Code § 16.03.040(3), Ex. D, ECF No. 112-4; Wasatch Cty. Code § 16.07.04, Ex. G, ECF No. 112-7.)  On May 1, 2002, fire destroyed Mr. Schultz's home.  (Mot. Town Facts ¶ 15, ECF No. 111.)  Mr.

5

Schultz did not attempt to rebuild his home at any time after the fire.  (Mot. Town Facts ¶¶ 16–18, ECF No. 111.)  In December 2005, the Town was incorporated and became the land-use authority over Mr. Schultz's property.  (Id. ¶¶ 19–20.)  The Town adopted the Wasatch County Land Use and Development Code in effect at the time verbatim. (Id. ¶ 21; Opp'n 16, ECF No. 126.)

The Wasatch County Assessor's Office bore sole responsibility for appraising all land and structures in the County for tax purposes.  (Mot. Town Facts ¶ 25, ECF No. 111.)  The Wasatch County Treasurer's office prepares the property tax notices and collects the taxes.  (Id. ¶ 28.)  The Treasurer's office then distributes the taxes to taxing entities, such as the Town, in monthly payments, along with a non-detailed summary of the payment.  (Id. ¶ 29.)

On September 13, 2014, Mr. Schultz filed an appeal with the Wasatch County Board of Equalization, asking for reconsideration and reevaluation of his property's assessed value.  (Mot. Town Facts ¶ 32, ECF No. 111; Opp'n ¶ 18; ECF No. 126.)  Two days later, he requested a letter from the Town stating that his property did not qualify as buildable land and had not been since 2007.  (Mot. Town Facts ¶ 33, ECF No. 111.) The Town's Mayor responded that the Town could not produce the requested document, because "no determination to that effect has been made."  (Id. ¶ 34.)  On September 25, 2014, Mr. Schultz replied, stating that the Wasatch County Board of Equalization had requested the letter and that he needed a letter stating that the Town either could or could not issue a building permit for his property.  (Id. ¶ 35.)  The Wasatch County Board of Equalization denied Mr. Schultz's appeal, and on November 5, 2014, Mr. Schultz requested redetermination of the Board of Equalization's decision

before the Utah State Tax Commission.  (Mot. Town Facts ¶¶ 36–7, ECF No. 111; Opp'n Schultz Facts ¶ 23, ECF No. 126.)

In December 2014, Mr. Schultz requested to appear before the Town Council. (Mot. Town Facts ¶ 38, ECF No. 111.)  Lynne Shindurling mailed Mr. Schultz a copy of the Town's Planning Department Application, along with a letter from explaining that he would need a "Lot of Record . . ., or other documentation acquired from the Wasatch County records," to prove that Mr. Schultz's lot was legally formed at the time of creation.  (Id.)  Mr. Schultz did complete and return the application, selecting the request type "other" rather than those for a building permit or change of zoning, and stating that he wanted a "Determination, in writing, that my property can or cannot have a residential home built on it."  (Id. ¶ 39.)  Ms. Shindurling called Mr. Schultz after receiving the application, and left a message indicating that since he had submitted no supporting documents, he would not appear on the Town Council's agenda.  (Id. ¶ 40.)

In January 2015, Mr. Schultz wrote the Town again asserting he could not provide a Lot of Record and could not find any documentation from Wasatch County that his property was ever a Lot of Record.  (Mot. Town Facts ¶ 41, ECF No. 111.)  He again requested a document stating that a residential home could not be constructed on his property.  (Id.)  On March 10, 2015, Town Planning Director Eric Bunker responded to Mr. Schultz's request for information and stated that the documentation Mr. Schultz had "produced d[id] not give enough evidence to issue a building permit, on this lot, at this time."  (Id. ¶ 42.)

In May 2015, Mr. Schultz signed a stipulation with the Wasatch County Board of Equalization, agreeing that the "subject is not buildable at this time." (Mot. Town Facts ¶ 43, ECF No. 111; Opp'n Resp. to Town Facts ¶ 10, ECF No. 126.)

Mr. Schultz has never filed, and the Town has never rejected, an application to have Mr. Schultz's property rezoned. (Mot. Town Facts ¶¶ 48–9, ECF No. 111; Opp'n 32, ECF No. 126.)

## DISCUSSION

### I. Fraudulent Overcollection of Taxes

Mr. Schultz claims that the Town did not inform him or Wasatch County that Wasatch County was improperly taxing Mr. Schultz's property as if he could build a home on the property, causing Wasatch County to overtax Mr. Schultz's property and Mr. Schultz to overpay his taxes. (Opp'n 12, 16, ECF No. 126.) Mr. Schultz alleges the Town knew of this overpayment and continued to accept tax revenue. (Id. at 11.)

Utah law sets forth the following elements for a claim of fraud:

> "(1) that a representation was made
> (2) concerning a presently existing material fact
> (3) which was false and
> (4) which the representor either
>     (a) knew to be false or
>     (b) made recklessly, knowing that there was insufficient knowledge upon which to base such a representation,
> (5) for the purpose of inducing the other party to act upon it and
> (6) that the other party, acting reasonably and in ignorance of its falsity,
> (7) did in fact rely upon it
> (8) and was thereby induced to act
> (9) to that party's injury and damage."

Armed Forces Ins. Exch. v. Harrison, 2003 UT 14, ¶ 16, 70 P.3d 35, 40 (quoting Gold Standard, Inc. v. Getty Oil Co., 915 P.2d 1060, 1066-67 (Utah 1996)).

8

No evidence in the record suggests the Town knew anything about the asserted impropriety of Mr. Schultz's property taxes—instead, what evidence exists shows that the Town lacks any involvement in assessing property value, determining the proper tax amounts, or collecting taxes.  (Wasatch Cty. 30(b)(6) Dep.—Griffiths, Ex. L 19:12–16, ECF No. 112-12; Wasatch Cty. 30(b)(6) Dep.—Burgener, Ex. M 12:5–13, ECF No. 112-13.)  The Town receives its monthly portion of tax revenues from the County by check, along with a summary breaking down the check amount into current taxes, redemption, and specials.  (Wasatch Cty. 30(b)(6) Dep.—Burgener, Ex. M 14:7–11, 14:12–15:3, ECF No. 112-13.)  Wasatch County does not include detailed information in the summary or information about the taxation of any one property within Town.  (Id. at 14:12–15:3.)  No evidence suggests the Town had notice or knowledge of any inaccuracy in the taxation of Mr. Schultz's property.  Absent evidence of such knowledge, a reasonable jury could not find that the Town made any knowingly false or reckless misrepresentations or omissions about Mr. Schultz's taxation.

For this reason, the undersigned recommends the District Judge GRANT the Town's Motion for Summary Judgment as to Mr. Schultz's First Cause of Action.

## II.     Violations of Daniel Town Code Sections 8.22.07 and 8.22.08 and of Utah Code § 10-9A-511(3)(A)

The Complaint alleges that the Town violated Daniel Town Code section 8.22.07 by rezoning his property without notice and refusing to "permit the Plaintiff to rebuild a home on his property."  (2d Am. Compl. ¶ 62; ECF No. 54.)  The Complaint alleges these same actions violated Utah Code § 10-9A-511(3)(A).  (2d Am. Compl. ¶¶ 86-87; ECF No. 54.)  Mr. Schultz now concedes that the Town never rezoned his property.

9

(Opp'n 16, ECF No. 126.)  Thus, as the Town argues (Mot. 19, 23, ECF No. 111), the second and third claims as pled fail.

The only other construction of the section 8.22.07 claim and Utah Code § 10-9A-511(3)(A) possible is that the Town violated these sections by refusing to let Mr. Schultz build a home on the lot.  The Fourth Cause of Action also alleges that the Town violated Daniel Town Code section 8.22.08 by refusing to consider Mr. Schultz's property, as property upon which one could build a residential home.  (2d Am. Compl. ¶ 100, ECF No. 54.)

Daniel Town Code section 8.22.07 reads, "A non-conforming use of land lawfully existing on the effective date of this Title may be continued, provided such non-conforming use shall not be expanded or extended into any other portion of open land, or into a conforming or non-conforming structure."  Daniel Town Code section 8.22.08, titled "Non-conforming Lot of Record Determination," states,

> The burden of proof for providing the information for determining a non-conforming lot of record rests upon the property owner or its representative. A nonconforming lot of record is determined by making one (1) or more of the following findings by the planning director:
>     (1) The lot was created prior to the enactment of zoning and has not decreased in size since the creation of the said lot;
>     (2) The lot was created legally under the standards existing at the time of its creation; and
>     (3) A document provided by the Wasatch County Planning Staff (or the Daniel Planning Commission, as applicable) stating that the lot is a lot of record.

Lastly, Utah Code section 10-9a-511(3)(a) provides, "A municipality may not prohibit the reconstruction or restoration of a noncomplying structure or terminate the nonconforming use of a structure that is involuntarily destroyed in whole or in part due to fire or other calamity unless the structure or use has been abandoned."

10

However, Mr. Schultz admits he never applied for a building permit and has not applied for a rezone.  (Mot. ¶¶ 16, 48, 49, ECF No. 111 at 6, 13.)  Rather, the wrongdoing of which Mr. Schultz now complains relates to his attempts to obtain information from the Town about whether he could build on the property—not an attempt to change that status.  (Mar. 10, 2015 Letter from Bunker to Schultz, ECF No. 113-11.)  Quite simply, as argued by the Town (Mot. 23-4, 26, ECF No. 111), Mr. Schultz fails to put forth evidence of a land use decision that he can challenge.  The Court has previously interpreted all three of these claims liberally as challenges to land use decisions that may allow just or equitable relief.  (R&R 21, 23, ECF No. 49, adopted by Order Adopting R&R, ECF No. 51.)  Nonetheless, to bring any of these claims, one must have evidence of a land use decision made "in the exercise of or in violation of the provisions of" the Municipal Land Use, Development, and Management Act.  Utah Code Ann. § 10-9a-801(2)(a).  Further, the Municipal Land Use, Development, and Management Act requires that prior to seeking judicial review a town must provide for, and a landowner must use, the town's land use appeal process.  Utah Code Ann. § 10-9a-701.  Mr. Schultz fails to put forth evidence of a land use decision entitled to judicial review.  Thus the claims, as argued, fail.

For these reasons, the undersigned recommends the District Judge GRANT the Town's Motion for Summary Judgment as to Mr. Schultz's Second, Third, and Fourth Causes of Action.

### III.    Due Process Claim under Utah Constitution Art. I, § 7

Article I, section 7 of the Utah Constitution reads, "No person shall be deprived of life, liberty or property, without due process of law."  The Fifth Cause of Action in the

Complaint alleges that because the Town did not notify Mr. Schultz of the zoning change from RA to RA-5, the Town violated his right to procedural due process.  (2d Am. Compl. ¶¶ 105-108, ECF No. 54.)  As noted above, the record shows (and Mr. Schultz concedes) that the Town did not rezone Mr. Schultz's property; the change from RA zoning to RA-5 occurred before the Town incorporated.  Mr. Schultz fails to put forth evidence of a governmental action of which he did not receive notice.  Hence, the undersigned recommends the District Judge GRANT the Town's Motion for Summary Judgment as to Mr. Schultz's Fifth Cause of Action.

### IV.  Unlawful Taking Claim under Utah Constitution Art. I, § 22 and the Fifth Amendment of the United States Constitution

Article I, Section 22 of the Utah Constitution reads, "Private property shall not be taken or damaged for public use without just compensation."  The Sixth Cause of Action in the Complaint alleges that the Town damaged Mr. Schultz's property by changing the zoning from RA to RA-5 and constitutes an unlawful taking in violation of Article I, Section 22 of the Utah Constitution.  (2d Am. Compl. ¶¶ 126, 129, ECF No. 54.)

The "takings clause" of the Fifth Amendment to the United States Constitution says that private property shall not "be taken for public use, without just compensation." "[T]he Fifth Amendment is violated when land-use regulation 'does not substantially advance legitimate state interests or denies an owner economically viable use of his land.' " Lucas v. S.C. Coastal Council, 505 U.S. 1003, 1016 (1992) (emphasis in original) (quoting Agins v. City of Tiburon, 447 U.S. 255, 260 (1980)).  The Eighth Cause of Action in the Complaint alleges that the Town took Mr. Schultz's property by changing the zoning from RA to RA-5 and constitutes an unlawful taking in violation of

12

the Fifth Amendment to the United States Constitution.  (2d Am. Compl. ¶¶ 194-95, ECF No. 54.)

Once again Mr. Schultz admits that the Town never rezoned his property, and that Wasatch County accomplished any change in the zoning of his property prior to the Town's existence.  (Opp'n 28, ECF No. 126.)  Therefore, Mr. Schultz fails to identify any government action or regulation by the Town that could constitute a taking under either the Utah or United States Constitutions.

Hence, the undersigned recommends the District Judge GRANT the Town's Motion for Summary Judgment as to Mr. Schultz's Sixth and Eighth Causes of Action.

### V. Claim for Equal Protection under the Fourteenth Amendment to the U.S. Constitution and Article I, Section 24 of the Utah Constitution

The Seventh Cause of Action alleges that the Town "interpreted, applied, and enforced the zoning ordinances of the Town of Daniel" against him, in violation of Section 1 of the Fourteenth Amendment to the United States Constitution, as well as Article I, section 24 of the Utah Constitution when the Town "refus[ed] to permit the Plaintiff to even request that he be permitted to construct a home on his property, [and] refus[ed] to permit the Plaintiff to even request that his property be rezoned from RA-5 to commercial."  (2d Am. Compl. ¶¶ 165-166, ECF No. 54.)

a) Fourteenth Amendment Claim

To assert a "class-of-one" equal protection claim, Mr. Schultz must allege that he "has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment."  Vill. of Willowbrook v. Olech, 528 U.S. 562, 564 (2000).  Mr. Schultz "must first establish that others, 'similarly situated in every material respect' were treated differently."  Kan. Penn Gaming, LLC v. Collins, 656 F.3d

13

1210, 1216 (10th Cir. 2011) (quoting Jicarilla Apache Nation v. Rio Arriba Cty., 440 F.3d 1202, 1210 (10th Cir. 2006)).  He must then show that the difference in treatment was "irrational and abusive" on the part of the government, and "wholly unrelated to any legitimate state activity." Jicarilla Apache Nation, 440 F.3d at 1211.  If a reasonable justification for the challenged action exists however, the Court does not inquire further into the government actor's motives.  Id.

Mr. Schultz never applied to have his land rezoned.  (Mot. 32, ECF No. 111.) Nor did Mr. Schultz ever apply for a building permit.  (Mot. Town Facts ¶¶ 16, 48, 49, ECF No. 111.)  Although Mr. Schultz claims in argument that the Town would not permit him to file an application (Opp'n 32, ECF No. 126), the record contains an application filed by Mr. Schultz with the Town Planning Department, wherein he does not ask for a zoning change or building permit using the provided check boxes but rather asks for a determination of whether a residential home could be built on his land.  (Schultz Planning Dept. App., Ex. U, ECF No. 113-8.)  Indeed, elsewhere in his Opposition, Mr. Schultz acknowledges that this is the record he considers the application the Town would not allow him to file.  (Opp'n 19 & n.4, ECF No. 126; Schultz Dep., Ex. A at 79:9-81:18, ECF No. 112-1.)  Further, Mr. Schultz does not cite any evidence either in response to the Town's facts or in his own fact section to support the assertion that the Town would not allow him to file a building permit or rezoning request.  (Opp'n Resp. to Town Facts ¶13, Schultz Facts 5-10, ECF No. 126.)  The Court has no obligation to search through the record for evidence to support Mr. Schultz's arguments.  See Mitchell v. City of Moore, 218 F.3d 1190, 1199 (10th Cir. 2000) (acknowledging that

14

"[t]he district court was not obligated to comb the record in order to make [the plaintiff]'s arguments for him" on a motion for summary judgment).

Mr. Schultz fails to come forward with any evidence to show that the Town denied his attempts to file for a rezone of his property or for a building permit. Without evidence to support his allegations, Mr. Schultz's claim fails.

b) Utah Constitution Equal Protection Claim

Article I, Section 24 of the Utah Constitution states, "All laws of a general nature shall have uniform operation." The Utah Supreme Court has defined the "essence" of this provision as stating that "a legislative body must not 'classify [] persons in such a manner that those who are similarly situated with respect to the purpose of the law are treated differently by that law, to the detriment of some of those so classified.' " Anderson v. Provo City Corp., 2005 UT 5, ¶ 18, 108 P.3d 701, 707 (alteration in original) (quoting Gallivan v. Walker, 2002 UT 89, ¶ 36, 54 P.3d 1069). The provision further forbids " 'singl[ing] out one person . . . from among the larger class [of those similarly situated] on the basis of a tenuous justification that has little or no merit." Anderson, 2005 UT 5, ¶ 18 (1st & 3d alterations in original) (quoting Gallivan, 2002 UT 89, ¶ 37). In Anderson, the court upheld a housing provision because the disparity in treatment between occupying and non-occupying homeowners was "reasonably justified." Anderson, 2005 UT 5, ¶ 18.

The state claim fails for the same reason the federal claim fails. Mr. Schultz alleges the Town singled him out by refusing to allow him to apply for building permit or rezone. (2d Am. Compl. ¶¶ 165-66, ECF No. 54.) However, Mr. Schultz fails to produce any evidence of his attempts to obtain a building permit or rezoning.

For these reasons, the undersigned recommends the District Judge GRANT the Town's Motion for Summary Judgment as to Mr. Schultz's Seventh Cause of Action for Equal Protection or Uniform Operation violations of United States and Utah Constitutions.

**RECOMMENDATION**

For the reasons stated above, the undersigned RECOMMENDS the District Judge GRANT the Town's Motion for Summary Judgment (ECF No. 111) as to all of Mr. Schultz's causes of action.  Consequently, the undersigned further RECOMMENDS the District Judge DENY Mr. Schultz's three outstanding Partial Motions for Summary Judgment (ECF Nos. 86, 107, & 110).

The Court will send copies of this Report and Recommendation to the parties who the Court hereby notifies of their right to object to the same.  The Court further notifies the parties that they must file any objection to this Report and Recommendation with the Clerk of the Court, pursuant to 28 U.S.C. § 636(b) and Rule 72(b), within fourteen (14) days of service thereof.  Failure to file objections may constitute waiver of objections upon subsequent review.

DATED this 4th day of March 2020.

BY THE COURT:

_____
Evelyn J. Furse
United States Magistrate Judge