IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| CHARLES SCHULTZ,<br><br>                        Plaintiff,<br><br>        v.<br><br>MICHAEL AVERETT, HEATHER BATEMAN, KASEY BATEMAN, JAY BINKERD, JONATHAN BLOTTER, ERIC BUNKER, LYNN CRISLER, LAMBERT DEEGAN, MICHAEL DUGGIN, JOHN GLODOWSKI, DIANE GROSE, DANIEL HARVATH, KIM NORRIS, ED PRESSGROVE, LANCE TURNER, PAM SKINNER, LYNNE SCHINDURLING, FRANCIS SMITH, GARY WALTON, GARY WEIGHT, THE TOWN OF DANIEL, and JOHN OR JANE DOES 1 through 10,<br><br>                        Defendants. | **ORDER ADOPTING REPORT AND RECOMMENDATION**<br><br><br><br>  Case No. 2:15-cv-00720-JNP-EJF<br><br>  Judge Jill N. Parrish |

The defendants moved for summary judgment on all of plaintiff Charles Schultz's claims in this action. [Docket 111]. Schultz also filed three motions for partial summary judgment in his favor. [Docket 86, 107, 110]. Magistrate Judge Furse issued a Report and Recommendation that this court grant the defendants' motion and deny Schultz's motions. [Docket 157].

Schultz filed an Objection to the Report and Recommendation. The court reviews de novo the portions of the Report and Recommendation to which Schultz has objected. FED. R. CIV. P. 72(b)(3). The court OVERRULES Shultz's objections and adopts the Report and Recommendation in full. Accordingly, the court GRANTS the defendants' motion for summary judgment and DENIES Shultz's motions for summary judgment.

## LEGAL STANDARD

Summary judgment is appropriate when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). The movant bears the initial burden of demonstrating the absence of a genuine dispute of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the movant has met this burden, the burden then shifts to the nonmoving party to "set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Summary judgment on a claim is required if the party that bears the burden of proof at trial "fails to make a showing sufficient to establish the existence of an element essential to that party's case." *Celotex*, 477 U.S. at 322.

## ANALYSIS

### I.      FRAUDULENT OVERCOLLECTION OF TAXES

Shultz alleges that the Town of Daniel committed fraud by failing to inform him that it had rezoned the property he owned in a way that reduced his tax obligation to Wasatch County. Judge Furse recommended that the court grant summary judgment on this claim because Shultz failed to cite any evidence suggesting that the town had knowledge of any inaccuracy in the taxation of his property. Thus, there is no evidence of a knowing withholding of information—a necessary element of a fraud by omission claim.

Shultz's Objection to the Report and Recommendation is peppered with allegations that Judge Furse failed to view disputed facts in the light most favorable to himself and that she failed to properly apply the summary judgment standard. But Shultz fails to cite any evidence that would contradict evidence proffered by the Town of Daniel that it is not involved in the county's assessment of property taxes. Indeed, on page 40 of his Objection, Schultz apparently

acknowledges that summary judgment should be granted on his fraud claim based upon the overcollection of property taxes. He states: "[T]he Plaintiff concedes that his cause of action to require the defendant pay him the money he was over charged [sic] on his taxes should be dismissed." Accordingly, the court adopts the portion of the Report and Recommendation granting summary judgment on this claim.

## II.    VIOLATIONS OF DANIEL TOWN CODE SECTIONS 8.22.07 AND 8.22.08 AND UTAH CODE SECTION 10-9a-511(3)(A)

Schultz alleges in his second, third, and fourth causes of action that the Town of Daniel effectuated an unlawful taking of property by violating Daniel Town Code sections 8.22.07 and 8.22.08 and Utah Code section 10-9a-511(3)(A). He asserts that the town violated these provisions by rezoning his property and by refusing to let him rebuild on the property a home that had burned down. Judge Furse recommended granting summary judgment on these causes of action because Schultz now concedes that the town never rezoned his lot, that he never applied to rezone the lot, and that he never applied for a building permit. Thus, the Town of Daniel made no final land use decision that could be judicially reviewed. *See* UTAH CODE § 10-9a-801(2)(a) (permitting judicial review of "a final decision made in the exercise of or in violation of the provisions of this chapter"). Nor did Schultz exhaust the town's land use appeals process. *Id.* § 10-9a-701(2) ("As a condition precedent to judicial review, each adversely affected person shall timely and specifically challenge a land use authority's decision, in accordance with local ordinance.").

In his Objection, Schultz concedes that he never filed an application to rezone his property and that he never applied for a building permit. But he asserts, without citing the record, that he made a written request to the clerk of the Town of Daniel for a rezoning request form and that he received no response. Objection pp. 8–9. Shultz argues that he could not apply to have his property rezoned because the clerk did not respond to his request for a form. But Schultz does not cite any

caselaw supporting the proposition that a single unanswered request for a form can substitute for a final land use decision and an administrative appeal from such a decision.

Schultz also argues at length that he never abandoned his right to rebuild a home on the property, Objection pp. 18–26; that his property had become a "Lot of Record" as a matter of law, Objection pp. 26–32; and that building a home on his property is a permissible "nonconforming use" under Utah law, Objection pp. 37–40. But these arguments must be made to the Town of Daniel in the context of a land use request, pressed to a final decision, and, if necessary, raised in an administrative appeal. Schultz may not assert these claims for the first time in this court.

Accordingly, the court agrees with Judge Furse that summary judgment is appropriate on Schultz's second, third, and fourth causes of action for violation of various land use municipal ordinances and state statutes. This court does not have jurisdiction to hear these claims because Schultz never obtained a final land use decision or pursued an administrative appeal.

### III.  DUE PROCESS CLAIM  UNDER THE UTAH CONSTITUTION AND TAKINGS CLAIMS UNDER THE UTAH AND U.S. CONSTITUTIONS

Schultz asserts in his fifth cause of action that the Town of Daniel violated his due process rights under the Utah Constitution by rezoning his property without notice such that he could no longer rebuild the home that once stood on the lot. He also claims in his sixth and eighth causes of action that the Town of Daniel rezoned the property in a way that constituted an unlawful taking under the Utah and U.S. Constitutions. Judge Furse recommended granting summary judgment on these claims because the record shows (and Schultz concedes) that the town did not rezone his property. Wasatch County rezoned the property before the Town of Daniel was formed in 2006. Because it is undisputed that the Town of Daniel did not take the action that Shultz complains of in these causes of action, the town is entitled to summary judgment.

In his Objection, Schultz argues at length that the Report and Recommendation is in error because Wasatch County should be held liable for rezoning his property without giving notice. Objection pp. 32–37. But Wasatch County is not a party to this lawsuit. Schultz clearly pled these causes of action against the Town of Daniel. Thus, the court overrules Schultz's objections and grants summary judgment on the fifth, sixth, and eighth causes of action.

## IV.    EQUAL PROTECTION UNDER THE UTAH AND U.S. CONSTITUTIONS

Schultz's seventh cause of action alleges that the Town of Daniel and Eric Bunker "arbitrarily and capriciously interpreted, applied and enforced the zoning ordinances of the Town of Daniel in [a] way that unlawfully discriminates against [himself] in violation of Section 1 of the 14th Amendment to the Constitution of the United States of America, and in violation of Article I, Section 24 of the Constitution of Utah." This cause of action is based upon his assertion that the Town of Daniel granted variances to the zoning laws to Schultz's neighbors but not to him. Judge Furse recommended that this court grant summary judgment on this claim because it is undisputed that Schultz never applied to have his land rezoned or for a building permit. Since Shultz never asked for an exception to the zoning laws, there is no basis to his claim that he was treated differently.

As noted above, Schultz asserts in his Objection that he made a written request to the clerk of the Town of Daniel for a rezoning request form and that he received no response. Objection pp. 8–9. He argues that he could not apply to have his property rezoned because the clerk did not respond to his request for a form. But Schultz does not cite any caselaw supporting the proposition that a single unanswered request for a form is sufficient to make out a claim that the defendants applied the law to him in a way that infringed upon his equal protection rights. The court overrules this objection and grants summary judgment on Schultz's Seventh Cause of action.

## CONCLUSION

For the above-stated reasons, the court rules as follows:

1) The court ADOPTS IN FULL the Report and Recommendation. [Docket 157].

2) The court GRANTS the defendants' motion for summary judgment. [Docket 111].

3) Because the court resolves all of Shultz's claims in favor of the defendants, the court

DENIES his motions for partial summary judgment. [Docket 86, 107, 110].

**SO ORDERED** May 18, 2020.

BY THE COURT:

JILL N. PARRISH
United States District Judge